1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2     Including Professional Corporations
   STEPHEN S. KORNICZKY, Cal. Bar No. 135532
3  MARTIN R. BADER, Cal. Bar No. 222865
   LISA M. MARTENS, Cal. Bar No. 195824
4  JESSE A. SALEN, Cal. Bar No. 292043
   12275 El Camino Real, Suite 200
5  San Diego, California 92130-2006
   Telephone:  858.720.8900
6  Facsimile:  858.509.3691
   E mail      skorniczky@sheppardmullin.com
7              mbader@sheppardmullin.com
               lmartens@sheppardmullin.com
8              jsalen@sheppardmullin.com

9  Attorneys for San Diego County Credit
   Union

10

11                UNITED STATES DISTRICT COURT

12             SOUTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  San Diego County Credit Union, | Case No. ____**'18CV0967 GPC RBB**____ |
| 15          Plaintiff, | **COMPLAINT FOR:** |
| 16       v. | **(1) DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARKS;** |
| 17  Citizens Equity First Credit Union, | **(2) DECLARATORY JUDGMENT OF INVALIDITY OF TRADEMARKS;** |
| 18          Defendant. | **(3) FALSE OR FRAUDULENT TRADEMARK REGISTRATION UNDER 15 U.S.C. § 1120;** |
| 19 | **(4) UNFAIR COMPETITION UNDER 15 U.S.C. § 1125;** |
| 20 | |
| 21 | **(5) UNFAIR COMPETITION UNDER CALIFORNIA STATUTE; AND** |
| 22 | |
| 23 | **(6) UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW.** |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | **JURY TRIAL DEMANDED** |

1    Plaintiff San Diego County Credit Union ("SDCCU") brings this
2    Complaint against Defendant Citizens Equity First Credit Union ("CEFCU") for (i)
3    declaratory judgment that SDCCU does not infringe U.S. Trademark Registration
4    No. 3,952,993 for the mark "CEFCU. NOT A BANK. BETTER."; (ii) declaratory
5    judgment that SDCCU does not infringe CEFCU's alleged common law mark
6    "NOT A BANK. BETTER."; (iii) declaratory judgment that CEFCU's federally
7    registered trademark for "CEFCU. NOT A BANK. BETTER." is invalid or
8    unenforceable; (iv) declaratory judgment that CEFCU's alleged common law mark
9    for "NOT A BANK. BETTER." is invalid or unenforceable; (v) false or fraudulent
10   registration of U.S. Trademark Registration No. 3,952,993 in violation of 15 U.S.C.
11   § 1120; (vi) unfair competition in violation of 15 U.S.C. § 1125; (vii) unfair
12   competition in violation of California Bus. & Prof. Code §§ 17200 and 17500; and
13   (viii) unfair competition under the common law of California based on the following
14   allegations:

15                           **INTRODUCTION**

16       1.    SDCCU is a not-for-profit credit union wholly owned by its
17   members.  SDCCU was originally founded in 1938 to provide for the financial
18   needs of local county government employees.

19       2.    SDCCU and CEFCU are both large credit unions.  However,
20   SDCCU's customers are primarily located in Southern California, whereas
21   CEFCU's customers are primarily located in Peoria, Illinois and Northern
22   California.  Both credit unions own and maintain multiple trademarks used in
23   connection with their respective services, including CEFCU's trademark for
24   "CEFCU. NOT A BANK. BETTER." (the "CEFCU Mark") and SDCCU's
25   trademark for "IT'S NOT BIG BANK BANKING. IT'S BETTER." (the "SDCCU
26   Mark").

27       3.    It is common for credit unions like CEFCU and SDCCU to use
28   taglines, logos, service marks, and/or trademarks, such as the CEFCU Mark and the

SDCCU Mark, themed to distinguish credit unions and banks.  For example, several third-party credit unions have used trademarks such as "NOT A BANK – BETTER!", "BETTER THAN A BANK," and "IT'S NOT A BANK" ("Third-Party Marks") in connection with their respective credit union services.

4. On information and belief, CEFCU knew that several of these Third-Party Marks were in use prior to CEFCU's use and registration of the CEFCU Mark.  Nevertheless, CEFCU submitted a declaration to the U.S. Patent and Trademark Office as part of its trademark application for "CEFCU. NOT A BANK. BETTER." representing that CEFCU did not believe that any such pre-existing trademarks would be likely to confuse consumers of credit union services with the CEFCU Mark.

5. After a CEFCU employee saw a billboard in San Diego, California showing the SDCCU Mark for "IT'S NOT BIG BANK BANKING. IT'S BETTER." used to market credit union services, CEFCU filed a Petition for Cancellation of the SDCCU Mark with the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB") alleging that the SDCCU Mark is "likely, when *used* in connection with the services of [SDCCU], to cause confusion, or to cause mistake, or to deceive" consumers in view of the CEFCU Mark, and that CEFCU "will be damaged by continued registration" and SDCCU's allegedly "misleading and deceptive *use*" of its mark (emphasis added).

