James W. Dabney (Pro Hac Vice)
Emma L. Baratta (Pro Hac Vice)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
e-mail: James.Dabney@hugheshubbard.com
         Emma.Baratta@hugheshubbard.com

Steven J. Cologne (Bar No. 118534)
Geoffrey M. Thorne (Bar No. 284740)
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, CA 92101-7910
Telephone: (619) 236-1551
Facsimile: (619) 696-1410
e-mail: scologne@higgslaw.com
         thorneg@higgslaw.com

Attorneys for Defendant
Citizens Equity First Credit Union

**REDACTED**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COUNTY CREDIT UNION,<br><br>  Plaintiff,<br><br>  v.<br><br>CITIZENS EQUITY FIRST CREDIT UNION,<br><br>  Defendant. | Case No. 3:18-cv-00967-GPC-MSB<br><br>**CEFCU'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY ON GROUNDS OF IMPLIED WAIVER OF PRIVILEGE**<br><br>Judge: Hon. Michael S. Berg |

Citizens Equity First Credit Union ("CEFCU") respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 37(a), for an order compelling San Diego County Credit Union ("SDCCU") to produce the document identified in the table below (the "1/26/11 E-mail") on the ground that SDCCU, by affirmative acts, has put the content of the 1/26/11 E-mail in issue and that content is vital to determining whether SDCCU has engaged in potentially case-dispositive litigation misconduct. *Cf. Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933) ("The equitable powers of this court can never be exerted in behalf of one who has acted fraudulently, or who by deceit or any unfair means has gained an advantage.").

| 44 | 1/26/2011 | ███████ | E-mail String re: advice concerning trademark applications | Attorney-Client |
|----|-----------|---------|------------------------------------------------------------|-----------------|

CEFCU is the owner of U.S. Reg. No. 3,952,993 for CEFCU. NOT A BANK. BETTER. (the "'993 Registration"). CEFCU's registered service mark is often presented as CEFCU in a first, larger font with the tag line NOT A BANK. BETTER. in a distinct second, smaller font, exemplified by the image below:

**CEFCU**

Not a bank. Better. ®

On January 31, 2011, SDCCU filed two "intent to use" applications for federal service mark registration: (1) Application No. 85/230667 for IT'S NOT BIG BANKING. IT'S BETTER.; and (2) Application No. 85/230693 for WE'RE NOTHING LIKE A BIG BANK. WE'RE BETTER. Declaration of Emma L. Baratta, sworn to Oct. 4, 2019 ("Baratta Decl.") ¶ 48 & Ex. MM at 17-18. Four days previously, the 1/26/11 E-mail had been sent concerning "trademark applications" (plural) to SDCCU's then-outside counsel, ███████ Baratta Decl. ¶¶ 3, 47 & Ex. LL. The

1

1  following day, January 27, 2011, SDCCU's counsel generated a pre-filing
2  trademark search report which showed the following:



12  Baratta Decl. ¶ 11 & Ex. B. Application No. 85/230667 eventually matured as U.S.
13  Reg. No. 4,560,596 (the "'596 Registration"). CEFCU in this case has prayed for full
14  cancellation of the '596 Registration based on CEFCU's prior use of NOT A BANK.
15  BETTER. and CEFCU's incontestable rights under the '993 Registration.

16  The trademark search report identified above is highly relevant to whether the
17  '596 Registration is subject to full cancellation. *See Stone Creek, Inc. v. Omnia Ital-*
18  *ian Design, Inc.*, 875 F.3d 426, 437 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 1984
19  (2018) ("[T]here is no good faith if the junior user had knowledge of the senior
20  user's prior use."). That report was clearly encompassed by document requests and
21  subpoenas propounded by CEFCU to SDCCU and to SDCCU's outside counsel
22  ("SMRH"), which prosecuted the application for the '596 Registration from and after
23  May 3, 2012. Baratta Decl. ¶¶ 16, 22, 30, 32, 40 & Exs. G, M, U, W, and EE.

