| | |
|---|---|
| 1 | James W. Dabney (Pro Hac Vice) |
| 2 | Emma L. Baratta (Pro Hac Vice)<br>HUGHES HUBBARD & REED LLP |
| 3 | One Battery Park Plaza<br>New York, New York 10004-1482 |
| 4 | Telephone:  +1 (212) 837-6000<br>Facsimile:  +1 (212) 422-4726 |
| 5 | e-mail:  James.Dabney@hugheshubbard.com<br>        Emma.Baratta@hugheshubbard.com |
| 6 | Steven J. Cologne (Bar No. 118534) |
| 7 | Geoffrey M. Thorne (Bar No. 284740)<br>HIGGS FLETCHER & MACK LLP |
| 8 | 401 West A Street, Suite 2600,<br>San Diego, CA    92101-7910 |
| 9 | Phone: (619) 236-1551<br>Facsimile: (619) 696-1410 |
| 10 | e-mail:  scologne@higgslaw.com |
| 11 | Attorneys for Defendant<br>Citizens Equity First Credit Union |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAN DIEGO COUNTY CREDIT UNION, | Case No.  18-cv-00967 GPC RBB |
| Plaintiff, | **REPLY DECLARATION OF JAMES W. DABNEY** |
| v. | Judge:   Hon. Michael S. Berg<br>Courtroom:  2C |
| CITIZENS EQUITY FIRST CREDIT UNION, | |
| Defendant. | |

1.     My name is James W. Dabney.  I am a member of the bar of the States of New York and New Jersey and of the Firm of Hughes Hubbard & Reed LLP, counsel for the Defendant ("CEFCU") in the above-entitled action.

2.     I make this declaration in order to reply to new factual assertions made, for the first time, in the Declaration of Jesse Salen dated October 14, 2019 (the "Oct. 14 Salen Decl.").

3.     Annexed hereto as Exhibit 1 is a true copy of a response to document subpoena dated and served October 7, 2019 (the "October 7 Subpoena Response")

by Sheppard Mullin Richter & Hampton LLP ("SMRH"), outside counsel for the Plaintiff ("SDCCU") in this action.

4. As shown in Exhibit 1, SMRH was asked to produce contemporaneous documents showing when any of ten (10) specifically named SMRH attorneys or agents first received or saw a copy of the trademark availability search report (the "1/27/11 Search Report") reproduced as Exhibit B to the Declaration of Emma L. Baratta, sworn to October 4, 2019 ("Baratta Decl.").

5. As shown in Exhibit 1, SMRH has objected to producing any contemporaneous documents showing when any of the ten (10) named SMRH attorneys or agents first received or saw the 1/27/11 Search Report.

6. On October 11, 2019, Ms. Baratta and I spoke by telephone with two SMRH attorneys, Martin Bader and Jesse Salen, with respect to the objections in the October 7 Subpoena Response, and with a view to potentially avoiding a motion to compel with respect to those objections.

7. During the October 11 telephone call, SMRH maintained its objections to producing any of the requested documents. Messrs. Bader and Salen asserted that the requested documents were privileged against discovery.

8. The Oct. 14 Salen Decl. purports to describe certain search activity of a single SMRH attorney, Mr. Salen, prior to September 8, 2019, but does not actually disclose when Mr. Salen first received or saw the 1/27/11 Search Report.

9. The Oct. 14 Salen Decl. does not even purport to disclose when any of the other SMRH attorneys or agents named in the October 7 Subpoena Response first received or saw the 1/27/11 Search Report.

10. For example, paragraph 2 of the Oct. 14 Salen Decl. refers to "searches" that Mr. Salen personally conducted in April 2018 and states that he, Mr. Salen, "found" "[n]o *relevant* search report" "from any of these searches" (emphasis added). In this case, however, SMRH has asserted that a 1/27/11 time entry of paralegal Sandra Edge, coinciding with the generation of the 1/27/11

2

1  Search Report, purportedly was "not relevant to CEFCU's requests." Baratta Decl.
2  ¶ 39 & Ex. DD.

3      11.   The Oct. 14 Salen Decl. is thus consistent with Mr. Salen having him-
4  self received or seen the 1/27/11 Search Report at the time of the bolded language
5  reproduced in Baratta Decl. Ex. NN.  The Oct. 14 Salen Decl. is also consistent
6  with Martin Bader or other SMRH attorneys or agents having received or seen the
7  1/27/11 Search Report at the time of the bolded language reproduced in Baratta
8  Decl. Ex. NN.

9      12.   CEFCU contends that the Oct. 14 Salen Decl. has no tendency to dis-
10  prove that SDCCU has put at issue what the 1/27/11 Search Report was generated
11  "for" as shown in Baratta Decl. Ex. NN.  CEFCU contends that that issue cannot
12  be resolved without production, or at least disclosure to the Court for *in camera*
13  inspection, of the contemporaneous e-mail dated 1/26/11 (Baratta Decl. Ex. LL)
14  which shows what the 1/27/11 was actually generated "for."

15      I, James W. Dabney, hereby declare under penalty of perjury that the forgo-
16  ing is true and correct.

17      Executed this 15th day of October, 2019, at New York, New York.

                                                James W. Dabney