SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
STEPHEN S. KORNICZKY, Cal. Bar No. 135532
MARTIN R. BADER, Cal. Bar No. 222865
LISA M. MARTENS, Cal. Bar No. 195824
JESSE A. SALEN, Cal. Bar No. 292043
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone:  858.720.8900
Facsimile:   858.509.3691
E mail        skorniczky@sheppardmullin.com
              mbader@sheppardmullin.com
              lmartens@sheppardmullin.com
              jsalen@sheppardmullin.com

Attorneys for San Diego County Credit
Union

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| San Diego County Credit Union, | Case No. 3:18-cv-0967-GPC-MSB |
| Plaintiff, | |
| v. | **SDCCU's MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY MOTION TO STRIKE DEFECTIVE MOTION TO COMPEL DISCOVERY ON GROUNDS OF IMPLIED WAIVER OF PRIVILEGE** |
| Citizens Equity First Credit Union, | |
| Defendant. | |
| | Judge: Hon. Michael S. Berg |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................... 1

II.    BACKGROUND ............................................................................. 2

III.   ARGUMENT ................................................................................. 4

      A.     The Court Should Strike CEFCU's Motion to Compel For Filing an Unauthorized Joint Motion Without SDCCU's Consent. ................. 4

      B.     The Court Should Strike CEFCU's Motion to Compel Because the Joint Filing Was Not Authorized by SDCCU. ................................. 5

      C.     The Court Should Strike CEFCU's Motion to Compel Because CEFCU Failed to Timely Provide Its Full Motion to Compel to SDCCU. ......................................................................................... 6

      D.     The Court Should Strike CEFCU's Motion to Compel For Additional Reasons. .................................................................... 7

      E.     The Court Should Sanction CEFCU and its Counsel for Repeatedly Violating the Court's Rules. .......................................... 8

IV.    CONCLUSION ............................................................................. 10

1

# TABLE OF AUTHORITIES

Page(s)

2

<u>Cases</u>

3

*Brooks v. Motsenbocker Advanced Developments, Inc.*
   Case No. 07-cv-0773-MMA, Dkt. 162 (S.D. Cal. Feb. 2, 2009) ........................ 10

4

5

*Cruz v. United States*
   Case No. 14-cv-2956-LAB, 2016 WL 727066 (S.D. Cal. Feb. 24,
   2016) ................................................................................................ 6

6

7

*Gaines v. Law Office of Patenaude & Felix, A.P.C.*
   Case No. 13-cv-1556-JLS, 2014 WL 3894340 (S.D. Cal. Aug. 7,
   2014) ................................................................................................ 8

8

9

*Jennings v. Bell Helicopter Textron, Inc.*
   Case No. 12-cv-1549-WQH, 2012 WL 12883209 (S.D. Cal. Sep.
   28, 2012) ............................................................................................ 6

10

11

12

*Linlor v. Chase Bankcard Servs., Inc.*
   Case No. 17-cv-005-WQH, 2018 WL 2149795 (S.D. Cal. May 9,
   2018) ................................................................................................ 4

13

14

*Luna v. Ridge*
   436 F. Supp. 2d 1163 (S.D. Cal. 2006) .................................................. 8

15

16

*Think Vill.-Kiwi, LLC v. Adobe Sys., Inc.*
   Case No. 08-cv-04166-SI, 2009 WL 3837270 (N.D. Cal. Nov. 16,
   2009) ................................................................................................ 8

17

18

19

20

21

22

23

24

25

26

27

28

# I.    __INTRODUCTION__

In flagrant violation of this Court's Chambers Rules and the Local Rules, and over SDCCU's express objection, CEFCU incorporated a completely new and unauthorized "reply" brief into the parties' Joint Motion for Determination Regarding Discovery Dispute (ECF 82-83 or "Joint Motion") that CEFCU deceptively disguised as a "Declaration of James W. Dabney" (the "Reply").

