Just James W. Dabney (Pro Hac Vice)
Emma L. Baratta (Pro Hac Vice)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
e-mail:    James.Dabney@hugheshubbard.com
           Emma.Baratta@hugheshubbard.com

Steven J. Cologne (Bar No. 118534)
Geoffrey M. Thorne (Bar No. 284740)
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, CA 92101-7910
Telephone: (619) 236-1551
Facsimile: (619) 696-1410
e-mail:  scologne@higgslaw.com
         thorneg@higgslaw.com

Attorneys for Defendant
Citizens Equity First Credit Union

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COUNTY CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS EQUITY FIRST CREDIT UNION,<br><br>Defendant. | Case No. 3:18-cv-00967-GPC-MSB<br><br>**CEFCU'S MEMORANDUM IN OPPOSITION TO SDCCU'S EMERGENCY MOTION TO STRIKE THE JOINT MOTION FOR DISCOVERY (DKT. 82) AND THE CEFCU REPLY DECLARATION (DKT. 83)**<br><br>Judge: Hon. Michael S. Berg |

1

1

2

3

# **TABLE OF CONTENTS**

Page

I.   THE JOINT MOTION (DKT. 82) WAS FILED WITH SDCCU'S EXPRESS APPROVAL, IN THE EXACT FORM SDCCU APPROVED, AND IN FULL ACCORD WITH THE DISCOVERY PROCEDURES OF THIS COURT. ... 1

II.  THE REPLY DECLARATION (DKT. 83) WAS PROPERLY FILED AND SHOULD NOT BE STRUCK. .............................................................. 5

CONCLUSION .................................................................................. 6

CERTIFICATE OF SERVICE .................................................................. 1

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CEFCU respectfully submits this memorandum in opposition to SDCCU's "emergency" motion to strike (i) the Joint Motion for Discovery (the "Joint Motion"; Dkt. 82) and (ii) the Reply Declaration of James W. Dabney (the "Reply Declaration"; Dkt. 83). The motion should be denied.

## I. THE JOINT MOTION (DKT. 82) WAS FILED WITH SDCCU'S EX-PRESS APPROVAL, IN THE EXACT FORM SDCCU APPROVED, AND IN FULL ACCORD WITH THE DISCOVERY PROCEDURES OF THIS COURT.

The Joint Motion deals with a disputed claim of privilege that SDDCU made, for the first time, on September 14, 2019. Declaration of Emma L. Baratta (Dkt. 82-3) ¶¶ 3, 47 & Ex. LL (Dkt. 82-41). The parties met and conferred on September 30, 2019, but were unable to resolve the dispute. Dkt. 82-3 ¶¶ 8-9.

On October 6, 2019, with a view to the 30-day time limit prescribed in the Court's Civil Chambers Rules, CEFCU served SDCCU with its half of what would eventually be filed as the Joint Motion. As set forth in Dkt. 82-2, CEFCU contends that SDCCU impliedly waived privilege in a communication dated January 26, 2011, re "trademark application**s**" (Dkt. 82-2 at 1; emphasis added) by repeatedly asserting that SDCCU purportedly did not have any "pre-filing search report **for** SDCCU's subject mark." *Id.* at 3 (emphasis added); Dkt 82-3 ¶ 49 & Ex. NN (Dkt. 82-43). These assertions, CEFCU contends, put at issue what a long-withheld pre-filing search report (the "Withheld Report"; Dkt. 82-5) had been actually generated "for" and why, over a 19-month period, SDCCU had not only failed to produce this report, but had made multiple statements which falsely suggested that no such report existed. Dkt. 82-2 at 2-4; Dkt. 82-43 (timeline).[1]

At the time CEFCU served its half of the Joint Motion on October 6, SDCCU was taking the position that it need not make discovery of whether and when particu-lar attorneys in the firm of Sheppard Mullin Richter & Hampton LLP ("SMRH") were

---

[1] The Withheld Report has been in the possession, custody, or control of SDCCU's trial counsel for the duration of this lawsuit. This is undisputed.

aware of the Withheld Report prior to September 10, 2019.  *See, e.g.*, Dkt. 82-42 at 40:21-25, 41:10-53:18, 82:10-83:14, 89:4-89:16; Dkt. 82-2 at 3; Dkt. 82-3 ¶ 39 & Ex. DD (Dkt. 82-33); Dkt. 82-43.  During a subsequent telephone conference held October 11, 2019, SDCCU persisted in this position and refused to make discovery of when ten specifically-identified SMRH attorneys first saw or received the Withheld Report.  Dkt. 83 ¶ 6.

CEFCU was thus surprised when, late in the afternoon of October 14, 2019, the day before the 30-day deadline for filing the Joint Motion, SDCCU reversed position and included, with its half of the Joint Motion, a Declaration of Jesse A. Salen (the "Oct. 14 Salen Decl."; Dkt. 82-45) which presented testimony on the very subject matter as to which SDCCU had previously claimed privilege as recently as October 11, 2019.

