SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
STEPHEN S. KORNICZKY, Cal. Bar No. 135532
MARTIN R. BADER, Cal. Bar No. 222865
LISA M. MARTENS, Cal. Bar No. 195824
JESSE A. SALEN, Cal. Bar No. 292043
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone:  858.720.8900
Facsimile:  858.509.3691
E mail      skorniczky@sheppardmullin.com
            mbader@sheppardmullin.com
            lmartens@sheppardmullin.com
            jsalen@sheppardmullin.com

Attorneys for San Diego County Credit Union

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| San Diego County Credit Union,<br><br>   Plaintiff,<br><br>   v.<br><br>Citizens Equity First Credit Union,<br><br>   Defendant. | Case No. 3:18-cv-0967-GPC-MSB<br><br>**SDCCU's SUR-REPLY IN OPPOSITION TO CEFCU'S MOTION TO COMPEL DISCOVERY ON GROUNDS OF IMPLIED WAIVER OF PRIVILEGE (ECF NO. 82)**<br><br>Judge: Hon. Michael S. Berg |

## I. INTRODUCTION

As authorized by the Court's November 1, 2019 Order (ECF No. 90), SDCCU respectfully submits this Sur-Reply in response to the "Reply Declaration of James W. Dabney" (ECF No. 83, the "Dabney Reply").

On October 18, 2019, CEFCU filed a Joint Motion for Determination of Discovery Dispute (ECF 82) arguing that SDCCU waived privilege of a single January 26, 2011 email between SDCCU and its attorney relating to advice on trademark applications (the "Privileged Document"). CEFCU also filed the Dabney Reply declaration that purported to respond to factual statements made by SDCCU's attorney, Jesse Salen, in a declaration submitted in support of SDCCU's positions in the Joint Motion and signed by Mr. Salen on October 14, 2019 (ECF 82-45, the "Salen Declaration").

First and foremost, the Dabney Reply has no bearing whatsoever on whether there was a waiver of the attorney-client privilege such that the January 26, 2011 email should be produced. Instead, the Dabney Reply offers misguided and entirely unsupported attorney argument that mischaracterizes and distorts the straightforward facts set forth in the Salen Declaration. Mr. Dabney is apparently unable to accept the fact that the trademark search report was misfiled in a miscellaneous file that was buried within seven bankers boxes of largely unrelated files, and therefore wasn't located until a supplemental search was conducted. Instead, he bends truthful statements about when SDCCU first located the search report to try and support the long disproven conspiracy theory that SDCCU intentionally withheld the search report from production. As SDCCU has repeatedly made clear, it never withheld the search report from production, but instead, produced it immediately after first locating it on September 8, 2019. (*See* ECF 91 at 3; ECF 82-45; ECF 85-2.) In view of the foregoing, and SDCCU's positions set forth in the Joint Motion (ECF 82-44), SDCCU respectfully requests that the Court deny CEFCU's motion to compel and award SDCCU its fees and costs for opposing CEFCU's frivolous motion.

## II. ARGUMENT

Nothing in the Dabney Reply changes the fact that CEFCU is improperly seeking what is indisputably a privileged attorney-client correspondence. There has been no waiver of privilege, CEFCU has absolutely no right to the correspondence, and it has not cited any authority which would support its argument of waiver. CEFCU's motion is entirely meritless in that respect.

Turning now to the specifics of the Dabney Reply, it attempts to mislead the Court by mischaracterizing facts and proffering unsupported conjecture in three ways. Each are addressed in turn.

First, CEFCU argues that the Salen Declaration set forth "new factual assertions" as to *when* the 1/27/11 Search Report had been located by Sheppard Mullin. (*See* Dabney Reply at ¶ 2; ECF No. 86, Opposition to Motion to Strike, at 5.) This is false. Instead, each of the facts set forth in the Salen Declaration had been previously made known to CEFCU through multiple emails from SDCCU's counsel to CEFCU's counsel sent on September 10, 2019 and September 24, 2019. Specifically, a September 10, 2019 email explained that the documents being produced were hard to find because "[t]hese documents were only available in hard copy, and had been misfiled and comingled with non-responsive documents." (*See* ECF No. 82-40, Ex. KK.) And, a September 24, 2019 email further explained that "Sheppard Mullin conducted a reasonably diligent search for the search report upon receiving CEFCU's requests, continued searching for it in good faith after conducting its initial searches of files where the search report would have been expected to be found, ***and produced the search report immediately after finding it in its misfiled location***." (ECF No. 85-2 at ¶¶ 3, 5, Ex. B (emphasis added).) Therefore, CEFCU was clearly aware of *when* Sheppard Mullin located the 1/27/11 Search Report—*i.e.*, "immediately" before its production on September 10, 2019—and even *how* Sheppard Mullin found the Search Report.

