UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COUNTY CREDIT UNION,<br><br>        Plaintiff,<br><br>v.<br><br>CITIZENS EQUITY FIRST CREDIT UNION,<br><br>        Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 18cv967-GPC(MSB)<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE [ECF NO. 82]** |

  Before the Court is the parties' "Joint Motion for Determination of Discovery Dispute Regarding SDCCU Privilege Log Entry 44" [ECF No. 82], which includes Defendant's Citizens Equity First Credit Union's ("CEFCU") "Motion to Compel Discovery on Grounds of Implied Waiver of Privilege" [ECF No. 82-2 ("Mot.")] and Plaintiff's San Diego County Credit Union's ("SDCCU") Opposition [ECF No. 82-44 ("Opp'n")], Reply Declaration of James W. Dabney [ECF No. 83], and Plaintiff's Sur-Reply [ECF No. 92]. The parties ask the Court to resolve their discovery dispute concerning Entry No. 44 on Plaintiff's Privilege Log, which contains a January 26, 2011 e-mail over which Plaintiff has

1

asserted attorney-client privilege, and to award their respective attorney's fees and costs associated with the instant motion. (See id.)

**A.      Defendant's Motion to Compel**

Defendant asks the Court to overrule Plaintiff's assertion of privilege with respect to the January 26, 2011 e-mail and compel the production of the e-mail to Defendant. (ECF No. 82-1 at 3.) Alternatively, Defendant asks the Court to review the e-mail at issue *in camera* and "determine whether it refers to IT'S NOT BIG BANK BANKING. IT'S BETTER[,] or a variant thereof"; and if it does so determine, order the production of the e-mail and the unredacted copy of the January 27, 2011 time entry. (Id.) Plaintiff opposes Defendant's motion to compel, arguing that the e-mail at issue is protected by the attorney-client privilege, and the privilege has not been waived. (Opp'n at 2, 5.) Plaintiff asserts that the disputed document contains communications between SDCCU and its lawyers containing a request for legal advice regarding trademark applications. (Id. at 2.)

The Federal Rules of Civil Procedure authorize parties to obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense and proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; the requesting party has had ample opportunity to obtain discovery; or the discovery sought is beyond the scope of Federal Rule of Civil Procedure 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

"The attorney-client privilege exists where: '(1) [] legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.'" United States v. Richey, 632 F.3d 559, 566 (9th Cir. 2011) (quoting United States v. Graf, 610 F.3d 1148, 1156 (9th Cir. 2010)). The party asserting the attorney-client privilege has the burden of demonstrating the privilege applies. In re Excel Innovations, Inc., 502 F.3d 1086, 1099 (9th Cir. 2007).

When a party discloses a privileged attorney communication, they waive the privilege as to all other communications on the same subject. Weil v. Inv./Indicators, Research, and Mgmt., Inc., 647 F.2d 18, 24 (9th Cir. 1981); see also Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992) ("Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived."). However, waiver is limited to "matter actually disclosed" in the communication. Weil, 647 F.2d at 25.

On November 18, 2019, after reviewing the Joint Motion, and all related pleadings, declarations, exhibits, and supplemental filings, the Court ordered Plaintiff to lodge a copy of the January 26, 2011 e-mail, identified as entry No. 44 on its Privilege Log, for *in camera* review. (ECF No. 96.) Plaintiff timely lodged the document. (See ECF Nos. 96 & 97.) After reviewing the January 26, 2011 e-mail, as well as careful consideration of the briefing and exhibits provided by the parties, the Court finds that the document at issue is protected by the attorney-client privilege and the privilege has not been waived. Accordingly, the Court **DENIES** Defendant's motion to compel.

///
///
///
///

## B. Parties' Requests for Attorney's Fees and Costs

Both parties move the Court to award their respective attorney's fees and costs associated with the instant motion. (See Mot. at 15; Opp'n at 6.) If a motion to compel discovery is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). "Discovery conduct is substantially justified if it is a response to a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." Whitewater W. Indus., Ltd. v. Pacific Surf Designs, Inc., Case No.: 17cv1118-BEN (BLM), 2019 WL 1547407, at *8 (S.D. Cal. Apr. 8, 2019) (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

As discussed above, the Court denies Defendant's motion to compel. Nevertheless, the Court finds that each party's position with respect to the instant discovery dispute was substantially justified, and **DECLINES** to impose sanctions. See Fed. R. Civ. P. 37(a)(5)(B).

**IT IS SO ORDERED.**

Dated: December 11, 2019

Honorable Michael S. Berg
United States Magistrate Judge