1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10
11   SAN DIEGO COUNTY CREDIT           Case No.:  18cv967-GPC(MSB)
     UNION,
12                                     **ORDER GRANTING PLAINTIFF'S**
                           Plaintiff,  **MOTION FOR SUMMARY**
13                                     **JUDGMENT ON THE FIRST AND**
     v.                                **SECOND CAUSES OF ACTION IN**
14                                     **THE SECOND AMENDED**
     CITIZENS EQUITY FIRST CREDIT      **COMPLAINT AND SUA SPONTE**
15   UNION,                            **DISMISSING COUNTERCLAIM**
                                       **FOR LACK OF SUBJECT MATTER**
16                         Defendant.  **JURISDICTION**
                                        [REDACTED VERSION ORIGINAL]
17                                     **[FILED UNDER SEAL]**
18
19                                     **[Dkt. Nos. 149, 158, 161, 241.]**
20
21
22        Before the Court is Plaintiff's motion for summary judgment on the first and

23   second causes of action for declaratory relief of non-infringement and summary judgment

24   on Defendant's counterclaim for cancellation of trademark registration.  (Dkt. No. 161.)

25   Plaintiff filed an opposition and Defendant replied.  (Dkt. Nos. 191, 221.)  A hearing was

26   held on July 2, 2020.  (Dkt. No. 245.)  Jesse Salen, Martin Bader and Stephen Korniczky

27                                           1

28                                                        18cv967-GPC(MSB)

appeared as counsel for Plaintiff and James Dabney, Geoffrey Thorn, Emma Barrata and Stefanie Garibyan appeared as counsel for Defendant.  (*Id.*)  On August 6, 2020, the Court directed the parties to file a supplemental brief on the Court's continuing jurisdiction over the cancellation counterclaim in the event the Court granted summary judgment on the first, second and fifth causes of action in the second amended complaint. (Dkt. No. 251.)  On August 14, 2020, the parties filed their supplemental briefs.  (Dkt. Nos. 254, 255.)

After careful consideration of the parties' briefs, supporting documents, the applicable law, and hearing oral arguments, the Court GRANTS Plaintiff's motion for summary judgment on the two claims for declaratory relief for non-infringement of CEFCU Marks as unopposed, SUA SPONTE dismisses the counterclaim for lack of subject matter jurisdiction and DENIES SDCCU's motion for summary judgment on the counterclaim as MOOT.

## Procedural Background

On May 16, 2018, Plaintiff San Diego County Credit Union ("SDCCU") filed a complaint against Defendant Citizens Equity First Credit Union ("CEFCU") alleging the following causes of action: 1) declaratory judgment of non-infringement of federally registered trademark for "CEFCU. NOT A BANK. BETTER."; 2) declaratory judgment of non-infringement of common law mark "NOT A BANK. BETTER."; 3) declaratory judgment for invalidity of federally registered trademark for "CEFCU. NOT A BANK. BETTER."; 4) declaratory judgment for invalidity of common law mark "NOT A BANK. BETTER."; 5) false or fraudulent trademark registration under 15 U.S.C. § 1120; and 6) unfair competition under 15 U.S.C. § 1125.[1]  (Dkt. No. 1. Compl, ¶¶ 58-98.)

---

[1] In response to a motion to dismiss, Plaintiff agreed to voluntarily dismiss the seventh and eighth causes of action alleging unfair competition under California law.  (Dkt. No. 47 at 4.)

18cv967-GPC(MSB)

On July 31, 2018, the Court denied Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2). (Dkt. No. 39.)  On October 2, 2018, the Court denied Defendant's second motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on the first four causes of action for declaratory judgment, and granted Defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6) on the fifth and sixth causes of action with leave to amend.  (Dkt. No. 47.)  On October 12, 2018, Plaintiff filed a first amended complaint alleging the same six causes of action with additional factual allegations.  (Dkt. No. 48, FAC.)  On February 5, 2019, the Court denied Defendant's third motion to dismiss for lack of subject matter jurisdiction, and granted in part and denied in part Defendant's motion to dismiss for failure to state a claim.  (Dkt. No. 55.)  Specifically, the Court denied dismissal of the fifth cause of action for false/fraudulent registration of trademark under 15 U.S.C. § 1120 but granted dismissal of the attorney's fees and costs sought under 15 U.S.C. § 1120, and granted dismissal of the sixth cause of action for unfair competition under 15 U.S.C. § 1125.  (*Id.*)  On April 14, 2020, the Court granted Defendant's motion for judgment on the pleadings on the fifth cause of action for false or fraudulent trademark registration under 15 U.S.C. § 1120 as barred by the statute of limitations with leave to amend.  (Dkt. No. 134.)  On April 23, 2020, the operative second amended complaint ("SAC") was filed alleging the same five causes of action. (Dkt. No. 139.)  On May 7, 2020, CEFCU filed its answer and a counterclaim seeking to cancel the SDCCU Mark claiming that it "so resembles CEFCU. NOT A BANK. BETTER. [and NOT A BANK. BETTER] as to be likely, when used in connection with one or more of the services listed in the '596 Registration, to cause confusion, or to cause mistake, or to deceive within the meaning of 15 U.S.C. § 1052(d)."  (Dkt. No. 141, Ans./Counterclaim ¶¶ 29, 30.)

