UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COUNTY CREDIT UNION,<br><br>                    Plaintiff,<br><br>v.<br><br>CITIZENS EQUITY FIRST CREDIT UNION,<br><br>                    Defendant. | Case No.: 18cv967-GPC(RBB)<br><br>**ORDER DENYING DEFENDANT'S EX PARTE MOTION FOR LEAVE TO FILE SECOND DISPOSITIVE MOTION**<br><br>**[Dkt. No. 261.]** |

Defendant filed an ex parte motion for leave to file a second dispositive motion on the remaining third and fourth causes of action in the second amended complaint arguing that the Court's orders on summary judgment were dispositive of these claims. (Dkt. No. 261.) Plaintiff filed an opposition agreeing to dismiss the third cause of action but not the fourth cause of action. (Dkt. No. 264.)

On September 29, 2020, the Court issued rulings on Defendant's motion for summary judgment as well as Plaintiff's motion for summary judgment. (Dkt. Nos. 256, 259.) Because CEFCU did not move for summary judgment on the third and fourth claims in the second amended complaint, they remain, (Dkt. No. 139, SAC). Since

Plaintiff has agreed to dismiss the third cause of action, the Court considers Defendant's ex parte request on the fourth case of action.

The fourth cause of action seeks declaratory judgment of invalidity of CEFCU's common law mark "NOT A BANK. BETTER", challenging its exclusive use to use its common law mark because multiple other credit unions were using similar or identical taglines, CEFCU has not continuously used its common law mark in commerce as a stand-alone mark separate from CEFCU, CEFCU was not the first credit union to use the tagline in connection with credit union services, and the tagline is descriptive and not protectable.  (Dkt. No. 139, SAC ¶¶ 97-104.)

At this time, the deadline for dispositive motions has passed, (Dkt. No. 68 at 3), and a pre-trial conference is set on January 15, 2021.  (Dkt. No. 260.)

Once a scheduling order has been filed pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992).  If the moving party fails to demonstrate diligence, "the inquiry should end." *Id.*

The Ninth Circuit has held that "district courts have discretion to permit successive motions for summary judgment," and that doing so may "foster[ ] the 'just, speedy, and inexpensive' resolution of suits."  *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (citations omitted).  Due to the potential for abuse, district courts retain discretion to "weed out frivolous or simply repetitive motions."  *Id.* (citation omitted).  "[A] successive motion for summary judgment is particularly appropriate on an expanded factual record."  *Id.* (citing *Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 569 (11th Cir. 1990) ("Two motions for summary judgment may be ruled upon in the same case, particularly when discovery has been extended for good reason . . . ."); *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.,* 810 F.2d 243, 251 (D.C. Cir. 1987) ("A subsequent motion for summary judgment based on an expanded record is always permissible."); *Kovacevich v. Kent State Univ*., 224 F.3d 806, 835 (6th Cir. 2000)

("District courts may in their discretion permit renewed or successive motions for summary judgment, particularly when the moving party has expanded the factual record on which summary judgment is sought.")). However, successive summary judgment motions are disfavored. *See Allstate Fin. Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961) (federal courts "do not approve in general the piecemeal consideration of successive motions for summary judgment because parties ought to be held to the requirement that they present their strongest case for summary judgment when the matter is first raised").

Here, Defendant fails to demonstrate good cause for the filing of a second motion for summary judgment. Because discovery has been closed, it does not appear the motion CEFCU seeks to file is based on new evidence or an expanded record. CEFCU does not explain why it did not or was unable to seek the Court's ruling on the fourth claim in its initial summary judgment motion. Instead, Defendant presents arguments why the fourth claim should be dismissed. (Dkt. No. 261-1 at 3-4.[1]) Therefore, absent a showing of good cause, the Court DENIES CEFCU's ex parte motion to file a second dispositive motion. *See Peasley v Spearman*, Case No. 15-CV-01769-LHK, 2017 WL 5451709, at *3 (N.D. Cal. Nov. 14, 2017) (denying defendants' successive motion for summary judgment because they failed to demonstrate good cause).

IT IS SO ORDERED.

Dated: November 10, 2020

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] Page numbers are based on the CM/ECF pagination.