UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COUNTY CREDIT UNION,<br><br>                    Plaintiff,<br><br>v.<br><br>CITIZENS EQUITY FIRST CREDIT UNION,<br><br>                    Defendant. | Case No.: 18cv967-GPC(RBB)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE REQUEST FOR COURT TO ISSUE ORDER ON ITS MOTION TO EXCLUDE TESTIMONY OF DR. ON AMIR**<br><br>**[Dkt. No. 272.]** |

Plaintiff filed an ex parte request for the Court to rule on its motion to exclude testimony of Dr. On Amir because Defendant intends to call Dr. Amir as a witness at trial. (Dkt. No. 272.) Defendant filed a response and Plaintiff replied. (Dkt. No. 274, 275.)

The Court's prior order granted SDCCU's motion for summary judgment declaring that SDCCU's use of the SDCCU Mark does not infringe the CEFCU Registered Mark and that SDCCU's use of the SDCCU Mark does not infringe CEFCU common law mark for the CEFCU Tagline as unopposed. (Dkt. No. 259 at 21.) The Court, sua sponte, dismissed the cancellation counterclaim for lack of subject matter jurisdiction and denied SDCCU's motion for summary judgment as moot. (*Id.*) Because Dabuert motions filed

by both parties related to the cancellation counterclaims, the Court also denied CEFCU's motion to exclude the expert testimony of Dr. Stephen M. Nowlis and SDCCU's motion to exclude expert testimony of Dr. On Amir as moot.  (*Id.* at 22.)  The remaining fourth cause of action, not subject to summary judgment, which will be set for a bench trial seeks "Declaratory Judgment for Invalidity of NOT A BANK. BETTER."  (Dkt. No. 139, SAC ¶¶ 98-104.)

The district court has broad discretion in ruling on a motion in limine.  *United States v. Torres,* 794 F.3d 1053, 1059 (9th Cir. 2015) (motion in limine rulings are reviewed for abuse of discretion).  In the broad sense, a motion in limine is a motion "whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."  *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "Because the 'first purpose of a motion in limine' is 'protecting the jury' from potentially inadmissible evidence, motions in limine are generally 'inapplicable in the context of a bench trial.'"  *Academy of Motion Picture Arts and Sciences v. Godaddy.com, Inc.*, Case No.: CV 10-03738-AB (CWx), 2015 WL 12697750, at *2 (C.D. Cal. Apr. 10, 2015) (quoting *Crane-Mcnab v. County of Merced*, No. CIV 1:08-1218 WBS SMS, 2011 WL 94424 at *1 (E.D. Cal. Jan. 11, 2011)).  This reasoning applies equally to expert opinions which "the court may admit . . . 'subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702.'"  *Id.* (quoting *Wolkowitz v. Lerner,* No. SA CV 07-777-CAS, 2008 WL 1885770, at *5 (C.D. Cal. Apr. 21, 2008)).

Because the case will be tried before the Court, it concludes it would be superfluous to rule on a motion to exclude prior to the bench trial.  *See Godaddy.com, Inc.*, 2015 WL 12697750, at *2 ("in the case of a bench trial, a threshold ruling [on admissibility before trial] is generally superfluous.").  Accordingly, the Court DENIES

///

///

///

1 | SDCCU's ex parte request.

2 |     IT IS SO ORDERED.

3 | Dated: January 6, 2021

Hon. Gonzalo P. Curiel
United States District Judge