1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   SAN DIEGO COUNTY CREDIT UNION,        Case No.:  18cv967-GPC(MSB)

12                          Plaintiff,
                                          **ORDER GRANTING IN PART**
13   v.                                    **SDCCU'S MOTION FOR**
                                          **ATTORNEYS' FEES**
14   CITIZENS EQUITY FIRST CREDIT
     UNION,                                **[Dkt. No. 357.]**
15
16                          Defendant.

17

18        Before the Court is Plaintiff's motion for attorneys' fees under Federal Rule of

19   Civil Procedure 54(d)(2) and 15 U.S.C. 1117.  (Dkt. No. 357.)  Defendant filed an

20   opposition and Plaintiff replied.  (Dkt. Nos. 368, 372.)  The Court finds that the matter is

21   appropriate for decision without oral argument pursuant to Local Civ. R. 7.1(d)(1).

22   Based on the reasoning below, the Court GRANTS in part SDCCU's motion for

23   attorneys' fees.

24                              **Background**

25        On May 16, 2018, Plaintiff San Diego County Credit Union ("SDCCU") filed a

26   complaint against Defendant Citizens Equity First Credit Union ("CEFCU") alleging 1)

27   declaratory judgment of non-infringement of federally registered trademark for "CEFCU.

28   NOT A BANK. BETTER."; 2) declaratory judgment of non-infringement of common

                                      1
                                                              18cv967-GPC(MSB)

law mark "NOT A BANK. BETTER."; 3) declaratory judgment for invalidity of federally registered trademark for "CEFCU. NOT A BANK. BETTER."; 4) declaratory judgment for invalidity of common law mark "NOT A BANK. BETTER."; 5) false or fraudulent trademark registration under 15 U.S.C. § 1120; 6) unfair competition under 15 U.S.C. § 1125; 7) unfair competition under California Business and Professions Code sections 17200 *et seq;* and 8) unfair competition under California common law.  (Dkt. No. 1. Compl.)

On June 21, 2018, Defendant filed a motion for dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), which the Court denied on July 31, 2018.  (Dkt. Nos. 29, 39.)  On August 13, 2018, Defendant filed a second motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) on the first four causes of action for declaratory relief and for failure to state a claim under Rule 12(b)(6) on the remaining four causes of action.  (Dkt. No. 40.)  On October 2, 2018, the Court denied the motion to dismiss for lack of subject matter jurisdiction, granted the motion to dismiss the fifth and sixth causes of action with leave to amend and granted dismissal of the seventh and eight causes of action as unopposed.  (Dkt. No. 47.)

On October 12, 2018, Plaintiff filed a first amended complaint ("FAC") alleging the same initial six causes of action with additional factual allegations.  (Dkt. No. 48.) On October 26, 2018, Defendant filed a third motion to dismiss the first four causes of action for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim on the fifth and sixth causes of action under Rule 12(b)(6).  (Dkt. No. 49.)  On February 5, 2019, the Court denied Defendant's motion to dismiss for lack of subject matter jurisdiction relying on its prior ruling of October 2, 2018, (Dkt. No. 47), denied Defendant's motion to dismiss the fifth cause of action for false/fraudulent registration of trademark under 15 U.S.C. § 1120[1] and granted dismissal of the sixth cause of action for

---

[1] On this issue, the Court granted dismissal of the attorney's fees and costs sought under 15 U.S.C. § 1120.  (Dkt. No. 55 at 22.)

18cv967-GPC(MSB)

unfair competition under 15 U.S.C. § 1125 for failure to state a claim.  (Dkt. No. 55.)  Defendant filed its answer on February 19, 2019, and a counterclaim for cancellation of SDCCU's registered trademark.  (Dkt. No. 56.)  Pursuant to an unopposed motion, Defendant filed an amended answer and counterclaim on August 6, 2019.  (Dkt. No. 74.)

On February 28, 2020, Defendant filed a motion for judgment on the pleadings under Rule 12(c) seeking to dismiss the fifth cause of action as barred by the three-year statute of limitations.  (Dkt. No. 118.)  On April 14, 2020, the Court granted Defendant's motion for judgment on the pleadings and granted Plaintiff's request for leave to file a second amended complaint.  (Dkt. No. 134.)  On April 23, 2020, Plaintiff filed the operative second amended complaint ("SAC") alleging the same initial five causes of action.  (Dkt. No. 139.)  On May 7, 2020, Defendant filed its answer and counterclaim.  (Dkt. No. 141.)  On May 28, 2020, Plaintiff filed its answer to the counterclaim.  (Dkt. No. 174.)

On May 18, 2020, Defendant filed a motion for summary judgment on the fifth cause of action and a motion to exclude the survey data and testimony of Dr. Stephen M. Nowlis.  (Dkt. Nos. 149, 152.)  On the same day, Plaintiff filed its motion for summary judgment on the first and second causes of action for declaratory judgment of non-infringement of Defendant's registered trademark, CEFCU. NOT A BANK. BETTER, and common law mark, NOT A BANK. BETTER as well as on CEFCU's counterclaim for cancellation of SDCCU's registered Mark.[2]  (Dkt. No. 161.)  In conjunction with its summary judgment motion, Plaintiff filed a motion to exclude CEFCU's expert market survey and testimony of Dr. On Amir, (Dkt. No. 158), motion to exclude CEFCU's expert testimony of Theodore Davis, Jr, (Dkt. No. 159), and motion to exclude CEFCU's expert testimony of Robert Taylor, (Dkt. No. 163).