6. CEFCU's allegations constitute a threat to file a trademark infringement lawsuit against SDCCU should SDCCU continue to use its trademark for "IT'S NOT BIG BANK BANKING. IT'S BETTER."

7. The CEFCU Mark is more similar to each of the Third-Party Marks than it is to the SDCCU Mark.  Accordingly, to the extent CEFCU believes that the scope of protection for the CEFCU Mark is broad enough to encompass the SDCCU Mark, as CEFCU alleged in its Petition for Cancellation, CEFCU must have materially misrepresented to the U.S. Patent and Trademark Office that the

- 2 -

1  CEFCU Mark was not confusingly similar to any of the Third-Party Marks.
2  Conversely, to the extent that CEFCU actually believed that the CEFCU Mark was
3  not confusingly similar to any of the Third-Party Marks, the CEFCU Mark cannot
4  be broad enough to encompass the SDCCU Mark.  In either case, CEFCU's
5  cancellation action and threat of lawsuit are objectively baseless and brought with
6  the subjective intent to harm SDCCU.

7  **THE PARTIES**

8      8.  SDCCU is a credit union organized under the laws of the State of
9  California and has its principal place of business at 6545 Sequence Drive, San
10  Diego, California, 92121.

11      9.  CEFCU is a credit union organized under the laws of the State of
12  Illinois and has its principal place of business at 5401 Everett McKinley Dirksen
13  Parkway, Peoria, Illinois, 61607.

14      10.  CEFCU operates credit union member centers located at: (i)
15  3607 El Camino Real, Santa Clara, California, 95051; (ii) 171 Branham Ln Ste 12,
16  San Jose, California, 95136; (iii) 2980 E Capitol Expy Ste 90, San Jose, California,
17  95148; (iv) 670 Lincoln Ave, San Jose, California, 95126; and (v) 44047 Osgood
18  Rd, STE 230, Fremont, California, 94539.

19  **JURISDICTION AND VENUE**

20      11.  This is an action for declaratory judgment of non-infringement
21  and invalidity of trademarks arising under the Lanham Act, 15 U.S.C. §§ 1051 et
22  seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; for false or
23  fraudulent registration arising under the Lanham Act, 15 U.S.C. § 1120; for unfair
24  competition arising under the Lanham Act, 15 U.S.C. § 1125; for violation of
25  California's statutory unfair competition law arising under Cal. Bus. & Prof. Code
26  §§ 17200 and 17500; and for unfair competition under the common law of
27  California.

28      12.  This Court has subject matter jurisdiction of this action under 15

U.S.C. §1121(a), 28 U.S.C. §§ 1331, 1338(a) and (b), and under the supplemental jurisdiction of this Court, as embodied in 28 U.S.C. §1367(a).

13.　　An immediate and justiciable controversy exists between the parties based on CEFCU's allegations stated in its Petition for Cancellation against the SDCCU Mark (the "CEFCU Petition") which constitute a threat to file a lawsuit against SDCCU for allegedly infringing the CEFCU Mark.  Specifically, CEFCU's Petition goes beyond merely challenging SDCCU's registration and includes allegations of infringement, which state that SDCCU's mark is "likely, when ***used*** in connection with the services of [SDCCU], to cause confusion, or to cause mistake, or to deceive" consumers in view of the CEFCU Mark, and that CEFCU "will be damaged by continued registration" and SDCCU's allegedly "misleading and deceptive ***use***" of its mark (emphasis added).

14.　　CEFCU has also attempted, through a March 23, 2018 Motion for Leave to Amend its Petition for Cancellation, to add its alleged common law mark for "NOT A BANK. BETTER." ( the "CEFCU Common Law Mark") to the cancellation action against SDCCU.  CEFCU's proposed amendment to its cancellation action also goes beyond merely challenging SDCCU's registration and includes allegations of infringement, which state that SDCCU's mark is "likely, when ***used*** in connection with the services of [SDCCU], to cause confusion, or to cause mistake, or to deceive" consumers in view of the CEFCU Common Law Mark, and that CEFCU "will be damaged by continued registration" and SDCCU's allegedly "misleading and deceptive ***use***" of its mark (emphasis added).

15.　　In addition, CEFCU's cancellation action itself constitutes an immediate and justiciable controversy because, for the reasons stated herein, the cancellation action is groundless and oppressive, and meant to obstruct SDCCU's business, and constitutes unfair competition under controlling state and federal laws.

16.　　Personal jurisdiction is proper in this Court because CEFCU has maintained systematic and continuous contacts with the State of California and this

1  District, at least because CEFCU operates multiple physical credit union
2  membership centers within the State of California and has members located in the
3  State of California and within this District.  In addition, CEFCU's actions which
4  form the basis for this cause of action occurred within the State of California and
5  this District, including CEFCU's discovery of the SDCCU Mark on a billboard in
6  San Diego, California.