24  But for more than twenty (20) months between January 11, 2018, and Septem-
25  ber 10, 2019, SDCCU not only failed to produce its pre-filing trademark search report
26  in discovery, but made multiple affirmative assertions which falsely and deceptively
27  suggested that no such report existed. Reproduced below are examples of statements

SDCCU made to CEFCU between March 2018 and August 2019 (*see* Baratta Decl. ¶ 49 & Ex. NN for a chronological summary):

> **As we indicated, SDCCU does not have such a search report** in its possession, custody, or control. **We do not know (and suspect it is unlikely) that such a search report could be located given that the previous firm** who handled SDCCU's trademark work when the subject mark was filed, Luce Forward, **no longer exists**. . . .
>
> **That production will not include a pre-filing search report** for SDCCU's subject mark **as no such search report has been located after a diligent search** . . . .
>
> **we have carefully reviewed the Attorney Time Entry Log and have determined that only a few time entries in the log are actually responsive to your request in that they relate to the Subject Mark**. . . .
>
> **This entry** [for work generating the 1/27/11 pre-filing trademark search report] **is not relevant to CEFCU's requests**.

Unbeknownst to CEFCU, when SDCCU made the above-quoted and similar assertions to CEFCU between March 2018 and August 2019, SDCCU was secretly contending that the pre-filing trademark search report identified on page 2, above, purportedly was not "for" the "subject mark" claimed in Application No. 85/230667, but purportedly was solely "for" the mark claimed in Application No. 85/230693, even though both applications were filed on the same day and just four days after the 1/26/11 Email. SDCCU had strong motivation to try and mislead CEFCU into believing that SDCCU had no pre-filing trademark search report identifying CEFCU's tag line NOT A BANK. BETTER., for the existence of such a report could defeat any "good faith" defense. *See Stone Creek*, 875 F.3d at 437.

On September 8, 2019, CEFCU served SDCCU with a motion seeking *in camera* inspection of discrete SMRH files which contained the withheld report. Baratta Decl. ¶ 45 & Ex. JJ. Exactly two days later, SDCCU abruptly produced the withheld report under the cover of volunteered statements *insinuating* an innocent explanation for the report's prior withholding (*id*. ¶ 46 & Ex. KK), but not actually denying that the prior withholding had been both intentional and intentionally deceptive. SDCCU asserted on September 10: "**These documents were only available in hard copy, and had been misfiled and comingled with non-responsive documents, making**

3

1 **them difficult to locate."** *Id.* Ex. KK. This statement is consistent, however, with SDCCU and SMRH having long been aware of SDCCU's pre-filing trademark search report (*id.* ¶ 11 & Ex. B) and having deliberately withheld that report on a theory that it was not "**for SDCCU's subject mark**" (*id.* Ex. NN at ¶¶ 6, 8) and so purportedly was not "**relevant to CEFCU's requests**" (*id.* Ex. NN at ¶ 32).

Passing over the highly deceptive character of SDCCU's statements, which even it true would not have justified SDCCU's withholding of the report, those statements put in issue just what the withheld report was generated "for"; and vital to the determination of that issue is what the 1/26/11 E-mail asked be searched "for" and how the search or its results were contemporaneously described (*id.* ¶ 13 & Ex. D).

[redacted]

"Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (stated explanation for share purchases impliedly waived attorney-client privilege). Implied waiver is often found where, as here, an attorney proffers a purportedly innocent explanation for conduct that is otherwise wrongful. *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2015 WL 3863249, at *8 (N.D. Cal. June 19, 2015) (Koh, J.) (privilege impliedly waived where attorney asserted protective order violation was inadvertent); *Starsight Telecast, Inc. v. Gemstar Dev. Corp.*, 158 F.R.D. 650, 654 (N.D. Cal. 1994) (privilege impliedly waived when attorney purported to describe his knowledge of withheld information); *Gen. Elec. Co. v. Hoechst Celanese Corp.*, No. 87-458-JRR, 1990 WL 154218, at *3-*9 (D. Del. May 8, 1990) (privilege impliedly waived when attorney purported to describe his knowledge of withheld information).