CEFCU's unauthorized inclusion of its Reply in what is supposed to be a "joint" filing violates ECF Rule 2(f)(4), which requires the moving party to certify that the content of the joint filing is acceptable to ___all parties___.  That is emphatically not the case here and, not surprisingly, in violation of ECF Rule 2(f)(4), CEFCU failed to include the required certification because, if they had, it would have been false.  The unauthorized Reply was first slipped into the October 15 joint filing without ever being sent to SDCCU in advance of the filing.  After that filing was rejected by the Court the next day, CEFCU again attempted to sneak the Reply into the joint filing without providing notice of its existence to SDCCU, but this time got caught.  By improperly including its Reply twice in the "joint" filing ___after___ receiving SDCCU's portion of the Joint Motion, CEFCU thereby violated this Court's Chambers Rule IV(F) which does not permit a reply.  The Reply also improperly includes attorney argument and baseless accusations, and falsely disparages SDCCU counsel's integrity in violation of the Local Rules regarding professionalism.  In the Joint Motion, CEFCU also improperly includes over a dozen emails between counsel—all in violation of Chamber Rule IV.E.6, Chamber Rule IV.F, Section 2(f)(4) of the Court's ECF Administrative Policies and Procedures, Local Rules 83.4(a)(2)(a), (c) & (e) and well-established case law.

For at least these reasons, SDCCU respectfully requests that the Court strike the unauthorized Reply, strike or deny CEFCU's prayer for relief in the Joint Motion, and sanction CEFCU and its counsel for their blatant and continued disregard for the

1 Court's rules.[1]

2 ## II. **BACKGROUND**

3 On September 8, 2019, Sheppard Mullin first located a trademark search report

4 dated January 11, 2011 that had been the subject of third-party discovery requests

5 from CEFCU. (ECF 82-45, Declaration of Jesse A. Salen In Support of SDCCU'S

6 Opposition to CEFCU's Motion to Compel ("Salen Compel Decl."), ¶ 6.) The search

7 report was misfiled at the back of a miscellaneous file in a set of seven bankers boxes

8 full of documents, the vast majority of which had nothing to do with trademarks, let

9 alone this dispute. (*Id.*) SDCCU promptly produced the search report two days later

10 on September 10, 2019. Despite this, CEFCU's counsel continues to falsely allege

11 that Sheppard Mullin withheld the search report from production. (*See, e.g.*, ECF 82-

12 2, pp. 3, 5.) Sheppard Mullin, on multiple occasions, has expressly denied these false

13 allegations and explained that "Sheppard Mullin conducted a reasonably diligent

14 search for the search report upon receiving CEFCU's requests, continued searching

15 for it in good faith after conducting its initial searches of files where the search report

16 would have been expected to be found, and produced the search report ***immediately***

17 after finding it in its misfiled location." (Declaration of Jesse A. Salen In Support of

18 Emergency Motion to Strike ("Salen Strike Decl."), ¶ 5, Ex. B.) Although it is not,

19 CEFCU contends that the timing of SDCCU's production of the search report is

20 somehow relevant to its implied privilege waiver argument briefed in the Joint Motion

21 CEFCU filed on October 18, 2019. (ECF 82-83.) That motion is now fully briefed.

22 Leading up to the filing of the motion, on October 6, 2019, CEFCU first

23 provided SDCCU a draft Joint Motion, including declarations and 40 exhibits,

---

25 [1] On October 21, 2019, SDCCU notified CEFCU that it intended to file this motion,
26 but this motion is styled as an emergency motion to strike because ECF Rule
2(f)(4) requires a party objecting to a joint filing to object within one business day
27 after the joint filing. Additionally, this motion is styled as an emergency motion
because it must necessarily be resolved at or before CEFCU's motion to compel,
28 which does not have a hearing date.

describing CEFCU's contention that SDCCU had waived privilege for a single document on SDCCU's privilege log.  (Salen Strike Decl. ¶ 6.)  In compliance with Judge Berg's Chamber Rule IV(F), on October 14, 2019, SDCCU provided CEFCU SDCCU's responsive portions, brief, and supporting declarations.  (*Id*. ¶ 7, Ex. C.) SDCCU also reminded CEFCU that much of the Joint Motion and several exhibits included SDCCU's confidential business information and should be treated accordingly under the Protective Order.  (*Id*.)  On October 15, 2019, CEFCU filed the Joint Motion, including exhibits, but also snuck in the unauthorized Reply that SDCCU had not previously seen by affixing it to the end of the exhibits and never informing SDCCU that it was adding it to the Joint Filing.  (ECF 77, 78.)  To be clear, no notice of the improper Reply was provided to SDCCU before the filing.  Instead, on October 16, 2019, CEFCU first served SDCCU with a copy of the papers it filed and lodged with the Court the day before.  (Salen Strike Decl., ¶ 8, Ex. D.)  Even when the documents were served, CEFCU never told SDCCU or its counsel about the Reply – undoubtedly hoping Sheppard Mullin would never notice CEFCU slipped it into the filing.  That same day, the Court denied CEFCU's motion to seal the Joint Motion because CEFCU had attempted to file the entire Joint Motion under seal, and did not provide a narrowly redacted public version of the filing.  (ECF 79.)  The Court gave CEFCU until October 18, 2019 to refile the Joint Motion.