CEFCU accordingly prepared, and initially sought to include with the Joint Motion, a Reply Declaration (Dkt. 83) to make of record SDCCU's change of position since October 11, 2019, and to point out that the Oct. 14 Salen Declaration does not state when various specifically-identified SMRH attorneys first received, saw, or knew of the Withheld Report.  *See* Dkt. 83 ¶¶ 3-7, 8-10, 11-12.  CEFCU attempted to file the Joint Motion on October 15 under seal per SDCCU's request and served SDCCU with a copy of all materials—including the Reply Declaration—the next day.  *See* Dkt. 85-6.

On October 16, 2019, the Court ordered CEFCU to refile the Joint Motion with more narrow sealing, setting a deadline of October 18, 2019, for refiling.[2]  Dkt. 79.  SDCCU thereafter provided CEFCU with a redacted version of the Joint Motion which omitted the Reply Declaration.  *See* Declaration of Emma L. Baratta, sworn to October 23, 2019 ("Baratta Oct. 23 Decl.") ¶ 6 (submitted herewith).  On October 18,

---

[2] Contrary to SDCCU's suggestion (*see* Dkt. 85-1 at 7), CEFCU filed the Joint Motion on October 18, not October 19, as shown by the ECF header on Dkt. 82.

2

2019, the parties exchanged e-mails concerning whether, in the circumstances, SDCCU could rightly insist on excluding the Reply Declaration from the Joint Motion.  In the end, CEFCU agreed to file the Joint Motion in the exact form proposed by SDCCU and stated it would handle the Reply Declaration separately (Baratta Oct. 23 Decl. ¶ 8 & Ex. B) (emphasis added):

> The reply declaration and exhibit were included with the materials sent to you on Wednesday (see attached). **We disagree that SDCCU has the right to insist on separating it from the rest of the filing, but pursuant to your objection we will remove it from the joint filing and handle it separately.** Having confirmed that we will remove the declaration as requested, we would like to commence filing. Please confirm.

SDCCU then responded: "**You have our consent to file without the Dabney declaration.**" *Id*. ¶ 7 Ex. A (emphasis added).  SDCCU tellingly omits this e-mail exchange from its motion to strike.

The Joint Motion (Dkt. 82) was thus filed with SDCCU's express consent, and in the exact form that SDCCU approved.  SDCCU's assertion that the Reply Declaration purportedly was "incorporated  . . . into" the Joint Motion (Dkt. 85-1 at 1) is untrue as can be seen from Dkt. 82 itself.  The threshold premise of SDCCU's motion to strike (Dkt. 85) is thus incorrect and does not justify striking Dkt. 82.

SDCCU raises other purported grounds for striking the Joint Motion, none of which have merit.  SDCCU asserts (Dkt. 85-1 at 4, 6-7) that CEFCU should have included the Reply Declaration with its half of the Joint Motion and CEFCU's failure to do so supposedly "cheated" and "deprived" SDCCU of any opportunity to respond to it.  SDCCU's "cheated" contention is insupportable for two reasons: First, SDCCU completely changed its position between October 11 and October 14 as noted above.  Second, SDCCU had more than a "reasonable opportunity to contribute to the joint motion" (Chambers Rule IV(F)), because SDCCU's response was written with the full benefit of CEFCU's motion, brief, and supporting declaration.  SDCCU's opportunity to contribute to the joint motion was not lessened by reason of a later Reply

3

Declaration—litigants typically do not have the benefit of a reply when drafting an opposition.  Regardless, CEFCU would not object to SDCCU filing a rejoinder to the Reply Declaration if it wished.

SDCCU alternatively asserts (Dkt. 85-1 at 5) that the attorney filer of the Joint Motion made a clerical error in failing to "certify" that the Joint Motion was, in fact, "acceptable to all persons required to sign the document."  CEFCU acknowledges the clerical error, but it was just that.  As noted above, SDCCU expressly did consent, in writing, to the filing of the Joint Motion (Dkt. 82) in the exact form in which it was filed.  Baratta Oct. 23 Decl. Ex. A.  The motion to strike makes no contention otherwise.

SDCCU asserts that the Joint Motion "disparages SDCCU counsel" (Dkt. 85-1 at 7-9) because it points out that certain SDCCU counsel statements, such as "SDCCU does not have *such* a search report" (Dkt. 82-2 at 3; emphasis added), appear to have been carefully worded to conceal the existence of the Withheld Report.  SDCCU's argument erroneously conflates legitimate complaints about discovery misconduct, on the one hand, with gratuitous *ad hominem* attacks, on the other.  SDCCU's motion to strike is shot through with the latter ("sneak"; "snuck"; "cheated", etc.),[3] but the Joint Motion is strictly focused on what SDCCU counsel actually said, and SDCCU's refusal to disclose what its agents knew, when, concerning the Withheld Report at relevant times.

SDCCU asserts that the Joint Motion includes "over a dozen e-mails" (Dkt. 85-1 at 9-10), but in this case, the e-mails are presented as *evidence* supporting a finding of implied waiver.  Dkt. 82-2 at 4-5.  Nothing in the Court's Chamber Rules prevents a litigant from presenting relevant evidence.