Second, the Dabney Reply alleges that the Salen Declaration "does not actually

disclose when Mr. Salen first received or saw the 1/27/11 Search Report," which insinuates that Mr. Salen supposedly discovered the 1/27/11 Search Report at some unspecified earlier date and that Mr. Salen is allegedly and intentionally trying to mislead the Court. (Dabney Reply at ¶ 8.) Again, nothing could be further from the truth. The Salen Declaration confirms under oath that Mr. Salen first received or saw the 1/27/11 Search Report on September 8, 2019. (Salen Declaration at ¶¶ 2-6 (confirming that Mr. Salen conducted multiple searches for responsive documents between April 2018 and August 2019, but "no relevant search report or related documents [were] found." Then, "[o]n September 8, 2019, [Mr. Salen] conducted a supplemental and extensive search of all documents contained in the seven banker's boxes" and found the search report "attached to the back of a miscellaneous documents clip in a file unrelated to trademarks.").)

Third, the Dabney Reply suggests that Sheppard Mullin found the "1/27/11 Search Report" in April 2018, withheld the search report from production based on relevance objections, but then changed its position and produced the document on September 10, 2019. (*See* Dabney Reply at ¶¶ 8-12.) This gross distortion of the factual record is not only far-fetched, but it is blatantly false. As discussed in its recent Opposition to CEFCU's Ex Parte Motion to Compel, SDCCU produced the search report as soon as it was discovered, i.e., prior to any motion to compel, prior to any deposition, prior to the close of discovery, and without any prejudice to CEFCU. (ECF 91 at 3.) All of the documentary and testimonial evidence proffered by the parties to date plainly demonstrates that SDCCU never withheld the search report from production as CEFCU suggests. SDCCU had truthfully responded to CEFCU's document subpoena that the search report could not be located after a reasonable search. (See, e.g., ECF 82-12 at 22; ECF 82-14 at 1; ECF 82-27 at 7, 8-10; 82-36 at 15-16; ECF 82-46 at 15-16.) Sheppard Mullin further expressly and truthfully indicated that it was not withholding the search report based on relevance. (*See*, e.g., ECF 82-31.) The search report was subsequently located on September 8, 2019 after

Sheppard Mullin conducted a supplemental search of seven bankers boxes filled with SDCCU's trademark and non-trademark related files. On September 10, 2019, Sheppard Mullin immediately produced the search report, together with a correspondence explaining the circumstances that made the search report difficult to locate (e.g., that it was misfiled at the back of a miscellaneous file instead of in one of the trademark files). (ECF 82-45; ECF 85-2.)

Finally, the Dabney Reply is also an improper attorney declaration because it substantially comprises attorney argument (not facts), and should be disregarded by the Court. *See, e.g.*, *Luna v. Ridge*, 436 F. Supp. 2d 1163, 1167 (S.D. Cal. 2006) ("Counsel's opinions and argument are not evidence. The Court disregards all such speculation and conjecture . . ."); *Shaw v. Veterans Health Admin.*, No. 12-cv-2369-BEN-NLS, 2013 WL 6909467, at *3 (S.D. Cal. Dec. 18, 2013) ("It is inappropriate to consider arguments raised for the first time in a reply brief" (citation omitted)); *Gaines v. Law Office of Patenaude & Felix, A.P.C.*, Case No. 13-cv-1556-JLS, 2014 WL 3894340, at *1 n.1 (S.D. Cal. Aug. 7, 2014) ("the Court will disregard any improper argument that is contained in the declaration."). For example, the Dabney Reply improperly argues a hypothetical narrative that the Salen Declaration is "consistent with Mr. Salen having received or seen the 1/27/11 Search Report at the time of the bolded language reproduced in Baratta Decl. Ex. NN" (which does not allege any specific date). (Dabney Reply at ¶ 11.) These are not facts – they are simply attorney argument that Mr. Dabney slipped into a declaration because he know the rules do not permit a reply brief. The improper arguments in the Dabney Reply should be ignored by the court as both legally inappropriate and factually refuted.

### III.  CONCLUSION

For all the foregoing reasons, including those set forth in the Joint Motion, SDCCU respectfully requests that the Court deny CEFCU's request in the Joint Motion to compel discovery of the privileged 1/26/2011 email and award SDCCU its attorneys' fees and costs.

Dated: November 5, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ Stephen Korniczky*
Stephen S. Korniczky (Cal. Bar No. 135532)
Martin R. Bader (Cal. Bar No. 222865)
Lisa M. Martens (Cal. Bar No. 195824)
Jesse A. Salen (Cal. Bar No. 292043)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 200
San Diego, California 92130
Telephone: (858) 720-8900
Facsimile: (858) 509-3691
Email: SKorniczky@sheppardmullin.com
       Mbader@sheppardmullin.com
       LMartens@sheppardmullin.com
       JSalen@sheppardmullin.com

Attorneys for San Diego County Credit Union

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 5, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

By   */s/ Stephen Korniczky*
     Stephen Korniczky