/ / /

**Factual Background**

SDCCU and CEFCU are both large credit unions.  (Dkt. No. 158-12, Salen Decl., Ex. 9.)  While SDCCU's customers are primarily located in Southern California and CEFCU's customers are primarily located in Peoria, Illinois and Northern California, both have members throughout the United States.  (Dkt. No. 196-20, Flexer Decl., Ex. 1 (UNDER SEAL).)

SDCCU owns U.S. Trademark Registration No. 4,560,596 for "IT'S NOT BIG BANK BANKING. IT'S BETTER" (the "SDCCU Mark") which issued on July 1, 2014. (Dkt. No. 139-3, SAC, Ex. A.)  The SDCCU Mark consists of standard characters without claim to any particular font, style, size or color.  *(Id.)*

CEFCU owns U.S. Trademark Registration No. 3,952,993 for CEFU. NOT A BANK. BETTER" (the "CEFCU Mark") on May 3, 2011.  (Dkt. No. 139-4, SAC, Ex. B.) The CEFCU Mark consists of standard characters without claim to any particular font, style, size or color.  *(Id.)*  CEFCU also uses the common law mark "NOT A BANK. BETTER".  (Dkt. No. 141, Counterclaim ¶¶ 3, 7.)

On May 17, 2017, CEFCU filed a petition for cancellation[2] of the SDCCU Mark with the U.S. Patent and Trademark Office's ("USPTO") Trademark Trial and Appeal Board ("TTAB") claiming the SDCCU Mark is likely to cause confusion or to cause mistake or to deceive consumers when viewing CEFCU's Mark.  (Dkt. No. 139-6, SAC, Ex. D.)  On March 23, 2018, CEFCU filed a motion for leave to amend its cancellation petition to add its alleged common law mark of "NOT A BANK. BETTER" ("CEFCU Common Law Mark") against SDCCU.  (Dkt. No. 139, SAC ¶ 14.)  On August 28, 2017, SDCCU filed a first amended counterclaim seeking cancellation of the CEFCU Mark. (Dkt. No. 152-4, Dabney Decl., Ex. 1.)  After this case was filed on May 16, 2018,

---

[2] *Citizens Equity First Credit Union v. San Diego Cnty. Credit Union,* Cancellation No. 92066165.

SDCCU moved to stay the cancellation proceedings which the USPTO granted on June 8, 2018.[3]  (Dkt. No. 29-3, Dabney Decl., Ex. 23 at 202; Ex. 24 at 208.[4])

**Discussion**

**A.    Legal Standard on Motion for Summary Judgment**

Federal Rule of Civil Procedure ("Rule") 56 empowers the Court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986).  Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A fact is material when it affects the outcome of the case.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact.  *Celotex Corp.,* 477 U.S. at 323.  The moving party can satisfy its burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.  *Id.* at 322–23.  Summary judgment is warranted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Id.* at 322.  In such a case, "there can be 'no genuine issue as to

---

[3] After the complaint in this case was filed, CEFCU essentially filed the claim it sought in the cancellation proceeding before the TTAB as a compulsory counterclaim in this case.

[4] Page numbers are based on the CM/ECF pagination.

any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. If the moving party fails to bear the initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

Once the moving party has satisfied this burden, the nonmoving party cannot rest on the mere allegations or denials of his pleading, but must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324. If the non-moving party fails to make a sufficient showing of an element of its case, the moving party is entitled to judgment as a matter of law. *Id.* at 325. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Cor*p., 475 U.S. 574, 587 (1986). In making this determination, the court must "view[] the evidence in the light most favorable to the nonmoving party." *Fontana v. Haskin,* 262 F.3d 871, 876 (9th Cir. 2001). The Court does not engage in credibility determinations, weighing of evidence, or drawing of legitimate inferences from the facts; these functions are for the trier of fact. *Anderson*, 477 U.S. at 255.

**B.     First and Second Causes of Action for Declaratory Judgment of Non-Infringement**

Plaintiff moves for summary judgment on its declaratory judgment claims of non-infringement of CEFCU's registered mark "CEFCU. NOT A BANK. BETTER" and CEFCU's tagline "NOT A BANK. BETTER" as unopposed because CEFCU does not dispute that SDCCU's use of its mark does not infringe CEFCU's Marks. SDCCU further argues that CEFCU has failed to produce any evidence that SDCCU's current use

of its mark is likely to cause consumer confusion with the CEFCU Marks.  (Dkt. No. 161-1 at 14-15.)

In response, Defendant does not oppose the motion on the merits but argues that this Court does not have subject matter jurisdiction to consider the declaratory judgment claims as discovery has shown that SDCCU cannot have a real and reasonable fear that it will be subject to an infringement suit.  (Dkt. No. 191 at 10-12.)