On September 29, 2020, the Court granted Defendant's motion for summary judgment on the fifth cause of action for false or fraudulent trademark registration

---

[2] Neither party moved for summary judgment on the third and fourth causes of action.

pursuant to 15 U.S.C. § 1120 and denied Plaintiff's motion to exclude expert testimony of Robert Taylor and Theodore Davis, Jr. as moot. (Dkt. No. 256.) On the same day, the Court also granted Plaintiff's motion for summary judgment on the first and second causes of action for declaratory judgment on non-infringement as unopposed and sua sponte dismissed CEFCU's counterclaim for lack of subject matter jurisdiction. (Dkt. No. 259.) Relatedly, the Court denied CEFCU's motion to exclude the expert testimony of Dr. Stephen M. Nowlis, and SDCCU's motion to exclude expert testimony of Dr. On Amir as moot. (*Id.*) On December 30, 2020, the parties filed a joint motion to dismiss the third cause of action because it was premised on the fifth cause of action which the Court granted on January 5, 2021. (Dkt. Nos. 276, 277.) The fourth cause of action was the remaining claim left at the bench trial.

On January 15, 2021, the Court held a final pretrial conference. (Dkt. No. 280.) A number of motions in limine were filed by both parties. (Dkt. Nos. 285, 288, 289, 290, 291, 292, 293, 294, 297.) The parties also filed trial briefs and proposed findings of fact and conclusions of law. (Dkt. Nos. 301, 302, 330, 331.) A bench trial was held, via Zoom, on March 30, 2021, and April 1, 2021 on the fourth cause of action for declaratory judgment of invalidity of CEFCU's common law mark, NOT A BANK. BETTER. (Dkt. Nos. 348, 349.) On May 25, 2021, the Court issued its Memorandum Decision and Order for Entry of Judgment in favor of Plaintiff SDCCU and against CEFCU on the fourth declaratory judgment claim seeking invalidity of CEFCU's common law mark, NOT A BANK. BETTER. *San Diego Cnty. Credit Union v. Citizen Equity First Credit Union*, -- F. Supp. 3d--, 2021 WL 2104969 (S.D. Cal. May 25, 2021); (*see also* Dkt. No. 353.)

On June 8, 2021, Plaintiff filed the instant motion for attorneys' fees under 15 U.S.C. § 1117 arguing this case to be an exceptional one. SDCCU also seeks leave of Court to file a supplemental brief on the reasonableness of the hours and total fees it expended in litigation. (Dkt. No. 357.) CEFCU raises a number of arguments in response. (Dkt. No. 368.) SDCCU filed its reply on July 23, 2021. (Dkt. No. 372.)
/ / /

# Discussion

## A.    Federal Rule of Civil Procedure 54

As an initial matter, Defendant argues that the motion should be summarily denied because Plaintiff failed to comply with Rule 54(d)(2)(B)(iii) requiring it to state the amount sought or provide a fair estimate of the amount of attorneys' fees.  (Dkt. No. 368 at 7-8.[3])  Plaintiff responds that in its motion, it conditionally requested leave to supplement its briefing to demonstrate the reasonableness of its total fee awards until after the Court decides whether this case is exceptional.  (Dkt. No. 354-1 at 29.)  It argues that the total amount of fees expended and the subject matter of the fees to be highly confidential and seeks to mitigate those records being public if the Court ultimately denies the motion, that its records are voluminous, and because SDCCU will incur additional fees when it files its reply, it wants to incorporate those fees into its total fees. (*Id.* at 29-30.)

Rule 54(d)(2)(B)(iii) provides that "[u]nless a statute or a court order provides otherwise, the motion must: . . . (iii) state the amount sought or provide a fair estimate of it."  Fed. R. Civ. P. 54(d)(2)(B)(iii).  Rule 54(d)(2)(C) provides that "[t]he court may decide issues of liability for fees before receiving submissions on the value of services."  Fed. R. Civ. P. 54(d)(2)(C).  The Advisory Committee Notes provide that the motion for fees does not need to be supported with evidentiary materials as those can be submitted in due course but all that is required is "filing a motion sufficient to alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate)."  Fed. R. Civ. P. 54(d), Advisory Committee Notes on 1993 Amendments.

CEFCU relies on *Perfect 10, Inc*. where the Ninth Circuit affirmed the district court's denial of appellee's supplemental fee request because it was untimely filed and failed to demonstrate good cause for being untimely.  *Perfect 10, Inc. v. Giganews, Inc*., 847 F.3d 657, 677 (9th Cir. 2017).  In reaching its conclusion, the Ninth Circuit relied on

---

[3] Page numbers are based on the CM/ECF pagination.

Rule 54(d)(2)(B)(iii) which requires a party to "provide a fair estimate" of the fees sought.  The court noted that because the appellee's original fee motion asked the district court "to set a date for [Appellees] to supplement their request with 'later fees and costs' for inclusion in a final award", this request was inadequate under Rule 54(d)(2)(B)(iii) to render the supplemental fee request timely.  *Id.* at 676-77.