7          17.    Venue is proper in this judicial district under 28 U.S.C. §1391(b)
8  because a substantial portion of the events giving rise to the claims for relief stated
9  in this Complaint occurred in this judicial district.  For example, both SDCCU and
10  CEFCU have members residing in the District, and CEFCU alleged in its Petition of
11  Cancellation against SDCCU that those members would likely be confused between
12  the SDCCU Mark and the CEFCU Mark.  Moreover, CEFCU discovered the
13  SDCCU Mark, which is the subject of CEFCU's cancellation action against
14  SDCCU, on a billboard in San Diego, California.

15                              **BACKGROUND FACTS**

16          18.    SDCCU is a credit union that primarily services customers in
17  Southern California.

18          19.    CEFCU is a credit union that primarily services customers
19  located in Peoria, Illinois and limited portions of Northern, California.

20          20.    CEFCU provides credit union services to members residing in
21  Illinois, California, and within this District.

22          21.    CEFCU has marketed and continues to market credit union
23  services using the CEFCU Mark to members and potential members residing in
24  California and within this District.

25          22.    Credit unions, like SDCCU and CEFCU, generally offer many of
26  the same types of financial services to their customers as do banks.  However, unlike
27  banking customers, credit union customers—known as members—are also generally
28  shareholders of the credit union.  It is common for credit unions to market

themselves as being different than banks.

23.     As large credit unions in their respective geographic regions, SDCCU and CEFCU both actively market their services on television, radio, newspaper, direct mail, billboards, and the Internet.  Both credit unions also own and maintain multiple trademarks to protect their respective brands.

24.     SDCCU has actively marketed and continues to actively market its credit union services using the SDCCU Mark on television, radio, newspaper, direct mail, billboards, and the Internet.

The SDCCU Mark: IT'S NOT BIG BANK BANKING. IT'S BETTER.

25.     SDCCU is the owner of over 40 federally registered trademarks used in connection with its credit union services, including U.S. Trademark Registration No. 4,560,596 ("the '596 Registration") for the SDCCU Mark, "IT'S NOT BIG BANK BANKING. IT'S BETTER." in International Class 36 for banking, credit union, and related services.  A true and correct copy of the '596 Registration is attached hereto as Exhibit A.

26.     On January 31, 2011, SDCCU filed U.S. Trademark Application No. 85/230,667 ("the '667 Application") with the U.S. Patent and Trademark Office for "IT'S NOT BIG BANK BANKING. IT'S BETTER" in International Class 36 for banking, credit union, and related services on an intent-to-use basis pursuant to 15 U.S.C. 1051(b).  On November 22, 2011, the '667 Application was published for opposition.  As no opposition was filed, on January 17, 2012, the '667 Application was allowed.

27.     On April 18, 2014, SDCCU filed a statement of use to perfect its registration of the '667 Application claiming a first use in commerce date of February 9, 2014.

28.     On July 1, 2014, the '667 Application matured into the '596 Registration.

COMPLAINT

<u>CEFCU's History in Peoria, Illinois and Northern California</u>

29.    CEFCU was originally founded as Caterpillar Employee Credit Union to provide credit union services to the employees of Caterpillar Tractor Company.

30.    In 2000, CEFCU converted to an Illinois chartered credit union called Citizens Equity First Credit Union, but continued to service Caterpillar's employees.

31.    Near the end of 2008, CEFCU purchased Valley Credit Union in Northern California.  However, on information and belief, CEFCU did not direct its marketing bearing the CEFCU Mark or the CEFCU Common Law Mark in connection with credit union services outside of the Illinois market until June, 2011. CEFCU's website did not use the CEFCU Mark or the CEFCU Common Law Mark in connection with credit union services until June, 2011.

32.    On or about June, 2011, CEFCU executed a rebranding initiative in which it started using the CEFCU Mark in connection with credit union services on its website and in marketing campaigns directed to both the Illinois market and the Northern California market.

<u>The CEFCU Mark: CEFCU. NOT A BANK. BETTER.</u>

33.    CEFCU is the owner of U.S. Trademark Registration No. 3,952,993 ("the '993 Registration") for the mark "CEFCU. NOT A BANK. BETTER." in International Class 36 for credit union services.  A true and correct copy of the '993 Registration is attached hereto as Exhibit B.  The '993 Registration alleges that the CEFCU Mark was first used in commerce on February 5, 2007.