So here, by its counsel's affirmative statements quoted above and reproduced in Baratta Decl. Ex. NN, SDCCU has put in issue whether the withheld pre-filing

4
CEFCU'S MEMO OF P&A IN SUPPORT OF MOTION TO COMPEL DISCOVERY
Case No. 3:18-cv-00967-GPC-MSB

trademark search report (*id.* Ex. B) was, or was not, generated "for" the "subject mark" (*id.* Ex. NN ¶ 6) and why it was withheld. SDCCU cannot, in fairness, be permitted to assert affirmatively that the withheld trademark search report was *not* "for" the "subject mark" and purportedly was "not relevant to CEFCU's requests" (*id.* Ex. NN ¶ 32), and at the same time withhold the contemporaneous 1/26/11 E-mail showing what the withheld report was, in fact, generated "for." *Cf. United States v. Amlani*, 169 F.3d 1189, 1196 (9th Cir. 1999) (assertion of reason for firing attorney impliedly waived privilege in documents on subject).

As in *Apple*, *Starsight*, *General Electric*, and *Amlani*, SDCCU affirmative statements have put in issue (i) what the withheld trademark search report was "for" and (ii) why SDCCU failed to produce that report until September 10, 2019. And as in those cases, "allowing the privilege would deny the opposing party access to information vital to its defense." *Amlani*, 169 F.3d at 1195 (quoting *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (quoting *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975))).

The Court should overrule SDCCU's claim of privilege in the 1/26/11 E-mail identified on p. 1, above, and order its immediate production. Alternatively, the Court should review the 1/26/11 E-mail *in camera* and determine whether it refers to IT'S NOT BIG BANK BANKING. IT'S BETTER. or a variant thereof. If so, then the Court should order production of the 1/26/11 E-mail and should also order SDCCU to produce an unredacted copy of the 1/27/11 time entry reproduced on p. 4, above.

In either event, the Court should award CEFCU its reasonable expenses, including attorneys' fees, incurred in (i) overcoming the deceptive statements reproduced in Baratta Decl. Ex. NN and being forced to press repeatedly for production of the withheld trademark search report by successive requests, discovery conferences, and motions to compel (*see* Baratta Decl. ¶ 45 & Ex. JJ); and (ii) in filing the within motion to compel. Fed. R. Civ. P. 37(a)(5)(A).

1

2   DATED: October 6, 2019            Respectfully submitted,

3

4                                     By:   */s/ James W. Dabney*
                                            James W. Dabney

5                                     James W. Dabney (NY Bar No. 2211423;
                                           NJ Bar No. 011881981)
6                                     Emma L. Baratta (NY Bar No. 5018627)
                                      HUGHES HUBBARD & REED LLP
7                                     One Battery Park Plaza
                                      New York, New York 10004-1482
8                                     Telephone: (212) 837-6000
                                      Facsimile: (212) 422-4726
9                                     e-mail: James.Dabney@hugheshubbard.com
                                              Emma.Baratta@hugheshubbard.com
10

11                                    HIGGS FLETCHER & MACK LLP
                                      401 West "A" Street, Suite 2600
12                                    San Diego, California 92101-7913
                                      Telephone: (619) 236.1551
13                                    Facsimile: (619) 696.1410

14
                                      Steven J. Cologne, Esq. Bar No. 118534
15                                    scologne@higgslaw.com

16                                    Geoffrey M. Thorne (Bar No. 284740)
                                      thorneg@higgslaw.com
17
                                      Attorneys for Defendant
18                                    Citizens Equity First Credit Union

19

20

21

22

23

24

25

26

27

28
                                            6

# CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of New York, New York. My business address is One Battery Park Plaza, New York, New York 10004-1482.

On October 18, 2019, I caused to be served true copies of MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CEFCU'S MOTION TO COMPEL DISCOVERY on the interested parties in this action as follows:

BY EMAIL: I am presently emailing a copy of the above-titled document to the persons at the email addresses listed below.

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
STEPHEN S. KORNICZKY (skorniczky@sheppardmullin.com);
MARTIN R. BADER (mbader@sheppardmullin.com);
LISA M. MARTENS (lmartens@sheppardmullin.com);
JESSE A. SALEN (jsalen@sheppardmullin.com)

12275 El Camino Real, Suite 200
San Diego, California 92130-2006

I declare under penalty of perjury that the foregoing is true and

correct. Executed on October 18, 2019 at New York, New York

By:  /s/ Emma L. Baratta
        Emma L. Baratta