On October 17, 2019, in preparation for the refiling of the motion on October 18, 2019, SDCCU provided CEFCU with redacted and unredacted versions of the entire Joint Motion, inclusive of what it believed was the full set of exhibits to the Joint Motion.  (Salen Strike Decl., ¶ 9, Ex. E.)  SDCCU requested that CEFCU provide a final version of the entire set of redacted moving papers before filing so that SDCCU could make sure the final brief and exhibits were properly redacted.  (*Id*.) After the close of business, at 5:52 pm Pacific Time on Friday, October 18, 2019, CEFCU provided SDCCU with the complete set of moving papers that it intended to file with the Court, which again snuck the improper and authorized Reply into the

1   filing.  (*Id.* ¶ 10, Ex. F.)  But, this time CEFCU got caught and SDCCU promptly
2   objected to the filing of the Joint Motion with the Reply.  (*Id.* ¶ 10, Ex. G.)
3   Nevertheless, later that evening CEFCU filed the Reply (ECF 83) as a linked
4   document to the Joint Motion (ECF 82).  SDCCU now moves to strike the Reply and
5   strike the entire Joint Motion or deny CEFCU's request for relief stated therein based
6   on this misconduct.  The Court should also sanction CEFCU and its counsel for its
7   misconduct.

8   **III.   ARGUMENT**

9       **A.   The Court Should Strike CEFCU's Motion to Compel For Filing**
10          **an Unauthorized Joint Motion Without SDCCU's Consent.**

11          This Court's Civil Chamber Rule IV(F) provides (in pertinent part) that "the
12   party initiating a joint motion to resolve a discovery dispute must provide opposing
13   counsel with a <u>complete draft</u> of the joint motion and any exhibits or <u>supporting</u>
14   <u>declarations</u> **at least five (5) business days** prior to the anticipated filing date."  Civil
15   Chamber Rule IV(F) (bold in original, underscore added).  In direct violation of this
16   rule, CEFCU's portion of the initial joint motion to compel that it provided to SDCCU
17   on October 6, 2019 did not include the Reply and, hence, was not "a complete draft"
18   of the joint motion.  Further, CEFCU snuck the Reply into the Joint Motion that
19   CEFCU filed under seal on October 15, 2019 and filed it without ever providing
20   advance notice to SDCCU of its existence or intent to include it in the parties joint
21   filing.  (ECF 78, p. 404 of 449.)  CEFCU did not even provide SDCCU a copy of the
22   Reply until the day after it was filed with the Court.  (Salen Strike Decl., ¶ 8, Ex. D.)
23   In doing so, CEFCU cheated SDCCU out of the opportunity to fully participate in the
24   discovery dispute resolution process and deprived SDCCU of the ability to address
25   the Reply in SDCCU's portion of the Joint Motion in violation of Chamber Rule
26   IV(F).  For this reason alone, the Joint Motion should be denied or stricken.  *Linlor v.*
27   *Chase Bankcard Servs., Inc.*, Case No. 17-cv-005-WQH, 2018 WL 2149795, at *2-3
28   (S.D. Cal. May 9, 2018) (denying joint motion to compel because the movant did not

1   "provide opposing counsel with a complete draft of the joint motion.").

2   **B.    The Court Should Strike CEFCU's Motion to Compel Because the**

3   **Joint Filing Was Not Authorized by SDCCU.**

4   CEFCU's inclusion of the Reply in the Joint Motion it filed on October 15,

5   2019 without SDCCU's authorization violated S.D. Cal. ECF Manual, Rule 2(f)(4).