[3] Contrary to SDCCU's "sneak" characterization, the Reply Declaration was specifically identified in a service e-mail to SDCCU.  *See* Baratta Oct. 23 Decl. Ex. B at 4.

4

SDCCU finally asserts (Dkt. 85-1 at 8-9) that the Court should strike the Joint Motion as a punishment for a disputed filing event in a PTO administrative proceeding more than 17 months ago.  No authority is cited for this unusual request.

## II.  THE REPLY DECLARATION (DKT. 83) WAS PROPERLY FILED AND SHOULD NOT BE STRUCK.

As noted above, between September 20 and October 14, 2019, SDCCU took the position that it would not disclose, on privilege grounds, when particular SMRH attorneys first saw or knew of the Withheld Report or even what had been done to search for the Withheld Report.  *See* Dkt. 82-42 (highlighted instructions not to answer); Dkt. 83 ¶¶ 2-7 & Ex. 1 (Dkt. 83-1).  It was only late in the afternoon on October 14, the day before the 30-day deadline for filing the Joint Motion under the Court's Chamber Rules, that SDCCU reversed course on this issue as noted above.

CEFCU submits that in these unusual circumstances, it was necessary and appropriate to reply to the new factual assertions made, for the first time, in the Oct. 14 Salen Declaration.  Given SDCCU's past refusals to make deposition (Dkt. 82-42) or documentary discovery (Dkt. 83-1) with respect to when particular SMRH attorneys first saw or knew of the Withheld Report, it was fundamentally unfair for SDCCU to present, the day before the Joint Motion filing deadline, a self-serving declaration on that subject while withholding all contemporaneous documentary evidence on the subject.

SDCCU now broadly asserts, for the first time, that: "On September 8, 2019, Sheppard Mullin first located a trademark search report dated January 11, 2019, that had been the subject of third-party discovery requests from CEFCU."  Dkt. 85-1 at 2. Passing over that the Withheld Report is dated January **27**, not January **11**, no evidence yet of record supports this broad assertion and SMRH's withholding of all contemporaneous documentary evidence (Dkt. 83-1) prevents any reliable determination, at this time, of whether the Withheld Report (which was undisputedly in SMRH's

5

possession, custody, or control) was, or was not, actually known to one or more SMRH attorneys at relevant times.

The Reply Declaration is a mere 2 ½ pages long and makes of record SDCCU's expressly stated position, as recently as October 11, 2019, that SDCCU and SMRH would not disclose what the Oct. 14 Salen Decl. purports to disclose. CEFCU submits that fundamental fairness requires that it be able to reply to SDCCU's new factual assertions in the circumstances.

The Reply Declaration is a CEFCU filing, not a "joint" filing, and does not purport to be anything SDCCU sponsored or approved. The facts presented in the Reply Declaration are important to the Court's ability to assess what weight, if any, it can rightly attribute to the Oct. 14 Salen Decl. given SDCCU's and SMRH's previous and current refusals to make discovery on the same subject matter.

Nothing in the Court's Chambers Rules prohibits the filing of a reply declaration. The Court is free to consider, or not consider, the Reply Declaration in its discretion. SDCCU's motion to strike does not dispute the points made in the Reply Declaration. It should not be permitted to game the Court's Chamber Rules by means of a last-minute change of position and motion to strike evidence that exposes the emptiness of its new position.

## CONCLUSION

The motion to strike should be denied in all respects.

DATED:  October 23, 2019

By:   ___/s/ James W. Dabney___
James W. Dabney

James W. Dabney (NY Bar No. 2211423; NJ Bar No. 011881981)
Emma L. Baratta (NY Bar No. 5018627)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone:  (212) 837-6000

6

1    Facsimile:  (212) 422-4726
     e-mail: James.Dabney@hugheshubbard.com
2          Emma.Baratta@hugheshubbard.com

3    HIGGS FLETCHER & MACK LLP
     401 West "A" Street, Suite 2600
4    San Diego, California 92101-7913
     Telephone:   (619) 236.1551
5    Facsimile:    (619) 696.1410

6
     Steven J. Cologne, Esq. Bar No. 118534
7    scologne@higgslaw.com

8    Geoffrey M. Thorne (Bar No. 284740)
     thorneg@higgslaw.com
9
10   Attorneys for Defendant
     Citizens Equity First Credit Union
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CEFCU'S MEMORANDUM IN OPPOSITION TO SDCCU'S EMERGENCY MOTION TO STRIKE THE
JOINT MOTION FOR DISCOVERY (DKT. 82) AND THE CEFCU REPLY DECLARATION (DKT. 83)
Case No. 3:18-cv-00967-GPC-MSB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2019, the foregoing CEFCU'S MEMO-
RANDUM IN OPPOSITION TO SDCCU'S EMERGENCY MOTION TO STRIKE
THE JOINT MOTION FOR DISCOVERY (DKT. 82) AND THE CEFCU REPLY
DECLARATION (DKT. 83) was filed electronically on the CM/ECF system, which
caused all CM/ECF participants to be served by electronic means.

By:  /s/  *James W. Dabney*____
James W. Dabney