Under Article III's case and controversy, it is well established that an "actual controversy" must exist not only "at the time the complaint is filed," but through "all stages" of the litigation.  *Already, LLC v. Nike, Inc*. 568 U.S. 85, 90-91 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009)).  For declaratory relief claims concerning trademark invalidity or non-infringement, the question is whether "the plaintiff has a real and reasonable apprehension" that he will be subject to litigation.  *Rhoades v. Avon Prods., Inc.,* 504 F.3d 1151, 1157 (9th Cir. 2007) (quoting *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1555-56 (9th Cir. 1990)).  "A case becomes moot . . . when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Already,* 568 U.S. at 91 (internal quotations omitted) (quoting *Murphy v. Hunt,* 455 U.S. 478, 481 (1982)).  "A federal court loses its authority to rule on the legal questions presented in a declaratory action if events following its commencement render it moot."  *Expensify, Inc. v. White*, Case No. 19-cv-01892-PJH, 2019 WL 5295064, at *3 (N.D. Cal. Oct. 18, 2019) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.")).  "To determine whether an action has been rendered moot, courts in the Ninth Circuit examine whether changes in the circumstances existing when the action was filed have forestalled any meaningful relief."  *Id.* (citing *West v. Secretary of Dept. of Transp*., 206 F.3d 920, 925 n.4 (9th Cir. 2000)); *Gator.com Corp. v. L.L. Bean, Inc*., 398 F.3d 1125, 1129 (9th

18cv967-GPC(MSB)

Cir. 2005) (*en banc*) (same).  The party asserting an issue is moot bears a heavy burden to show mootness.  *Friends of the Earth, Inc. v. Laidlaw Env'tl Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000); *see also Headwaters, Inc. v. Bureau of Land Mgmt., Medford Dist.*, 893 F.2d 1012, 1015 (9th Cir. 1989).

The parties cite to *Already*, a case involving the voluntary cessation doctrine, to support their positions.  A defendant claiming it voluntary ended its unlawful conduct after litigation is initiated does not moot a case because once the litigation ends, a defendant may resume the unlawful conduct.  *Already,* 568 U.S. at 91.  Therefore, "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."  *Id.* (quoting *Friends of the Earth, Inc.*, 528 U.S. at 190).  In *Already*, Nike filed a complaint claiming that two of Already's athletic shoes violated Nike's trademark.  *Id.* at 88.  In response, Already denied the allegations and filed a counterclaim challenging the validity of Nike's trademark.  *Id.*  Seven months after the lawsuit was filed, Nike issued a "Covenant Not to Sue" promising not to raise any trademark or unfair competition claims against Already or any affiliated entity based on Already's existing footwear designs, or any future Already designs that constituted a "colorable imitation" of Already's current products.  *Id.* at 88-89.  The question before the Court was "whether a covenant not to enforce a trademark against a competitor's existing products and any future 'colorable imitations' moots the competitor's action to have the trademark declared invalid."  *Id.* at 88.  The Supreme Court found that Nike's covenant not to sue was unconditional and irrevocable because beyond simply prohibiting Nike from filing suit, it prohibited Nike from making any claim or any demand, reached beyond Already and protected its distributors and customers and covered not just current or previous designs, but any colorable imitations.  *Id.* at 93.  The

18cv967-GPC(MSB)

1    Court affirmed the lower court's rulings that there was no longer a case or controversy

2    due to the broad coverage of the covenant not to sue. *Id.* at 95-96.

3    　　Here, at the time the complaint and FAC were filed, the Court, in addressing

4    CEFCU's motions to dismiss, concluded that SDCCU had Article III standing to pursue

5    the declaratory relief claims. (*See* Dkt. Nos. 47, 55.)  Now, at summary judgment,

6    CEFCU argues that the Court lacks jurisdiction over the declaratory relief claims because

7    SDCCU, now after discovery has been completed, cannot show that it has a real and

8    reasonable apprehension that it could be subject to an infringement suit.  While not

9    presented as a mootness argument, in essence, CEFCU is arguing that the declaratory

10   relief claims have become moot.  Therefore, it bears the heavy burden to show that "it is

11   absolutely clear the allegedly wrongful behavior could not reasonably be expected to

12   recur."  *See Already,* 568 U.S. at 91.

13   　　First, CEFCU points to its decision not to allege a claim for alleged trademark

14   infringement cause of action in its counterclaim.  Because CEFCU alleges a single

15   compulsory counterclaim for cancellation of the SDCCU Mark, it is the "ultimate

16   demonstration" that SDCCU cannot be "in real and reasonable apprehension of suit for

17   infringement" because the only issue involved in cancellation of a mark is whether the

18   SDCCU Mark is registrable and not whether the SDCCU Mark infringed CEFCU's

19   Mark.  (Dkt. No. 191 at 9.)  In opposition, SDCCU responds that CEFCU refuses to

20   stipulate to non-infringement despite SDCCU's request to stipulate.  (Dkt. No. 221 at 5-

21   6.)  In addition, in its answer, CEFCU expressly denied SDCCU's allegations concerning

22   non-infringement.  (Dkt. No. 141, Ans./Counterclaim ¶¶ 77, 78, 83, 84.)  Therefore,

23   CEFCU has not met its "formidable burden" to demonstrate that SDCCU's claims are

24   moot.