Here, in contrast to the facts in *Perfect 10, Inc.*, Plaintiff filed a timely motion for attorneys' fees and seeks leave of Court to provide a supplemental brief on the reasonableness of its fee request once the Court determines that extraordinary fees are warranted.  While Rule 54 allows a party to provide the billing records in "due course", SDCCU should have provided the total amount of fees or at least a fair estimate of the fees it seeks.[4]  Thus, SDCCU failed to comply with Rule 54.  *See* Rule 54(d)(2)(B)(iii). However, in the interest of judicial efficiency and conserving the parties' resources, the Court grants Plaintiff leave to submit its supporting documents of its reasonable number of hours and fees in a supplemental brief and will now consider the merits of Plaintiff's motion for attorneys' fees.

**B.   Attorneys' Fees under 15 U.S.C. § 1117**

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a).  The Court must

---

[4] Oddly, Plaintiff provides the Court with the reasonably hourly rates charged by its attorneys and asks the Court to conclude they are reasonable.  (Dkt. No. 357-1 at 27-29.)  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The plaintiff has the burden to produce evidence that the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  Here, SDCCU merely provides a declaration listing the hourly rate of each attorney and staff without providing any specific information as to the skill, experience and reputation of each individual.  (Dkt. No. 357-2, Salen Decl. ¶¶ 8, 9.)  Therefore, Plaintiff has failed to demonstrate that the requested rates are in line with those of other lawyers in the community "for similar services by lawyers of reasonably comparable skill, experience and reputation."  *See Blum*, 461 U.S. at 895 n.11.  Therefore, the Court DENIES SDCCU's request that its average billing rates are reasonable as unsupported.

first determine whether SDCCU is a prevailing party, and if so, then whether this is an exceptional case.  *See id.*

### 1.      Prevailing Party

Plaintiff argues it is the prevailing party because the Court granted its motion for summary judgment on the first two causes of action seeking declaratory judgment of non-infringement as well as issued a bench trial order and judgment in favor of SDCCU on the third cause of action that CEFCU's common law mark is invalid.  (Dkt. No. at 357-1 at 16.)  SDCCU claims it benefitted from the judgments because it achieved in litigation what it sought to achieve which was being able to use its trademark without the risk of being sued by CEFCU for trademark infringement.  (*Id.*)  In addition, the Court's ruling on invalidity bars CEFCU from using its now invalid common law mark as a basis for canceling the SDCCU registration pending with the U.S. Patent and Trademark Office, Trademark Trial and Appeal Board ("TTAB").  (*Id.*)  CEFCU opposes on several grounds.  (Dkt. No. 368.)

A party prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992).  The prevailing party "must obtain at least some relief on the merits of his claim."  *Id.* at 111.  The Court explained that "a material alteration of the legal relationship between the parties occurs [when] the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant."  *Id.* at 113.  In other words, prevailing party status, requires 1) "a material alteration in the legal relationship of the parties" that is 2) "judicially sanctioned."  *Klamath Siskiyou Wildlands Ctr. v. United States Bureau of Land Mgmt.,* 589 F.3d 1027, 1030 (9th Cir. 2009).  A "material alteration in the legal relationship" is prevailing in some of the relief, whatever its form, that the prevailing party sought.  *Id.*  Actual relief may be legal or equitable relief, including declaratory relief.  *Id.* at 1031 & n. 3.  "[E]nforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties'

necessary to permit an award of attorneys' fees." *Buckhannon Bd. and Care v. West Va. Dept. of Health and Human Resources*, 532 U.S. 598, 604 (2001).

Here, Plaintiff obtained court judgments in its favor on the first two causes of action for declaratory judgment of non-infringement of CEFCU's registered trademark and common law mark and on the fourth claim for declaratory judgment of invalidity of CEFCU's common law mark. (*See* Dkt. Nos. 259, 353.) Therefore, Plaintiff has achieved actual relief and the material alteration in the legal relationship factor as well as the "judicially sanctioned" factor have been met. *See Buckhannon Bd.*, 532 U.S. at 604; *Klamath,* 589 F.3d at 1030. Accordingly, the Court concludes that SDCCU is a prevailing party.

In opposition, Defendant raises several arguments that seek to distract the Court from considering the two requirements to support prevailing party status. First, CEFCU argues it prevailed on all the affirmative claims SDCCU brought in the case, that is, the fifth and sixth causes of action, and these were the claims SDCCU sought the most in terms of relief, such as compensatory damages, enhanced damages, and injunctive relief. (Dkt. No. 368 at 8-9.) Yet, SDCCU recovered nothing on these claims, and cannot seek prevailing party status. Plaintiff replies that Defendant provides no caselaw to support its argument that prevailing party status only applies to affirmative claims. (Dkt. No. 372 at 5.)

Contrary to Defendant's argument that prevailing party only applies to affirmative claims, binding and persuasive caselaw hold that a party prevailing on equitable relief claims, such as declaratory relief, are subject to prevailing party status. *See Klamath*, 589 F.3d at 1031 n. 3; *Recouvreur v. Carreon*, 940 F. Supp. 2d 1063, 1067 (N.D. Cal. 2013) (plaintiff was prevailing party where plaintiff accepted the defendant's Rule 68 offer of judgment of declaration of non-infringement); *Renna v. Cnty. of Union, N.J.*, Civil Action No. 11–3328 (KM), 2015 WL 93800, at * 6 (D.N.J. Jan. 7, 2015) ("Even though Plaintiff in this case obtained declaratory judgment via her summary judgment motion, she is clearly a 'prevailing party.'"); *Hewlett-Packard Co. v. Bausch & Lomb, Inc.,* No. 84-

20642 JW, 1991 WL 341735, at *1 (N.D. Cal. Aug. 15, 1991) (plaintiff was prevailing party in declaratory judgment action that it did not infringe the defendant's reissue patent).