34.    Prior to filing the application that matured into the '993 Registration, CEFCU commissioned a trademark search report to identify trademarks for credit union services similar to the mark "NOT A BANK. BETTER."  On information and belief, CEFCU learned from that search report that credit unions throughout the United States were already using trademarks similar to

- 7 -

"NOT A BANK. BETTER." for credit union and related services, including a credit union who was using the common law mark "NOT A BANK – BETTER!" for credit union services in Georgia.  On information and belief, CEFCU was at least aware that the following trademarks were registered or used by other credit unions at the time it filed its trademark application for "CEFCU. NOT A BANK. BETTER.":

- Warren Federal Credit Union in Cheyenne, Wyoming registered the trademark "IT'S NOT A BANK," U.S. Registration No. 3,507,599, based on an application filed December 5, 2007 and claiming a first use date of November 16, 2007.

- ABNB Federal Credit Union in Chesapeake, Virginia registered the trademark "BETTER THAN A BANK," U.S. Registration No. 3,567,768, based on an application filed April 21, 2006, claiming a first use date of May 23, 2003, which still persists today.

- United 1st Federal Credit Union in Blackshear, Georgia used the common law trademark "NOT A BANK – BETTER!"

35.    On information and belief, CEFCU added the word "CEFCU" to the phrase "NOT A BANK. BETTER." in an attempt to differentiate its applied-for-trademark from trademarks already used by other credit unions which were identical or similar to CEFCU's desired trademark of "NOT A BANK. BETTER."  For example, on information and belief, CEFCU knew that the common law trademark for "NOT A BANK – BETTER!" was being used by a credit union in Georgia prior to CEFCU's use of the CEFCU Mark.  However, on information and belief, CEFCU added the term "CEFCU" to the tagline "NOT A BANK. BETTER." in an attempt to distinguish the applied-for-mark from pre-existing trademarks known to CEFCU and facilitate allowance of the trademark application.

36.    On information and belief, prior to June, 2011, CEFCU did not direct its advertising using the CEFCU Mark outside of the Illinois market.

- 8 -

37.     On September 1, 2010, CEFCU filed a statement and declaration from its Vice-President, Susan K. Yoder, in the application for the '993 Registration in which Ms. Yoder, having been "warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration," declared that "to the best of her knowledge and belief no other person, firm, corporation, or association has the right to use the above identified mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods of such other person, to cause confusion, or to cause mistake, or to deceive . . . ." CEFCU's statement further declares that the CEFCU Mark was used in interstate commerce as of February 5, 2007.  Ms. Yoder signed the declaration in front of a notary public on August 26, 2010.  A true and correct copy of that statement and declaration is attached hereto as Exhibit C.

<u>The Cancellation Action</u>

38.     In early 2016, a CEFCU employee saw a billboard in San Diego, California displaying the SDCCU Mark being used to advertise SDCCU's credit union services.  In March, 2016, that employee notified CEFCU managers of the billboard.

39.     CEFCU knew or should have known that the scope of its trademark protection was not broad enough to encompass the SDCCU Mark for "IT'S NOT BIG BANK BANKING. IT'S BETTER." which is far less similar to the CEFCU Mark in appearance and connotation than the Third-Party Marks, which pre-date the filing of CEFCU's application for the CEFCU Mark.

40.     On May 17, 2017, nearly six years after the SDCCU Mark was published for opposition, over a year after CEFCU first became aware of SDCCU's use of the SDCCU Mark in San Diego, California, and despite not a single instance of actual confusion between the marks, CEFCU filed a Petition to Cancel the '596

COMPLAINT

Registration with the TTAB based on an alleged likelihood of confusion with the CEFCU Mark. That proceeding is titled *Citizens Equity First Credit Union v. San Diego County Credit Union*, Cancellation No. 92066165 (the "CEFCU Petition"). A true and correct copy of that Petition for Cancellation is attached hereto as Exhibit D.

41. The CEFCU Petition alleges that the SDCCU Mark "so resembles [the CEFCU Mark] as to be likely, when used in connection with the services of [SDCCU], to cause confusion, or to cause mistake, or to deceive within the meaning of Trademark Act § 2(d), 15 U.S.C. § 1052(d)."

42. The CEFCU Petition further alleges that CEFCU "believes it will be damaged by continued registration of the [SDCCU Mark] because such registration gives false color to [SDCCU's] right to *use* IT'S NOT BIG BANK BANKING. IT'S BETTER. and encourages [SDCCU's] misleading and deceptive *use* of the [SDCCU Mark] in derogation of [CEFCU's] prior and superior rights in its incontestable registered service mark, CEFCU. NOT A BANK. BETTER." (emphasis added). It is clear from this allegation that CEFCU not only seeks the cancellation of the SDCCU Mark, but also considers SDCCU's *use* of that mark to infringe the CEFCU Mark.

43. SDCCU is not aware of any actual confusion between the SDCCU Mark and the CEFCU Mark.

44. On information and belief, CEFCU is not aware of any actual confusion between the SDCCU Mark and the CEFCU Mark.

45. On information and belief, no consumers have been actually confused between the SDCCU Mark and the CEFCU Mark.

46. On information and belief, consumers of credit union services would not likely be confused between the SDCCU Mark and the CEFCU Mark.