6   Rule 2(f)(4) requires that "[t]he filer of any joint motion or other document requiring

7   more than one signature must certify that the content of the document is acceptable to

8   all persons required to sign the document . . . ."  But CEFCU did not do this, and its

9   certification to the contrary would have been fraudulent.  Instead, CEFCU buried the

10  Reply near the end of the 449-page Joint Motion *without* telling SDCCU of its

11  existence, apparently hoping that SDCCU would not see it.  This is even more

12  egregious considering, as previously mentioned, CEFCU withheld service of the as-

13  filed version until the  day after it was filed.  (Salen Strike Decl. at ¶ 8, Ex. D.)

14  CEFCU's misconduct clearly violates Rule 2(f)(4) and the Joint Motion should

15  therefore be denied or stricken.

16  Remarkably, despite SDCCU's objection, CEFCU violated the same rule ***a***

17  ***second time*** when it refiled the Joint Motion on October 18, 2019.  To start, on

18  October 16, 2019—the same day SDCCU was first given a copy of the Reply—the

19  Court rejected CEFCU's initial filing of the Joint Motion because CEFCU had

20  attempted to file the entire motion under seal.  (ECF 79.)  The Court further ordered

21  that CEFCU refile the motion on or before October 18, 2019.  (*Id*.)  Then, on October

22  17, 2019, in cooperation with CEFCU's request to help them redact SDCCU's

23  confidential business information from the Joint Motion, SDCCU provided CEFCU

24  with both *redacted* and *unredacted* versions of the Joint Motion that SDCCU believed

25  was the complete filing, ***and which did not include the unauthorized Reply***.  (Salen

26  Strike Decl., ¶ 9, Ex. E.)  SDCCU explicitly requested that CEFCU provide a final

27  version of the filing materials to SDCCU for approval prior to filing in order to review

28  them to make sure the proper redactions had been applied.  (*Id*.)  Then, well after the

close of business on October 18, 2019, CEFCU provided to SDCCU the version of the Joint Motion that CEFCU intended to file, in which CEFCU had again deceptively inserted its improper Reply.  (*Id.* ¶ 10, Ex. F.)  But this time CEFCU got caught during SDCCU's review of the materials.  SDCCU immediately and expressly objected to the inclusion of the improper Reply in the Joint Motion.  (*Id.* ¶ 10, Ex. G.)

Nevertheless, on Friday, October 18, CEFCU re-filed the Joint Motion that included the Reply anyway (this time as a separate filing, ECF No. 83, linked to the Joint Motion).  For this additional reason, CEFCU's Reply should be stricken and the Joint Motion should be denied.  *Jennings v. Bell Helicopter Textron, Inc*., Case No. 12-cv-1549-WQH, 2012 WL 12883209, at *1 (S.D. Cal. Sep. 28, 2012) (denying joint motion because the "filing fails to comply with Section 2(f)(4) of the Court's Electronic Case Filing Administrative Policies and Procedures.").

**C.** **The Court Should Strike CEFCU's Motion to Compel Because CEFCU Failed to Timely Provide Its Full Motion to Compel to SDCCU.**

By re-filing the joint motion and including CEFCU's improper Reply over SDCCU's objection and by not providing SDCCU with any opportunity at all to respond or oppose, CEFCU also violated L.R. 83.4(a)(2)(e), which requires counsel not to "serve motions and pleadings on the opposing parties or counsel at a time or in a manner that will unfairly limit their opportunity to respond."  For this additional reason, the Reply should be stricken and the Joint Motion should be denied.  *Cruz v. United States*, Case No. 14-cv-2956-LAB, 2016 WL 727066, at *1 n.1 (S.D. Cal. Feb. 24, 2016) (denying joint motion because "Plaintiff's counsel refused to provide Plaintiff's portion of the Joint Motion to [defendant's] counsel so that [defendant] could meaningfully prepare an opposition.").

It is apparent that CEFCU intentionally violated the rules in an attempt to circumvent the motion deadline.  Under Chambers Rule IV(D), the moving party must file its motion within 30 days after the event giving rise to the motion.  Here, the event

giving rise to CEFCU's motion to compel regarding the determination of discovery dispute was SDCCU's privilege log entry 44, which was served on September 14, 2019, making October 15, 2019 the deadline for CEFCU's motion.  (ECF 82.)  If CEFCU had properly given SDCCU five days to oppose CEFCU's portion of the joint motion that included the Reply, CEFCU's motion would have been untimely.  Instead, as discussed above, CEFCU unilaterally re-filed the newly revised Joint Motion that included the Reply over SDCCU's objection on October 19, 2019, after the 30-day deadline had expired.