25

26

27                                       9

28

1    The Court agrees with SDCCU that CEFCU has not demonstrated that

2    circumstances have changed since the initiation of the lawsuit to moot the declaratory

3    relief claims.  Alleging a single claim for cancellation of SDCCU's trademark does not

4    remove the "real and reasonable apprehension" that it may be subject to litigation for

5    infringement in the future.  Moreover, CEFCU's failure to stipulate to non-infringement

6    and its Answer denying SDCCU's declaratory relief claims do not relieve SDCCU's "real

7    and reasonable apprehension" that it will be subject to litigation.

8    Second, CEFCU argues that through discovery, it has made clear to SDCCU that it

9    does not object to SDCCU's existing use of its mark.  CEFCU points to the deposition of

10   Jennifer Flexer, ███████████████████████████████████

11   ████████████████████████████████████████████████████

12   ████████████████████. (Dkt. No. 196-5, Dabney Decl., Ex. 8, Flexer Depo. at

13   64:16-68:14 (UNDER SEAL).) ████████████████████████████

14   ██████████████████████████████████████████████████████

15   ████████████████████████████████████████████████

16   ████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████

18   ██████████████████ (Dkt. No. 196-5, Dabney Decl., Ex. 8, Flexer Depo. at 66:19-23

19   (UNDER SEAL).)  In response to the question ██████████████████████

20   ████████████████████████████████████████████

21   ██████████████████████████████████████████████

22   ██████████████████████████████████████████████

23   ██████████████████████████ (*Id.* at 67:5-12 (UNDER

24   SEAL).)  Finally, when asked "[██████████████████████████████

25   ██████████████████████████████████████████████████████

26   ██████████████████████████████████████████████████████

27

28

10

1   ████████████████████████████████████████████

2   ███████████████████████████████ (*Id.* at 68:6-14 (UNDER

3   SEAL).)  Flexer's deposition testimony does not put to rest the possibility that CEFCU

4   will file a trademark infringement suit as to the SDCCU Mark in the future.  Therefore,

5   because the issues are still "live", CEFCU has not shown that the declaratory relief

6   claims have become moot.  *See Already*, 568 U.S. at 91.

7          The Court concludes CEFCU has not met its burden to demonstrate that

8   circumstances have changed since the initiation of this lawsuit to moot the claims or that

9   it is absolutely clear that the allegedly wrongful conduct could not reasonably be

10  expected to recur in the future.  *See id*.  Therefore, Defendant's argument that the Court

11  lacks jurisdiction over the declaratory judgment claims is without merit.

12         Turning to the merits of the first two causes of action for declaratory relief for non-

13  infringement of CEFCU's Marks, the burden of proving infringement is on the party

14  claiming an intellectual property right is being infringed.  *See Medtronic, Inc. v.*

15  *Mirowski Family Ventures, LLC*, 571 U.S. 191, 194 (2014) ("We hold that, when a

16  licensee seeks a declaratory judgment against a patentee to establish that there is no

17  infringement, the burden of proving infringement remains with the patentee.").  To

18  prevail on its Lanham Act trademark claim, a plaintiff "must prove: (1) that it has a

19  protectible ownership interest in the mark; and (2) that the defendant's use of the mark is

20  likely to cause consumer confusion."  *Reardon LLC v. Reardon Commerce, Inc.,* 683

21  F.3d 1190, 1202 (9th Cir. 2012) (citation and quotations omitted).

22         Here, SDCCU argues that there has been an absence of evidence to support a claim

23  of infringement.  *See Celotex Corp.,* 477 U.S. at 32-23 (on summary judgment, the

24  moving party can demonstrate that the nonmoving party failed to make a showing

25  sufficient to establish an element essential to that party's case on which that party will

26  bear the burden of proof at trial).  In opposition, CEFCU does not argue or demonstrate

27

28

18cv967-GPC(MSB)

that SDCCU's existing use of its mark is likely to cause consumer confusion.  In fact, CEFCU affirmatively concedes that the record is devoid of any evidence of actual confusion in the marketplace.  (Dkt. No. 191 at 12.)  CEFCU further argues that the survey evidence reflects the absence of any actual infringement controversy.  (*Id.* at 13.)

Accordingly, because SDCCU's motion for summary judgment on the declaratory judgment claims on the first two causes of action in the SAC is unopposed and in fact, agreed to, the Court GRANTS SDCCU's motion for summary judgment as unopposed.