Next, CEFCU argues that the Court's ruling has not affected its behavior toward SDCCU. (Dkt. No. 368 at 12.) First, CEFCU never pleaded any alleged infringement against SDCCU; therefore, its behavior towards SDCCU is unchanged. Second, CEFCU has sought cancellation of SDCCU's registered mark in the cancellation proceeding with the U.S. Patent and Trademark Office, Trademark Trial and Appeal Board ("TTAB") which is also unchanged. However, a material alteration in the legal relationship between the parties means that the defendant's behavior will be modified that will directly benefit the plaintiff. Here, SDCCU had an apprehension of fear that CEFCU may sue for infringement of its federally registered trademark in the near future and now SDCCU is no longer fearful because CEFCU may no longer sue for infringement. CEFCU's argument that it never pressed for any claims of alleged infringement in this litigation does not alleviate the potential that it might do so in the future. Therefore, CEFCU's argument is without merit. *See Shum v. Intel Corp*., 629 F.3d 1360, 1368 (Fed. Cir. 2010) (defendant was prevailing party where "in addition to avoiding significant monetary liability, the judgment in defendants' favor will have res judicata effect in any future action").

Furthermore, Defendant presents a count by count run down of the claims asserted in the case concluding that SDCCU did not prevail on a majority of its claims. (Dkt. No. 368 at 8-9.) However, "prevailing party status is not determined by the degree of success achieved. Rather . . . prevailing party status is determined by inquiring whether plaintiffs' 'actual relief on the merits of [their] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Richard S. v. Dep't of Developmental Servs. of State of California*, 317 F.3d 1080, 1087 (9th Cir. 2003). In *Hensley*, the Court explained that "the magnitude of success does not affect the 'prevailing party' status, [but] 'the level of

a plaintiff's success is relevant to the amount of fees to be awarded." *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983). Therefore, Defendant's argument claiming SDCCU cannot be a prevailing party because it did not prevail on most of its original claims is without merit.

Finally, CEFCU argues that SDCCU did not prevail on any claim that falls within 15 U.S.C. § 1117(a) because SDCCU did not establish any alleged infringement to any registered mark and did not establish any violation under 15 U.S.C. § 1125. (Dkt. No. 368 at 14-15.) SDCCU summarily responds that the record shows that it obtained judgments of non-infringement under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) and a trial verdict that CEFCU's common law mark is invalid and these claims all fall under 15 U.S.C. § 1117(a). (Dkt. No. 372 at 7.)

15 U.S.C. § 1117(a) specifies that its provision applies to any "violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c). . . ." 15 U.S.C. § 1117(a). The Ninth Circuit has allowed recovery of attorneys' fees to registered and unregistered trademarks. *See Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1026 (9th Cir. 1985) (finding it "would be anomalous to provide for attorneys' fees in copyright actions, 17 U.S.C. § 106, registered trademark actions, 15 U.S.C. § 1117, and patent actions, 35 U.S.C. § 285, but not in unregistered trademark actions."); *Committee for Idaho's High Desert v. Yost*, 92 F.3d 814, 825–26 (9th Cir. 1996) (allowing recovery of attorney fees in "exceptional" case of unregistered trademark infringement). Therefore, attorneys' fees sought for unregistered or common law marks, as in this case, are subject to 15 U.S.C. § 1117(a) and Defendant's argument to the contrary is not supported.

Accordingly, the Court concludes that Plaintiff is a prevailing party. The Court next considers whether this case is an exceptional one subject to 15 U.S.C. § 1117(a).

/ / /

/ / /

## 2.     Exceptional Case

Plaintiff argues that the case is exceptional for four reasons.  First, CEFCU repeatedly attempted to re-litigate failed arguments that the Court lacks personal and subject matter jurisdiction over SDCCU's claims.  Second, CEFCU forced SDCCU to fully litigate its first and second causes of action through summary judgment despite having no legal or factual basis for doing so.  Third, CEFCU engaged in baseless discovery disputes aimed at harassing SDCCU's litigation counsel.  Finally, CEFCU attempted to pass-off an attorney-designed market survey as expert opinion.  (Dkt. No. 357-1 at 19-26.)  CEFCU challenges each of these claims.  (Dkt. No. 368 at 15-27.)

The "exceptional" standard under 15 U.S.C. § 1117 changed after the ruling in *Octane Fitness LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).[5]  "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.  *Id.* District courts must now examine the "totality of the circumstances" to determine if the case was exceptional, exercising equitable discretion in light of the nonexclusive factors, and use a preponderance of the evidence rather than a clear and convincing standard. *Sunearth, Inc. v. Sun Earth Solar Power Co*., 839 F.3d 1179, 1180-81 (9th Cir. 2016). The district court has discretion in determining whether to award fees under the Lanham Act.  *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc*., 572 U.S. 559, 563-64 (2014).  In determining if fees are appropriate, the Court may consider "nonexclusive factors," such as (1) frivolousness; (2) motivation; (3) objective unreasonableness (both in the factual and in the legal components of the case); and (4) the need in particular circumstances to advance considerations of compensation and deterrence.  *SunEarth, Inc.*, 839 F.3d at 1181 (quoting *Octane Fitness*, 572 U.S. at 554 n. 6).