47. As a result of CEFCU's actions and allegations in the CEFCU Petition and Motion for Leave to Amend its Petition for Cancellation, SDCCU has a

COMPLAINT

reasonable apprehension that CEFCU will file a lawsuit against SDCCU alleging that SDCCU's use of the SDCCU Mark infringes the CEFCU Mark.

The Alleged CEFCU Common Law Mark: NOT A BANK. BETTER.

48. On March 23, 2018, CEFCU filed a motion for leave to amend its Petition for Cancellation to add a ground that SDCCU's Mark should also be cancelled based on an alleged likelihood of confusion with CEFCU's purported common law mark, "NOT A BANK. BETTER."

49. On information and belief, CEFCU has only used the tagline "NOT A BANK. BETTER." together with its house mark, CEFCU, or to describe itself as "not a bank."

50. Prior to CEFCU's filing of its trademark application for the CEFCU Mark, other credit unions throughout the United States were already using trademarks that were the same or very similar to "NOT A BANK. BETTER." for credit union and related services. For example, the Third Party Marks were already being used in connection with credit union services at the time CEFCU filed its trademark application for the CEFCU Mark.

51. On information and belief, CEFCU knew as of the time it filed its trademark application for the '993 Registration that it did not have exclusive rights in the tagline "NOT A BANK. BETTER in connection with credit union services, and therefore, CEFCU added the word "CEFCU" to the term "NOT A BANK. BETTER." in an attempt to differentiate its applied-for-trademark from trademarks already used by other credit unions which were identical or similar to CEFCU's desired trademark of "NOT A BANK. BETTER."

52. On information and belief, prior to June, 2011, CEFCU did not use the alleged CEFCU Common Law Mark, "NOT A BANK. BETTER." in connection with credit union services outside of the Illinois market.

53. SDCCU is not aware of any actual confusion between the SDCCU Mark and the alleged CEFCU Common Law Mark.

54.     On information and belief, CEFCU is not aware of any actual confusion between the SDCCU Mark and the alleged CEFCU Common Law Mark.

55.     On information and belief, no consumers have been actually confused between the SDCCU Mark and the alleged CEFCU Common Law Mark.

56.     On information and belief, consumers of credit union services would not likely be confused between the SDCCU Mark and the alleged CEFCU Common Law Mark.

57.     As a result of CEFCU's actions and allegations in its Petition for Cancellation and Motion for Leave to Amend its Petition for Cancellation, SDCCU has a reasonable apprehension that CEFCU will file a lawsuit against SDCCU alleging that SDCCU's use of the SDCCU Mark infringes the alleged CEFCU Common Law Mark.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Declaratory Judgment for Non-Infringement of
### CEFCU. NOT A BANK. BETTER.)

58.     SDCCU realleges and incorporates by reference the allegations set forth in paragraphs 1-57 as though fully set forth herein.

59.     On information and belief, consumers have not confused SDCCU's use of its federally registered trademark for "IT'S NOT BIG BANK BANKING. IT'S BETTER." in connection with credit union services with the mark "CEFCU. NOT A BANK. BETTER." and/or CEFCU's credit union services.

60.     On information and belief, consumers are not likely to confuse SDCCU's use of its federally registered trademark for "IT'S NOT BIG BANK BANKING. IT'S BETTER." in connection with credit union services with the mark "CEFCU. NOT A BANK. BETTER" and/or CEFCU's credit union services.

61.     The dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

62.     SDCCU is entitled to declaratory judgment that it is not

1 infringing, has not infringed, and is not liable for infringing CEFCU's rights in the

2 mark "CEFCU. NOT A BANK. BETTER."

3 **SECOND CAUSE OF ACTION**
**(Declaratory Judgment for Non-Infringement of NOT A BANK. BETTER.)**

4

5        63.    SDCCU realleges and incorporates by reference the allegations

6 set forth in paragraphs 1-62 as though fully set forth herein.

7        64.    CEFCU's use of the tagline "NOT A BANK. BETTER."

8 together with its house mark, CEFCU, or to describe itself as "not a bank," do not

9 constitute trademark uses.  Accordingly, CEFCU is not entitled to trademark

10 protection for the tagline "NOT A BANK. BETTER."

11        65.    On information and belief, consumers have not confused

12 SDCCU's use of its federally registered trademark for "IT'S NOT BIG BANK

13 BANKING. IT'S BETTER." in connection with credit union services with the mark

14 "NOT A BANK. BETTER." and/or CEFCU's credit union services.

15        66.    On information and belief, consumers are not likely to confuse

16 SDCCU's use of its federally registered trademark for "IT'S NOT BIG BANK

17 BANKING. IT'S BETTER." in connection with credit union services with the mark

18 "NOT A BANK. BETTER" and/or CEFCU's credit union services.