**D.    The Court Should Strike CEFCU's Motion to Compel For Additional Reasons.**

The Reply improperly includes attorney argument, falsely disparages SDCCU counsel, and repeatedly attributes statements and positions to SDCCU counsel that it has never made or taken.  For example, in the Reply, CEFCU:

- Argues that the Oct. 14 Salen Declaration makes "new factual assertions" as to when the 1/27/11 Search Report had been located by Sheppard Mullin (Reply, ¶ 2)  — but that information had already been expressly communicated to CEFCU's counsel, at least via emails from Mr. Salen to counsel for CEFCU sent on September 10, 2019 and September 24, 2019 (Salen Strike Decl., ¶¶ 3, 5, Ex. B (Explaining that "Sheppard Mullin conducted a reasonably diligent search for the search report upon receiving CEFCU's requests, continued searching for it in good faith after conducting its initial searches of files where the search report would have been expected to be found, and produced the search report immediately after finding it in its misfiled location."));

- Argues that the Oct. 14 Salen Decl. "does not actually disclose when Mr. Salen first received or saw the 1/27/11 Search Report," which insinuates that Mr. Salen supposedly discovered the 1/27/11 Search Report at some unspecified time earlier, which is false and refuted by the Oct. 14 Salen

Decl., which confirms under oath that Mr. Salen first received or saw the 1/27/11 Search Report on September 8, 2019.  (Salen Compel Decl., ¶ 6); and

- Improperly argues that the Oct. 14 Salen Dec. is "consistent with Mr. Salen having received or seen the 1/27/11 Search Report at the time of the bolded language reproduced in Baratta Decl. Ex. NN" (which does not allege any specific date), but which is false and refuted by the Salen Decl., which confirms under oath that Mr. Salen first received or saw the 1/27/11 Search Report on September 8, 2019.  (Salen Compel Decl. ¶ 6.)

Not only do these portions of the unauthorized Reply blatantly misstate the facts, they also substantially comprise attorney argument improperly presented for the first time after the Joint Motion had been fully briefed by the parties.  Accordingly, the Reply should be disregarded and stricken.  *See Think Vill.-Kiwi, LLC v. Adobe Sys., Inc.*, Case No. 08-cv-04166-SI, 2009 WL 3837270, at *7 (N.D. Cal. Nov. 16, 2009) (striking attorney argument in a declaration because "counsel was required to include all argument within the text of the reply brief."); *Luna v. Ridge*, 436 F. Supp. 2d 1163, 1167 (S.D. Cal. 2006) ("Counsel's opinions and argument are not evidence. The Court disregards all such speculation and conjecture . . ."); *Gaines v. Law Office of Patenaude & Felix, A.P.C.*, Case No. 13-cv-1556-JLS, 2014 WL 3894340, at *1 n.1 (S.D. Cal. Aug. 7, 2014) ("the Court will disregard any improper argument that is contained in the declaration.").

## E.    The Court Should Sanction CEFCU and its Counsel for Repeatedly Violating the Court's Rules.

Unfortunately, this is not the first instance of CEFCU's rule violations.  It is only the most recent in a string of such repeated rule violations.  On May 2, 2018, in the cancellation proceeding before the TTAB, CEFCU filed a reply brief in support of its motion to amend the petition for cancellation that improperly included highly-confidential SDCCU information (namely, certain excerpts from a deposition

transcript that were by law protected against disclosure and which SDCCU subsequently designated as attorneys' eyes only).  (Salen Strike Decl., ¶ 12, Ex. H.) SDCCU's counsel immediately demanded that CEFCU seal the protected material. (*Id.* ¶ 13, Ex. I.)  CEFCU subsequently filed a motion to seal the protected material, but the Court denied the motion because it was impossible to "un-ring" the bell once confidential material is filed publicly, leaving SDCCU's confidential material forever in the public domain.  (*Id.* ¶¶ 13-14, Exs. H, J.)