## C.   Counterclaim – Cancellation of Trademark Registration No. 4,560,596 for the SDCCU Mark

CEFCU's counterclaim alleges one cause of action seeking to cancel the SDCCU Mark.[5]  (Dkt. No. 141, Ans./Counterclaim ¶¶ 29, 30.)  SDCCU moves for summary judgment on the counterclaim which is fully briefed.  (Dkt. Nos. 161, 191, 221.)  In this order, the Court is granting SDCCU's motion for summary judgment on the two declaratory judgment claims for non-infringement.  In a separate order, the Court is granting CEFCU's motion for summary judgment on the fifth cause of action for false and/or fraudulent registration of trademark under § 1120.  Due to the dismissal of these three causes of action that supported jurisdiction over the counterclaim[6], the Court, sua sponte, raised the issue of the Court's continuing subject matter jurisdiction over the

_____

[5] The Court also notes that the cancellation counterclaim invokes 15 U.S.C. § 1052(d).  (Dkt. No. 141, Counterclaim ¶¶ 29, 30.)  Section 1052(d) does not provide an independent basis for the Court's jurisdiction.  *See Pogrebnoy v. Russian Newspaper Dist., Inc*., 289 F. Supp. 3d 1061, 1071 (C.D. Cal. 2017) (stating that 15 U.S.C. § 1052(d) and 15 U.S.C § 1064 only apply to cancellation proceedings before the USPTO); *Continental Connector Corp. v. Continental Specialties Corp*., 413 F. Supp. 1347 (D. Conn. 1976) ("no question that jurisdiction over registration proceedings has been confided by Congress in the Patent and Trademark office, 15 U.S.C. § 1051 *et seq."*).

[6] The Court does not dispute SDCCU's argument, (Dkt. No. 255 at 4), that when the case was filed, it had jurisdiction over the cancellation counterclaim by way of at least the first claim for declaratory judgment of non-infringement of the SDCCU Mark.  But the issue now is whether the Court continues to have subject matter jurisdiction if the first as well as the second and fifth claims are dismissed on summary judgment.

12

counterclaim at the hearing and the parties filed supplemental briefs on this issue.  (Dkt. Nos. 254, 255.)

The remaining causes of action are the third and fourth claims.  The third cause of action seeks declaratory judgment of invalidity of CEFCU's registered trademark based on CEFCU's alleged fraud on the PTO by submitting a false declaration, presumably by Susan Portscheller, that it was using the mark in commerce as early as February 5, 2007 and it was not aware of any other then-existing trademarks that would likely cause consumer confusion with the applied for mark.  (Dkt. No. 139, SAC ¶ 88.)  The third claim seeks declaratory judgment of invalidity as well as an order cancelling the CEFCU's Mark under 15 U.S.C. § 1064.

The fourth cause of action seeks declaratory judgment of invalidity of CEFCU's common law mark challenging its exclusive use to use its common law mark because multiple other credit unions were using similar or identical taglines, CEFCU has not continuously used its common law mark in commerce as a stand-alone mark separate from CEFCU, CEFCU was not the first credit union to use the tagline in connection with credit union services, and the tagline is descriptive and not protectable.  (Dkt. No. 139, SAC ¶¶ 97-104.)  Neither of the two remaining causes of action concern any right or interference to use the SDCCU Mark.

Under the Lanham Act, district courts have the power to cancel registrations, but only in an "action involving a registered mark." 15 U.S.C. § 1119[7]; *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.,* 744 F.3d 595, 599 (9th Cir. 2014) (cancellation is not an independent cause of action and "may only be sought if there is already an ongoing action that involves a registered mark.").  "'Involving' [as to § 1119]

---

[7] "In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."  15 U.S.C. § 1119.

18cv967-GPC(MSB)

cannot mean the mere presence of a registered trademark, but must be read as involving the right to use the mark and thus the right to maintain the registration." *Windsurfing Intern. Inc. v. AMF Inc.*, 828 F.2d 755, 758 (Fed. Cir. 1987) (district court was without jurisdiction to cancel trademark where declaratory judgment claim was dismissed for failure to present a case or controversy).  "There must, therefore, be something beyond the mere competitor status of the parties to serve as a basis for the court's jurisdiction." *Id.* at 758-59 (citing 2 J. McCarthy, supra, § 30:32).

In line with this reasoning, the Ninth Circuit has held that there is no independent basis for federal jurisdiction over a claim for cancellation of a trademark registration; instead, it is a remedy for trademark infringement.  *Airs Aromatics LLC,* 744 F.3d at 599 (dismissing appeal of cancellation of trademark registration claim as it did not provide an independent basis for subject-matter jurisdiction on remand); *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 98 (2d Cir. 2011) ("Section 1119 therefore creates a remedy for trademark infringement rather than an independent basis for federal jurisdiction.").  Other circuits have also held that section 1119 "creates a remedy for trademark infringement rather than an independent basis for federal jurisdiction."  *Airs Aromatics*, 744 F.3d at 599 (citing *Nike*, 663 F.3d at 98; *Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 873 (3d Cir. 1992) (holding a petition to the USPTO is the "primary means of securing a cancellation" and that § 1119 provides no independent basis for jurisdiction); and *Windsurfing Int'l Inc. v. AMF Inc.*, 828 F.2d 755, 758–59 (Fed. Cir. 1987) (district court was without jurisdiction to cancel trademark where declaratory judgment claim was dismissed for failure, to present a case or controversy")); *see e.g., E. Iowa Plastics, Inc. v. PI, Inc.*, 832 F.3d 899, 904 (8th Cir. 2016) ("Once the district court had determined that [the plaintiff] did not suffer any damages from [the defendant's] violation of [15 U.S.C. § 1120], there was no further basis for [the plaintiff] to have standing to seek cancellation of the [trademark] registrations.").  Because the plain language of § 1119 states that