---

[5] *Octane Fitness* involved the attorney fees provision in the Patent Act which are "parallel and identical" to the Lanham Act such that an interpretation of one provides guidance as to the interpretation of the other.  *SunEarth, Inc. v. Sun Earth Solar Power Co.,* 839 F.3d 1179, 1180 (9th Cir. 2016).

18cv967-GPC(MSB)

Here, SDCCU relies on four instances of the objective unreasonableness of CEFCU's conduct in litigation to argue that this is an exceptional case warranting an award of attorneys' fees.  (Dkt. No. 357-1 at 15.)

### a.    Re-Litigating Personal Jurisdiction and Subject Matter Jurisdiction

SDCCU argues that in nine separate motions, two trial briefs, and spending over an hour at trial, CEFCU has repeated the same rejected jurisdictional arguments the Court addressed early on in the litigation.  (Dkt. No. 357-1 at 6, 19-20.)  CEFCU explains that the circumstances warranted the filing of these issues on multiple occasions.  (Dkt. No. 368 at 16-20.)

### i.    Personal Jurisdiction

A motion to dismiss for lack of personal jurisdiction was first raised initially after the complaint was filed and then filed again right before trial.  (Dkt. Nos. 29, 289.)

On the initial motion to dismiss, the Court denied Defendant's motion to dismiss for lack of personal jurisdiction over the four claims for declaratory relief, including the remaining fourth cause of action.  (Dkt. No. 39.)  The Court explained that CEFCU's expansion by acquiring California-based Valley Credit Union and rebranding it as CEFCU, then increasing its presence by adding two additional branches and aggressively marketing its services and using its trademark in California demonstrated CEFCU expressly aimed its conduct to California and supported personal jurisdiction.  (*Id.* at 12-13.)  Moreover, the Court noted that the cancellation proceeding was prompted when one of its employees saw the SDCCU mark in southern California.  (*Id.* at 15-16.)

At trial, CEFCU filed another motion to dismiss for lack of personal jurisdiction over the fourth cause of action.[6]  (Dkt. No. 289.)  Yet, CEFCU did not present any

---

[6] CEFCU disingenuously argues that because the Court authorized CEFCU's filing of its duplicative motions to dismiss on personal jurisdiction and subject matter jurisdiction, it was reasonable.  (Dkt. Nos. 368 at 16-18.)  The Court typically allows the parties to file whatever motion they choose whether it has merit or not.  Here, the Court allowed the filing of the second motion to dismiss on personal jurisdiction

change in fact or law that could have altered the Court's prior analysis. It merely attempted to re-direct its personal jurisdiction challenge without providing any new information. At trial, the Court ruled that no facts had changed and while the cancellation proceedings were filed in Virginia, the acquisition of California-based Valley Credit Union and rebranding it as CEFCU and the increased aggressive marketing of CEFCU's services and use of its trademark in California demonstrated that there remain contacts that affect SDCCU in California. (Dkt. No. 337, Tr. Trans. at 6:1-11.) The Court denied CEFCU's second attempt to dismiss for lack of personal jurisdiction. (*Id.*)

Defendant argues that it was required to renew its personal jurisdiction defense after the answer was filed or else it would have risked waiver of the defense. (Dkt. No. 368 at 17.) Defendant misconstrues the ruling in *TDBBS LLC v. Ethical Prods. Inc*., No. CV-19-01312-PHX-SMB, 2019 WL 1242658, at *2 (D. Az. Mar. 18, 2019) which only concerned whether the defendant waived the personal jurisdiction defense through its conduct before the court where Defendant did not file a Rule 12 motion or an answer raising the defense. *Id.* at *1-2. Rule 12 provides that a defendant can waive the defense of personal jurisdiction by not raising it in a responsive pleading or in a motion to dismiss that precedes the pleading. Fed. R. Civ. P. 12(h)(1). Here, Defendant raised the issue of personal jurisdiction by way of its motion to dismiss; therefore, the issue was not waived.

Therefore, there was no reasonable basis for CEFCU to re-raise the personal jurisdiction issue at trial without providing any additional facts or legal authority that could have affected the Court's prior ruling on personal jurisdiction.

## ii. Subject Matter Jurisdiction

CEFCU filed two separate motions to dismiss before the responsive pleading was filed, an opposition to summary judgment motion, a motion to dismiss at trial, an

---

and subject matter jurisdiction at the motions in limine stage because it was among the many issues raised by CEFCU in its pretrial order. (*See* Dkt. No. 283-1 at 45-47.)

opposition to SDCCU's motion in limine, a trial brief and proposed findings of fact and conclusions of law that raised the same or similar arguments challenging the Court's subject matter jurisdiction.

Defendant initially raised the issue of the Court's subject matter jurisdiction on its motion to dismiss on August 13, 2018. (Dkt. No. 40.) On October 2, 2018, the Court denied Defendant's motion to dismiss for lack of subject matter jurisdiction. (Dkt. No. 47.) On the two-part test on whether the Court should exercise Declaratory Judgment Act ("DJA") jurisdiction, it concluded 1) there was an actual case or controversy because the petition for cancellation alleges elements to support a cause of action for trademark infringement and SDCCU had a real and reasonable apprehension that it would be subject to an infringement action, *(id.* at 13); and 2) based on the prudential factors under *Brillhart v. Excess Ins. Co.,* 316 U.S. 491 (1942) and *Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir. 1998), the Court concluded that it would retain jurisdiction over the DJA claims because the TTAB is limited to deciding registration/cancellation issues, and because this case involves trademark non-infringement and invalidity claims, the declaratory action was preferable over a TTAB for addressing all aspects of the controversy between the parties. (Dkt. No. 47 at 14.)