19        67.    The dispute is of sufficient immediacy and reality to warrant the

20 issuance of a declaratory judgment.

21        68.    SDCCU is entitled to declaratory judgment that it is not

22 infringing, has not infringed, and is not liable for infringing CEFCU's rights in its

23 alleged mark for "NOT A BANK. BETTER.", to the extent CEFCU even has any

24 such rights.

25 **THIRD CAUSE OF ACTION**
**(Declaratory Judgment for Invalidity of CEFCU. NOT A BANK. BETTER.)**

26

27        69.    SDCCU realleges and incorporates by reference the allegations

28 set forth in paragraphs 1-68 as though fully set forth herein.

- 13 -

70.    In its application for the '993 Registration, CEFCU declared pursuant to 28 U.S.C. § 1001 that it was using the mark "CEFCU. NOT A BANK. BETTER." in commerce (i.e., interstate commerce) as early as February 5, 2007 and that it was not aware of any other then-existing trademarks that would likely cause consumer confusion with the applied-for mark.

71.    On information and belief, CEFCU had not used the mark "CEFCU. NOT A BANK. BETTER." in interstate commerce on or before February 5, 2007.

72.    On information and belief, as of the time it filed its declaration of use in support of its application for the '993 Registration, CEFCU was aware that it had not used the mark "CEFCU. NOT A BANK. BETTER." in interstate commerce on or before February 5, 2007.

73.    On information and belief, CEFCU falsely declared that the CEFCU Mark was used in interstate commerce as of February 5, 2007 with the intention of deceiving the U.S. Patent and Trademark Office such that the CEFCU Mark would advance to registration.  The CEFCU Mark would not have advanced to registration if CEFCU had not declared that the CEFCU Mark was being used in interstate commerce.

74.    To the extent CEFCU believes that the CEFCU Mark is confusingly similar to the SDCCU Mark, CEFCU falsely declared that the CEFCU Mark would not likely cause consumer confusion with respect to pre-existing marks of which CEFCU was aware, including the Third-Party Marks.  Such false declaration would have been made with the intention of deceiving the U.S. Patent and Trademark Office such that the CEFCU Mark would advance to registration. The CEFCU Mark would not have advanced to registration if CEFCU had not declared that the CEFCU Mark would not likely cause consumer confusion with respect to pre-existing marks for credit union services.

75.    On information and belief, CEFCU's false statements in its

1  declaration filed with the U.S. Patent and Trademark Office in support of its

2  application for the '993 Registration were material and made with a willful intent to

3  deceive, and therefore, constitute fraud.

4         76.    The persistence of the '993 Registration on the Principal Register

5  has harmed and continues to harm SDCCU, for example, because the '993

6  Registration forms the basis of CEFCU's cancellation action and threat of filing a

7  lawsuit for trademark infringement against SDCCU.

8         77.    The dispute is of sufficient immediacy and reality to warrant the

9  issuance of a declaratory judgment.

10         78.    SDCCU is entitled to declaratory judgment that the CEFCU

11  Mark is invalid and/or unenforceable because it was obtained based on CEFCU's

12  fraudulent declaration to the U.S. Patent and Trademark Office.  SDCCU is also

13  entitled to an order cancelling the '993 Registration pursuant to 15 U.S.C. § 1064.

14  **FOURTH CAUSE OF ACTION**
**(Declaratory Judgment for Invalidity of NOT A BANK. BETTER.)**

15

16         79.    SDCCU realleges and incorporates by reference the allegations

17  set forth in paragraphs 1-78 as though fully set forth herein.

18         80.    On March 23, 2018, CEFCU filed a motion with the TTAB

19  seeking to amend its Petition for Cancellation against CEFCU by adding CEFCU's

20  alleged common law trademark for "NOT A BANK. BETTER." as a ground for

21  cancelling the SDCCU Mark.  Specifically, CEFCU has alleged that it owns a

22  protectable common law trademark for "NOT A BANK. BETTER." and the

23  SDCCU Mark "so resembles [the CEFCU] common law service mark as to be

24  likely, when used in connection with the services of [SDCCU], to cause confusion,

25  or to cause mistake, or to deceive" consumers of credit union services.

26         81.    In view of the multiple other credit unions that have used and

27  continue to use similar or identical taglines to "NOT A BANK. BETTER." in

28  connection with credit union services, CEFCU does not have exclusive rights to use

- 15 -

the tagline "NOT A BANK. BETTER." as a protectable trademark.

82.    On information and belief, CEFCU has not continuously used the tagline "NOT A BANK. BETTER." in commerce in connection with credit union services as a standalone mark apart from its house mark "CEFCU."

83.    On information and belief, CEFCU was not the first credit union to use the tagline "NOT A BANK. BETTER." in connection with credit union services.