Moreover, CEFCU has unfairly, improperly and falsely disparaged SDCCU counsel throughout this case in violation of the Local Rules.  Local Rule 83.4(a)(2) provides (in pertinent part) that attorneys must not (i) "disparage" the "integrity or behavior or opposing parties or counsel," or (ii) "knowingly participate in litigation . . . that is designed to harass or drain the financial resources of the opposing party." L.R. 83.4(a)(2)(a),(c).  Here, however, that is precisely what CEFCU has done throughout this case.  For example, during a deposition, CEFCU stated that Sheppard Mullin has been lying to opposing counsel, and even referred to Sheppard Mullin's alleged "coverup."  (ECF No. 82-42 (Baratta Dec., Ex. MM, at 59:9-12).)  In CEFCU's motion to compel, CEFCU referred to SDCCU's "secret[] conten[tions]," "strong motivation to [] mislead CEFCU," "highly deceptive . . . statements," and "withholding" of documents.  CEFCU's allegations are unsupported.  (ECF No. 82-2.)  Again, to be abundantly clear, neither SDCCU nor Sheppard Mullin knew about the existence of the 1/26/11 privileged e-mail or the search report until September 8, 2019, which was confirmed by verified interrogatory response and emails between counsel.  (Salen Compel Decl., ¶¶ 6-9, Exs. B, C.)

Finally, CEFCU's motion improperly contains over a dozen emails between counsel, in violation of the Court's Chamber Rule IV.E.6 requiring that the joint motion not contain copies of correspondence or email between counsel (unless relevant to show breach of an agreement, which is not the case here).  (ECF 82-11, 82-13, 82-14, 82-17, 82-19, 82-20, 82-23, 82-29, 82-30, 82-31, 82-33, 82-37, 82-38,

82-40, Exs. H, J, K, N, P, Q, T, Z, AA, BB, DD, HH, II, KK.)  CEFCU's repeated violations of the rules has required SDCCU to incur substantial costs to defend itself against CEFCU's misconduct.  SDCCU's counsel has repeatedly demanded that CEFCU and its counsel stop violating the rules.  (*See, e.g.*, Salen Strike Decl. ¶ 5, Ex. B.)  Unfortunately, it appears that CEFCU's and its counsel's misconduct is likely to continue unless sanctioned by the Court.  Accordingly, SDCCU respectfully requests that the Court sanction CEFCU and counsel for their repeated misconduct, deny CEFCU's request for relief in the Joint Motion, strike the Joint Motion, together with the Reply from the record, and award SDCCU its fees and costs for defending itself against CEFCU's filing of the Joint Motion and other relief as the Court may deem appropriate.  *Brooks v. Motsenbocker Advanced Developments, Inc.*, Case No. 07-cv-0773-MMA, Dkt. 162 at 2 (S.D. Cal. Feb. 2, 2009) (revoking counsel's *pro hac vice* status because counsel has "unnecessarily multiplied the proceeding in this case, grossly mischaracterized the factual record . . . and accused his adversary of stonewalling and thwarting discovery without any evidence to support those accusations.").

## IV.    CONCLUSION

For all the foregoing reasons, SDCCU respectfully requests that the Court strike the Reply and the Joint Motion, deny CEFCU's request for relief in the Joint Motion, award SDCCU its fees and costs, and sanction CEFCU and its counsel for their misconduct as the Court deems appropriate.

1    Dated:  October 21, 2019

2                 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4          By

5                 */s/ Stephen Korniczky*

                Stephen S. Korniczky (Cal. Bar No. 135532)

6                 Martin R. Bader (Cal. Bar No. 222865)

                Lisa M. Martens (Cal. Bar No. 195824)

7                 Jesse A. Salen (Cal. Bar No. 292043)

8                 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

9                 12275 El Camino Real, Suite 200

10                San Diego, California 92130

               Telephone: (858) 720-8900

11               Facsimile: (858) 509-3691

12               Email: SKorniczky@sheppardmullin.com

                   Mbader@sheppardmullin.com

13                   LMartens@sheppardmullin.com

14                   JSalen@sheppardmullin.com

15                Attorneys for San Diego County Credit Union

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 21, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

By    */s/ Stephen Korniczky*
      Stephen Korniczky