cancellation is available in "any action involving a registered mark", cancellation is not available as an independent cause of action and "may only be sought if there is already an ongoing action that involves a registered mark." *Airs Aromatics LLC*, 744 F.3d at 599; *see also Thomas & Belts Corp. v. Panduit Corp*., 48 F. Supp. 2d 1088, 1093 (N.D. Ill. 1999) (stating that 15 U.S.C. § 1119 is not an independent source of jurisdiction, but rather defines available remedies for actions involving a registered mark); *Copperhead Agricultural Prods., LLC v. KB Ag Corp., LLC*, 2019 WL 4673197, at *29 (D.S.D. Sept. 25, 2019) (same). "This interpretation also helps preserve the use of actions before the USPTO Trademark Board as the primary vehicle for cancellation." *Airs Aromatics, LLC,* 744 F.3d at 599 (citing McCarthy on Trademarks and Unfair Competition § 30:110).

In its supplemental brief, SDCCU argues that even if claims 1, 2, and 5 are dismissed on summary judgment, the Court retains jurisdiction over CEFCU's cancellation counterclaim because courts have retained jurisdiction over a claim even after dismissing infringement related claims. Second, because the third and fourth causes of action for a declaration of invalidity of CEFCU's Marks will remain pending in the case, these claims provide the Court with jurisdiction over the cancellation claim. Finally, SDCCU argues the Court should decide the counterclaim in the interests of judicial efficiency. (Dkt. No. 255.) CEFCU contends the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4)[8] and dismiss its counterclaim for cancellation relief without prejudice.[9] (Dkt. No. 254.)

---

[8] (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-- . . . (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

[9] The Court questions whether § 1367 applies to this case as supplemental jurisdiction is usually invoked to obtain jurisdiction over state law claims and CEFCU has not provided any legal authority that § 1367 supports supplemental jurisdiction over 15 U.S.C. § 1119 or any other federal statutory provision.

On SDCCU's first argument, precedent does not support its assertion that the Court may continue to consider a cancellation claim even after the independent cause of action that supported the cancellation relief is dismissed. "15 U.S.C.[ ] § 1119, alone does not create grounds for federal jurisdiction." McCarthy § 30:110, McCarthy on Trademarks and Unfair Competition, Fifth Edition ("courts hold that a plaintiff cannot obtain jurisdiction in the federal courts by relying on [§ 1119] alone."). A "proper construction of *Airs Aromatics* and the cases on which it relies indicates that cancellation is an available remedy for actions in which there is an independent cause of action involving harm caused by the trademark registration which the party seeks to cancel." *SmileDirectClub, LLC v. Berkely*, Case No. SACV 18-1236 JVS (KESx), 2018 WL 8131096, at *9 (C.D. Cal. Oct. 26, 2018) (§ 1119 remedy is not limited to only trademark infringement claim but applies to cause of action for fraudulent procurement of trademark registration under § 1120). In *SmileDirectClub, LLC*, the plaintiff alleged causes of action for (1) violation of 15 U.S.C. § 1120; (2) cancellation of the SMILECLUB mark under 15 U.S.C. § 1119; (3) cancellation of the SMILE_CLUB mark under 15 U.S.C. § 1119; (4) extortion; (5) attempted extortion; and (6) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17000, *et seq. Id.* at *3. The § 1120 claim was based on the SMILECLUB mark, not SMILE_CLUB mark. On a motion to dismiss, the court denied dismissal of the § 1120 claim for the SMILECLUB mark and concluded there was an independent cause of action that provided standing for the § 1119 cancellation claim for the SMILECLUB mark. *Id.* at *9. However, the court granted dismissal of the cancellation claim with prejudice for the SMILE_CLUB mark because the plaintiff did not state an independent cause of action implicating the SMILE_CLUB mark's registration or the PTO's prosecution of that mark. *Id.; see Sanchez v. Ghost Mgmt. Grp., LLC,* Case No. SACV 19-00442 AG (KESx), 2019 WL 6736918, at *3 (C.D. Cal. Oct. 1, 2019) (dismissing cancellation claim when trademark infringement

claims were dismissed because cancellation is not available as an independent cause of action, and may only be brought if there is already an ongoing action that involves a registered mark).