On October 26, 2018, CEFCU then filed another motion to dismiss for lack of subject matter jurisdiction along with other issues. (Dkt. No. 49.) On February 5, 2019, the Court denied dismissal for lack of subject matter jurisdiction relying on its prior reasoning on DJA jurisdiction because the factual allegations in the FAC were the same as the initial complaint. (Dkt. No. 55 at 7.) The Court concludes CEFCU's filing of this motion to dismiss to be unreasonable.

At summary judgment, Defendant raised the issue again in its opposition to Plaintiff's motion for summary judgment on the first two causes of action for declaratory relief asking the Court to deny SDCCU's motion for lack of any imminently threatened suit for infringement constituting injury-in-fact because discovery had shown that SDCCU could not have a real and reasonable fear that it will be subject to an

infringement suit.  (Dkt. No. 191 at 10-20.)  CEFCU spent a large bulk of its brief on this issue.  (*Id.*)  On September 29, 2020, the Court granted Plaintiff's motion for summary judgment on the first and second causes of action for declaratory judgment on non-infringement of the trademark and common law mark as unopposed.  (Dkt. No, 259.)  The Court also addressed CEFCU's subject matter jurisdiction argument based on the voluntary cessation doctrine under *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).  (Dkt. No. 259 at 8-9.)  The Court noted that CEFCU had not demonstrated that circumstances had changed since the filing of the complaint.  (*Id.* at 10.)  Relying on *Already*, the Court concluded that CEFCU had not demonstrated changed circumstances that the real and reasonable fear had become moot or that it is absolutely clear that the allegedly wrongful conduct could not reasonably be expected to recur in the future.  (*Id.* at 10.)  Because CEFCU's argument on subject matter jurisdiction was distinct from the motion to dismiss, the Court concludes it was not unreasonable for CEFCU to raise this in its opposition to the summary judgment motion.

During motions in limine, CEFCU filed a motion to dismiss for lack of subject matter jurisdiction.  (Dkt. No. 289-1.)  It argued that there was no imminently threatened claim for alleged infringement to support jurisdiction of this Court because the Court granted SDCCU's motion for summary judgment on the two claims seeking declaratory judgment of non-infringement.  (Dkt. No. 289-1.)  Yet, in its motion, CEFCU did not present any change in law or facts in the underlying TTAB proceeding to alter the Court's analysis on declaratory judgment jurisdiction.  At trial, the Court ruled that it was prepared "for a third time, [to] confirm its earlier decisions, finding that there is an actual case or a controversy again for the same reasons, that there are still proceedings before the TTAB for cancellation and that the petition alleged elements to support a cause of action for trademark infringement.  SDCCU today, as it did back in 2018, has a real and reasonable apprehension that it will be subject to an infringement action down the line."  (Dkt. No. 337, Tr. Transcript at 4:17-24.)  The Court specifically noted that the issue of personal jurisdiction and subject matter jurisdiction raised by CEFCU were not new and

had been addressed on prior occasions.  (Dkt. No. 337, Tr. Transcript at 6:12-16.) Therefore, the Court concludes that the motion to dismiss was unnecessarily and unreasonably filed.

In a motion in limine, SDCCU moved to exclude testimony of SDCCU's executives and employees as they lacked any knowledge of the issues to be tried.  (Dkt. No. 285.)  In response, CEFCU argues that their testimonies were relevant to the issue of subject matter jurisdiction.  (Dkt. No. 319.)  The Court denied the motion as moot because the Court denied CEFCU's motion to dismiss for lack of subject matter jurisdiction.  (Dkt. No. 337, Tr. Transcript at 31:22-32:2.)  CEFCU's attempt to question SDCCU's executive and employees at trial to support its jurisdictional argument which necessitated a motion in limine by SDCCU was unreasonable.

While subject matter jurisdiction must be maintained throughout the litigation and may be raised throughout the litigation, in sum, the Court finds that CEFCU's raising of the subject matter jurisdiction issue in its third motion to dismiss, (Dkt. No. 49), its motion to dismiss at trial, (Dkt. No. 289), opposition to SDCCU's motion in limine, (Dkt. No. 285, 319), and its proposed findings of fact and conclusions of law, (Dkt. Nos. 330, 331), and trial briefs (Dkt. Nos 301, 302), were objectively unreasonable and make this case exceptional.  *See San Diego Comic Convention v. Dan Farr Prods*., 807 F. App'x 674, 676 (9th Cir. 2020) ("The court focused on the 'unreasonable manner' in which Defendants litigated the case . . . highlighting Defendants' failure to comply with court rules, persistent desire to re-litigate issues already decided, advocacy that veered into 'gamesmanship,' and unreasonable responses to the litigation.").

### b.   Frivolously Forcing SDCCU to Litigate the Merits of Non-Infringement Through Summary Judgment

SDCCU argues that CEFCU's denial of SDCCU's allegations of non-infringement which it maintained through summary judgment despite failing to produce any evidence to give it a good faith basis to maintain its denials was unreasonable and wasted SDCCU's significant resources.  (Dkt. No. 357-1 at 20-22.)  In fact, on April 4, 2020,

1   SDCCU asked CEFCU to stipulate to a judgment of non-infringement to avoid

2   unnecessary motion practice but CEFCU rejected the offer.  (Dkt. No. 357-4, Salen Decl.,

3   Ex. 1.)  CEFCU contends it did not frivolously deny allegations of non-infringement and

4   did not force SDCCU to litigate the non-infringement issues.  (Dkt. No. 368 at 20-22.)