84.    The tagline "NOT A BANK. BETTER." merely describes that a credit union is not a bank, and therefore the tagline is not protectable as a trademark.

85.    The dispute is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

86.    SDCCU is entitled to declaratory judgment that the alleged CEFCU Common Law Mark is invalid and/or unenforceable because CEFCU has not exclusively and continuously used the mark in commerce in connection with credit union services, and the mark is merely descriptive.

**FIFTH CAUSE OF ACTION**
**(FALSE OR FRAUDULENT TRADEMARK REGISTRATION UNDER 15 U.S.C. § 1120)**

87.    SDCCU realleges and incorporates by reference the allegations set forth in paragraphs 1-86 as though fully set forth herein.

88.    On information and belief, CEFCU falsely declared that the CEFCU Mark was used in commerce as of February 5, 2007 with the intention of deceiving the U.S. Patent and Trademark Office such that the CEFCU Mark would advance to registration.  The CEFCU Mark would not have advanced to registration if CEFCU had not declared that the CEFCU Mark was being used in interstate commerce.

89.    To the extent CEFCU believes that the CEFCU Mark is confusingly similar to the SDCCU Mark, CEFCU falsely declared that the CEFCU Mark would not likely cause consumer confusion with respect to pre-existing marks

of which CEFCU was aware, including the Third-Party Marks.  Such false declaration would have been made with the intention of deceiving the U.S. Patent and Trademark Office such that the CEFCU Mark would advance to registration. The CEFCU Mark would not have advanced to registration if CEFCU had not declared that the CEFCU Mark would not likely cause consumer confusion with respect to pre-existing marks for credit union services.

90.     On information and belief, CEFCU's false statements in its declaration filed with the U.S. Patent and Trademark Office in support of its application for the '993 Registration were willful and meant to deceive, and constitute fraud.

91.     The persistence of the '993 Registration on the Principal Register has harmed and continues to harm SDCCU, for example, because the '993 Registration forms the basis of CEFCU's cancellation action and threat of filing a lawsuit for trademark infringement against SDCCU.  SDCCU has been damaged by CEFCU's false or fraudulent registration of the '993 Registration in an amount to be determined at trial, including by incurring attorney's fees and costs from defending against CEFCU's cancellation action against the SDCCU Mark.  SDCCU is entitled to recover its costs and attorney fees for this action, and an order cancelling the '993 Registration.

## SIXTH CAUSE OF ACTION
### (Unfair Competition in Violation of 15 U.S.C. § 1125)

92.     SDCCU realleges and incorporates by reference the allegations set forth in paragraphs 1-91 as though fully set forth herein.

93.     In its application for the '993 Registration, CEFCU declared pursuant to 28 U.S.C. § 1001 that it was using the mark "CEFCU. NOT A BANK. BETTER." in interstate as early as February 5, 2007 and that it was not aware of any other then-existing trademarks that would likely cause consumer confusion with the applied-for mark.

94.     On information and belief, as of the time if filed its declaration of use in support of its application for the '993 Registration, CEFCU was aware that other credit unions had been using marks in connection with credit union services which were closer in appearance and connotation to "CEFCU. NOT A BANK. BETTER." than is the SDCCU Mark for "IT'S NOT BIG BANK BANKING. IT'S BETTER."  For example, on information and belief, CEFCU was aware that the marks "IT'S NOT A BANK," "BETTER THAN A BANK," and "NOT A BANK – BETTER!" were being used by credit unions in connection with credit union services prior to CEFCU's filing its trademark application for the CEFCU Mark. Based on CEFCU's declaration filed in support of its trademark application for the '993 Registration, CEFCU did not believe that any of these trademarks would likely cause consumer confusion with the applied-for mark.

95.     To the extent CEFCU's statement and declaration filed in the '993 Registration is true, CEFCU's allegations in its Petition for Cancellation that SDCCU's registration and use of the SDCCU Mark is likely to "cause confusion, or to cause mistake, or to deceive consumers" in view of the CEFCU Mark is groundless.

96.     On information and belief, CEFCU filed its cancellation action against SDCCU despite knowing that such action was groundless and oppressive.

97.     On information and belief CEFCU filed its cancellation action against SDCCU to obstruct SDCCU's business or otherwise harm SDCCU.

98.     SDCCU has been damaged by CEFCU's baseless cancellation action in amount to be determined at trial, including by incurring attorney fees and costs from defending against CEFCU's cancellation action.

### SEVENTH CAUSE OF ACTION
**(Violation of California Unfair Competition Law, Business and Professions Code §§ 17200 et seq.)**

99.     SDCCU realleges and incorporates by reference the allegations set forth in paragraphs 1-98 as though fully set forth herein.

COMPLAINT

100.   On information and belief, CEFCU filed its cancellation action against SDCCU despite knowing that such action was groundless and oppressive.