In another case, a district court held that the cancellation of a trademark registration must relate to a challenged trademark in the case.  *See Pinnacle Adver. and Mktg. Grp., Inc. v. Pinnacle Adver. and Mktg. Grp., LLC,* CASE NO. 18-CV-81606-MIDDLEBROOKS, 2019 WL 7376778, at \*3 (S.D. Fla. Sep. 20, 2019).  In ruling on the motion to dismiss the claim for cancellation of registration of U.S. Trademark Registration No. 5,269,641, the Court held there was no independent jurisdiction over the cancellation claim because the trademarks at issue were concerning different registrations, U.S. Trademark Registration No. 5,284,206 and 5,284,223.  *Id.*  Because the defendant sought to cancel a mark different from the ones at issue in the case, the court lacked independent jurisdiction over the counterclaim.  *Id.*  "Before a claim for cancellation of mark is permitted, courts have required there to be an ongoing dispute related to the mark which a party seeks to cancel."  *Id.* (citing *E. Iowa Plastics, Inc.*, 832 F.3d at 903; *Airs Aromatics,* 744 F.3d at 599 ("[C]ancellation may only be sought if there is already an ongoing action that involves a registered mark; it does not indicate that a cancellation claim is available as an independent cause of action. Furthermore, each circuit to directly address this statutory language has held that it creates a remedy for trademark infringement rather than an independent basis for federal jurisdiction." (internal quotations and citation omitted)).  In *Ditri,* the Third Circuit held that a "controversy as to the validity of or interference with a registered mark must exist before a district court has jurisdiction to grant the cancellation remedy."  *Ditri,* 954 F.2d at 873-74.

Caselaw demonstrates that this Court cannot maintain jurisdiction over a single claim for cancellation of trademark registration under § 1119.  Instead, cancellation under

15 U.S.C. § 1119 may be invoked as a remedy only where there is otherwise proper Article III subject matter jurisdiction, or independent cause of action, over some injury claimed concerning the validity or interference of a registered trademark.  *See Airs Aromatics,* 744 F.3d at 599*; Universal Sewing Machine Co. v. Standard Sewing Equipment Corp*., 185 F. Supp. 257, 260 (S.D.N.Y. 1960) ("[Section] 37 [§ 1119] assumes a properly instituted and otherwise jurisdictionally supportable action involving a registered mark.").

SDCCU cites to an unpublished district court case of *Adidas America v. Calmese*, No. 08cv91-BR, 2010 WL 4861444 (D. Or. Nov. 19, 2010) for support that the court can solely consider a claim for cancellation; however, the district court in *Adidas America* was not confronted with the issue of whether it had jurisdiction over the remaining cancellation claims.  In that case, while the district court granted summary judgment on all trademark related claims, it subsequently held a bench trial on the remaining claims for cancellation of the defendant's trademark.  *Id.* at *1.  However, court's decision to rule on the cancellation claim in *Adidas America* is in stark contrast to the numerous precedential and non-precedential cases that have held otherwise.  The Court does not find the case persuasive.

SDCCU offers a second argument that the remaining third and fourth causes of action provide the Court with jurisdiction over the cancellation claim because these claims "involve a registered mark that has a *sufficient nexus* to the dispute from which CEFCU's cancellation claim arises—namely, CEFCU's and SDCCU's registered marks." (Dkt. No. 255 at 5 (emphasis added).)  This argument fares no better than the first.  While the independent action involving § 1119 need not concern an infringement action regarding a registered mark, in this case, there is no nexus, overlap or relationship between the remaining two claims and the cancellation counterclaim.

18cv967-GPC(MSB)

SDCCU cites to two cases to support its argument about the nexus between an independent cause of action and the trademark sought to be cancelled necessary to support jurisdiction under § 1119[10]  In *Somera Capital Mgmt., LLC v. Somera Road, Inc.*, 19 Civ. 8291 (GHW)(GWG), 2020 WL 2506352 (S.D.N.Y. May 15, 2020), the issue was to what extent the court may exercise jurisdiction over a counterclaim that sought to cancel pending trademark applications as abandoned.  *Id.* at *5.  On a report and recommendation, the Magistrate Judge concluded that it had jurisdiction over the counterclaim because the plaintiff's application that was being challenged in the counterclaim was related to the underlying registered mark of the plaintiff.  *Id.* at *5. Where an application relates to a registration that is already properly before the Court under § 1119, the court has jurisdiction to consider it.  *Id.*  The court concluded that a district court can order cancellation of an application for a mark as long as it there was a close nexus or it was "directly related" with the underlying issue involving a registered mark.  *Id.* at *6 (collecting cases).  Similarly, *Bd. of Regents of Univ. of Texas Sys. v. Reynolds*, Cause No. 1:18-CV-182-RP-ML, 2019 WL 4980445, at *4 (W.D. Tex. July 31, 2019), in a report and recommendation, the court held that in "order for the Court to exercise jurisdiction over pending applications, one of the parties must have a registered trademark which has a sufficient nexus with the dispute over the pending applications." *Id.* (quoting *Amy's Ice Creams, Inc. v. Amy's Kitchen, Inc.*, 60 F. Supp. 3d 738, 744-45 (W.D. Tex. 2014) (citing 5 McCarthy on Trademarks and Unfair Competition § 30:113.50 (4th ed.); *Johnny Blastoff, Inc. v. L.A. Rams Football Co.*, No. 97–C–155–C, 1998 WL 766703, at *1 (W.D. Wis. June 24, 1998), *aff'd*, 188 F.3d 427 (7th Cir. 1999)).