5   CEFCU explains it did not consent to a stipulation of judgment offered by SDCCU

6   because it required CEFCU to waive its jurisdictional defense.  (*Id.* at 11.)

7        [W]here a party has set forth some good faith argument in favor of its position, it

8   will generally not be found to have advanced 'exceptionally meritless' claims." *Intex*

9   *Recreation Corp. v. Team Worldwide Corp.*, 77 F. Supp. 3d 212, 216-17 (D.C. Cir. 2015)

10  (citation omitted).  SDCCU has not presented any evidence that CEFCU's initial denials

11  were frivolous or untrue.  Moreover, CEFCU's decision not to stipulate to a judgment

12  waiving its jurisdictional argument is not unreasonable.  Further, while SDCCU argues

13  that CEFCU forced it to file a costly motion, the summary judgment motion on the first

14  two causes of action only spanned two and a half pages out of the twenty-five page brief.

15  (Dkt. No. 161-1 at 14-17.)  Therefore, the motion as it related to subject matter

16  jurisdiction was not costly.  The Court concludes that CEFCU's conduct concerning

17  SDCCU's first two causes of action was not unreasonable,

18        **c.    CEFCU's Discovery Abuses**

19       SDCCU maintains that CEFCU engaged in a three-month harassment campaign

20  against it and its trial counsel by improperly seeking to depose SDCCU's litigation

21  counsel and discover privileged and irrelevant information concerning its production of

22  an irrelevant trademark search report that was produced shortly after it was discovered by

23  counsel.  (Dkt. No. 357-1 at 23-25.)  CEFCU disagrees asserting that it was substantially

24  justified as already determined by Magistrate Judge Berg in moving to compel production

25  of a privileged email between SDCCU and its counsel to see if counsel was potentially

26  involved in any misconduct relying on a theory of implied waiver of privilege.  (Dkt. No.

27  368 at 22-23.)

28

First, the Court notes that the documents in the record to support SDCCU's argument have either been stricken or withdrawn and are not part of the record.  (Dkt. No. 357-1 at 24 (citing Dkt. Nos. 78, 98).)  Second, the Court was not involved and is not familiar with this several months long discovery dispute.  Third, on December 11, 2019, Magistrate Judge Berg carefully considered the parties' dispute and denied Defendant's motion to compel.  (Dkt. No. 104.)  The Court concluded that the disputed January 26, 2011 e-mail is protected by the attorney-client privilege and the privilege had not been waived.  (*Id.* at 3.)  On the request for sanctions of attorneys' fee, the Magistrate Judge declined to impose sanctions because he found that "each party's position with respect to the instant discovery dispute was substantially justified."  (*Id.* at 4.)  Plaintiff did not appeal the Magistrate Judge's order.  Therefore, because the Magistrate Judge already determined that the dispute was substantially justified, the Court similarly concludes that CEFCU's discovery conduct was not exceptional.

### d.    Use of Survey Expert Dr. On Amir

SDCCU argues that CEFCU's use of the testimony and survey evidence of its expert, Dr. On Amir, for purposes of demonstrating "secondary meaning" even though the purpose of the survey was to test confusion and was attorney created was unreasonable and wasted the time and resources of SDCCU and the Court.  (Dkt. No. 357-1 at 25-26.)  By presenting Dr. Amir's survey, SDCCU had to retain two rebuttal expert witnesses, Dr. Simonson and Dr. Nowlis and the three expert witnesses made up three quarters of the entire trial causing the trial to be unnecessarily extended to a second day.  (*Id.*)  CEFCU disagrees and contends that ad hominem attacks on the integrity of Dr. Amir and defense counsel are inappropriate, unsupported and without merit.  (Dkt. No. 368 at 24-26.)  It explains that Dr. Amir's survey is similar to the survey instrument used by Dr. Leon B. Kaplan in the cancellation proceeding and is Dr. Amir's own work and not an attorney-designed survey.  (*Id.* at 25.)

In the Court's Memorandum Decision, after discussing the numerous issues with the reliability of Dr. Amir's testimony and report, the Court ultimately put "little or

minimal weight on Dr. Amir's expert opinion for purposes of secondary meaning. *San Diego Cnty. Credit Union*, 2021 WL 2104969, at *16-20.  However, the Court recognized that survey evidence on secondary meaning and likelihood of confusion may overlap and it depends on the format of the survey.  *Id*. at *16 (quoting *Parks LLC v. Tyson Foods, Inc*., 863 F.3d 220, 234 (3d Cir. 2017)).  Therefore, despite the numerous flaws in Dr. Amir's methodology and because CEFCU did not have any other expert that addressed secondary meaning, it was not unreasonable for it to repurpose Dr. Amir's survey evidence to support secondary meaning.  Therefore, the Court concludes that use of Dr. Amir's survey evidence to demonstrate secondary meaning was not objectively unreasonable.

In sum, the Court concludes the case is exceptional only as to relates to CEFCU's repeated attempts to re-litigate issues of personal jurisdiction and subject matter jurisdiction it already ruled upon.