101.   On information and belief CEFCU filed its cancellation action against SDCCU to obstruct SDCCU's business or otherwise harm SDCCU.

102.   CEFCU's cancellation action against SDCCU is objectively baseless.

103.   CEFCU's actions described herein are unlawful, unfair, or fraudulent.  As a result of the unlawful, unfair, or fraudulent acts and practices of CEFCU, SDCCU has suffered injury in fact and has lost, and continues to lose, money or property.

104.   The above-described, ongoing course of unlawful, unfair and/or fraudulent conduct by CEFCU constitutes a continuing threat to SDCCU.  SDCCU is thus entitled to injunctive relief preventing CEFCU from continuing its wrongful course of conduct, and enjoining CEFCU from asserting or otherwise enforcing its CEFCU Mark and/or CEFCU Common Law Mark against SDCCU.

105.   SDCCU has suffered and will continue to suffer irreparable injury by reason of the acts, practices, and conduct of CEFCU alleged above until and unless the Court enjoins such acts, practices, and conduct.

## EIGHTH CAUSE OF ACTION
### (Unfair Competition Under California Common Law)

106.   SDCCU realleges and incorporates by reference the allegations set forth in paragraphs 1-105 as though fully set forth herein.

107.   CEFCU's actions described herein are unlawful, unfair, or fraudulent and constitute unfair competition under the common law of the State of California.  As a result of the unlawful, unfair, or fraudulent acts and practices of CEFCU, SDCCU has suffered injury in fact and has lost, and continues to lose, money or property.

108.   The above-described, ongoing course of unlawful, unfair and/or

fraudulent conduct by CEFCU constitutes a continuing threat to SDCCU. SDCCU is thus entitled to injunctive relief preventing CEFCU from continuing its wrongful course of conduct, and enjoining CEFCU from asserting or otherwise enforcing its CEFCU Mark and/or CEFCU Common Law Mark against SDCCU.

109. SDCCU has suffered and will continue to suffer irreparable injury by reason of the acts, practices, and conduct of CEFCU alleged above until and unless the Court enjoins such acts, practices, and conduct.

## PRAYER FOR RELIEF

WHEREFORE, SDCCU prays for relief as follows:

A. An order declaring that SDCCU's use of its trademark, "IT'S NOT BIG BANK BANKING. IT'S BETTER." in connection with credit union, banking, and other related services does not infringe CEFCU's federally registered trademark for "CEFCU. NOT A BANK. BETTER.";

B. An order declaring that SDCCU's use of its trademark, "IT'S NOT BIG BANK BANKING. IT'S BETTER." in connection with credit union services does not infringe CEFCU's alleged common law trademark for "NOT A BANK. BETTER.";

C. An order declaring that CEFCU's federally registered trademark for "CEFCU. NOT A BANK. BETTER." is invalid and unenforceable and cancelling the '993 Registration from the Principal Register pursuant to 15 U.S.C. §§ 1064 and 1120;

D. An order declaring that CEFCU does not own any trademark rights in the tagline "NOT A BANK. BETTER.";

E. An order declaring that CEFCU's alleged common law trademark for "NOT A BANK. BETTER." is invalid and unenforceable;

F. An order awarding SDCCU damages in an amount adequate to compensate it for CEFCU's false or fraudulent registration of the '993 Registration, including SDCCU's attorney fees and costs for defending against CEFCU's baseless

cancellation action against SDCCU and for prosecuting the present action, and enhanced damages;

        G.    An order awarding SDCCU damages in an amount adequate to compensate it for CEFCU's oppressive and baseless cancellation action against SDCCU in violation of 15 U.S.C. § 1125, including SDCCU's attorney fees and costs for defending against CEFCU's baseless cancellation action and for prosecuting the present action, and enhanced damages;

        H.    An order enjoining CEFCU from asserting or otherwise enforcing its federally registered trademark for "CEFCU. NOT A BANK. BETTER." and alleged common law trademark for "NOT A BANK. BETTER." against SDCCU;

        I.    An order enjoining CEFCU from using the phrases "CEFCU. NOT A BANK. BETTER." and "NOT A BANK. BETTER.";

        J.    An order awarding SDCCU its attorney fees and costs for bringing this action pursuant to 15 U.S.C. § 1117;

        K.    An order awarding SDCCU pre-judgment and post-judgment interest to the full extent allowed under the law, as well as its costs; and

        L.    For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, SDCCU hereby demands trial by jury on all issues raised by the Complaint.

COMPLAINT

Dated:  May 16, 2018

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By _____s/ Stephen S. Korniczky_____
                 STEPHEN S. KORNICZKY
                 MARTIN R. BADER
                 LISA M. MARTENS
                 JESSE A. SALEN


Attorneys for San Diego County Credit Union

COMPLAINT