Moreover, in *Continental Connector*, the court denied dismissal of the counterclaim under § 1119 noting that "plaintiff's infringement claim raises issues

---

[10] These two cases relate to cancelling a pending application, and not cancelling a registered mark.

18cv967-GPC(MSB)

concerning the use of various marks by the parties and the likelihood of confusion, issues also central to the defendants' counterclaim and opposition." 413 F. Supp. at 1351. Because of the overlap of issues between the cancellation counterclaim and the infringement claims, the court held it had jurisdiction over the cancellation claim. *Id.*

Unlike the facts in *Continental, Somera, and Reynolds,* in this case, the issues involving cancellation of SDCCU's trademark and the third and fourth claims do not overlap and will not involve the same facts or legal issues. The facts underlying the third cause of action for invalidity of CEFU's registered mark concerns a claim for false or fraudulent trademark application[11] and the fourth cause of action seeking the invalidity of CEFCU's common law trademark[12] is based on whether CEFCU continuously used its tagline in commerce. In contrast, the cancellation counterclaim alleges that the SDCCU Mark "so resembles [CEFCU's Mark and common law mark] as to be likely, when used in connection with one or more of the services listed in the '596 Registration, to cause confusion, or to cause mistake, or to deceive within the meaning of 15 U.S.C. §1052(d)." (Dkt. No. 141, Ans/Counterclaim ¶¶ 29, 30.) SDCCU does not explain how there is a "sufficient nexus" between the third and fourth claims and the cancellation cause of action. Claims involving a false or fraudulent trademark application and the continuous use of a common law mark are factually and legally distinct from whether SDDCU's Mark should be cancelled due to a likelihood of confusion. Therefore, the Court concludes there is no nexus with the third and fourth claims to support jurisdiction over the cancellation counterclaim. Not only does the cancellation claim not relate to an independent challenge to SDCCU's mark, but the cancellation claim does not overlap

---

[11] The Court questions the viability of this claim in light of the Court's ruling granting CEFCU's summary judgment on the fifth cause of action for false and/or fraudulent registration under § 1120.
[12] It does not appear that the fourth cause of action provides independent jurisdiction for the cancellation counterclaim since it challenges a common law mark and not a registered mark as required under § 1119.

with the two remaining claims concerning CEFCU's Marks.[13]  Accordingly, because there is no independent cause of action supported by Article III standing to support the cancellation claim, the Court lacks subject matter jurisdiction over the cancellation claim.

As to SDCCU's argument concerning judicial efficiency, while the Court recognizes the time, effort and expense in litigating this case, it has not provided any legal authority that the Court can consider a claim that is not supported by Article III case or controversy due to judicial efficiency or conservation of resources.

Therefore, the Court sua sponte dismisses the counterclaim for lack of subject matter jurisdiction.  *See Airs Aromatics*, 744 F.3d 598 (standing alone, trademark cancellation claim does not provide an independent basis for subject-matter jurisdiction); *Marshall Tucker Band, Inc. v. M T Indus., Inc*., 238 F. Supp. 3d 759, 766  (D.S.C. 2017) ("Given the Court has already dismissed Plaintiffs' federal trademark infringement and trademark dilution claims, which were the only claims providing independent jurisdiction over the action, the Court will dismiss Plaintiffs' federal trademark cancellation claim as well for lack of subject matter jurisdiction.").  For this reason, the Court DENIES Plaintiff's motion for summary judgment of the counterclaim as MOOT.

## Conclusion

Based on the reasoning above, the Court GRANTS SDCCU's motion for summary judgment declaring that SDCCU's use of the SDCCU Mark does not infringe the CEFCU Registered Mark and SDCCU's use of the SDCCU Mark does not infringe CEFCU's common law mark for the CEFCU Tagline as unopposed.  The Court, sua sponte, DISMISSES the cancellation counterclaim for lack of subject matter jurisdiction.  As such, the Court DENIES SDCCU's motion for summary judgment on the counterclaim as

---

[13] SDCCU's citation to *Denver Urban Homesteading, LLC v. Dervaes Inst*., No. 14cv9216, 2015 WL 12552043, at *3 n.4 (C.D. Cal. Nov. 5, 2015) is not persuasive as the Court decided to consider the cancellation claim under the doctrine of primary jurisdiction, not based on subject matter jurisdiction.

18cv967-GPC(MSB)

MOOT.  Relatedly, the Court DENIES CEFCU's motion to exclude the expert testimony of Dr. Stephen M. Nowlis, DENIES SDCCU's motion to exclude expert testimony of Dr. On Amir and OVERRULES SDCCU's objection to Magistrate Judge's order denying its motion to strike rebuttal expert report of Theodore H. Davis, Jr. and Supplemental Expert Report of Dr. On Amir as MOOT.

      IT IS SO ORDRED.

Dated:  September 29, 2020

                 Hon. Gonzalo P. Curiel
                 United States District Judge

18cv967-GPC(MSB)