### 3.    Request to Defer Ruling

CEFCU asks the Court to defer ruling on SDCCU's motion for attorneys' fees because both parties filed notices of appeal to the Ninth Circuit and any ruling by the Ninth Circuit could change the outcome on the attorneys' fee motion.  (Dkt. Nos. 363, 364.)

The Advisory Committee Notes to the 1993 Amendments state, "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision(d)(2)(B) a new period for filing after the appeal has been resolved."  Fed. R. Civ. P. 54(d), Advisory Committee Notes on 1993 Amendments.  It also suggests that in "many nonjury cases the court will want to consider attorneys' fee issues immediately after rendering its judgment on the merits of the case."  *Id.*  "Prompt filing affords an opportunity for the court to resolve the disputes shortly after trial, while the services performed are freshly in mind.  It also enables the court in appropriate circumstances to

make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case." *Id.*

In this case, the Court recently conducted a bench trial, and is intimately familiar with the case. Because the conduct of the parties is still fresh in the Court's mind, it DENIES CEFCU's request to defer ruling on the motion.

### 4.   CEFCU's Request to Make Adversary Submissions

Finally, in the event the Court grants SDCCU's motion for fees, CEFCU seeks the opportunity to make adversary submissions under Rule 54(d)(2)(C) concerning the factual assertions made in SDCCU's motion and the equity of SDCCU's motion in view of its own apparent willful misuse of confidential discovery material in violation of the protective order, or unclean hands, in the cancellation proceedings. (Dkt. No. 368 at 28-29.) SDCCU objects arguing that CEFCU already had the opportunity to fully respond and additionally it failed to produce any evidence of SDCCU's unclean hands throughout the entire case, waived its argument by stipulating that the parties can use any information produced in the cancellation proceeding in this case and asserting that it was CEFCU that violated the protective order.[7] (Dkt. No. 372 at 12.)

Rule 54(d)(2)(C) provides that "[s]ubject to Rule 23(h), the court must, on a party's request, give an opportunity for adversary submissions on the motion in accordance with Rule 43(c)[8] or 78[9]." Fed. R. Civ. P. 54(d)(2)(C).

Here, SDCCU's motion does not rely on facts outside the record in support of its motion for attorney fees. The Court in partially granting the motion does not rely on facts outside of the record. CEFCU has been given and taken the opportunity to respond

---

[7] SDCCU argues that Rule 54(d)(2)(C) only applies to class actions under Rule 23(h). However, the Advisory Committee Notes for this section relating to the 2007 Amendment recognizes that Rule 23(h) "now addresses objections by class members to attorney-fee motions". Fed. R. Civ. P. 54(d)(2)(C) Advisory Committee Notes on 2007 Amendment. Therefore, Rule 54(d)(2)(C) is not limited to class actions.

[8] Rule 43(c) states that "[w]hen a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions." Fed. R. Civ. P. 43(c).

[9] Rule 78 provides for motion hearings and submissions on the briefs. Fed. R. Civ. P. 78.

to the motion for attorneys' fees and has attached supporting exhibits.  There is no indication why CEFCU did not provide any documents or specific arguments in its opposition concerning any alleged unclean hands by SDCCU.  Such information is not new and has been in possession of CEFCU for some time.  In fact, when CEFCU attempted to belatedly admit such evidence at trial, the Court denied CEFCU's request because it was not on the exhibit list and had not been provided for the Court's review. (Dkt. No. 349, Tr. Transcript at 27-30.)  Given this record, the Court finds that it has complied with the requirements of Rule 43(c) and Rule 78.

Accordingly, the Court DENIES CEFCU's motion to make further adversary submissions under Rule 54 as it has been given the opportunity to present opposing arguments and evidence.  *See Jones v. United Servs. Auto. Assoc. Casualty Ins. Co*., Case No. CIV-17-1324-G, 2019 WL 1089105, at *1 (W.D. Okla. Mar. 6, 2019) (denying discovery or hearing where parties already had opportunity to submit adversary submissions).

### 5.    Supplemental Briefing

CEFCU argues and the Court agrees that a "sanctioning court must determine which fees were incurred because of, and solely because of, the misconduct at issue. . . ." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1193 (2017).  Moreover, under § 1117(a) "awards are 'never automatic and may be limited by equitable considerations.'" *Rolex Watch, U.S.A., Inc. v. Michel Co*., 179 F.3d 704, 711 (9th Cir. 1999) (quoting *Intel Corp. v. Terabyte Int'l, Inc.,* 6 F.3d 614, 620 (9th Cir. 1993)).  Here, CEFCU unreasonably relitigated the issue of personal jurisdiction and subject matter jurisdiction which unnecessarily lengthened the briefing in the case causing SDCCU as well as the Court to expend unnecessary resources to address these repeated failed arguments.  Therefore, any supplemental briefing by SDCCU shall be limited to fees that were incurred based on the re-litigation of these issues as outlined in the Order above.

/ / /

/ / /

1

**Conclusion**

2          Based on the above, the Court GRANTS in part SDCCU's motion for attorneys'

3   fees pursuant to 15 U.S.C. § 1117(a).  SDCCU shall file a supplemental brief and

4   supporting documentation in accordance with this Order on or before **September 17,**

5   **2021**.  CEFCU may file a response on or before **October 1, 2021**.  SDCCU may file a

6   reply on or before **October 8, 2021**.

7          IT IS SO ORDERED.

8   Dated:  August 26, 2021

9                                        Hon. Gonzalo P. Curiel

10                                       United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18cv967-GPC(MSB)