UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COUNTY CREDIT UNION,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CITIZENS EQUITY FIRST CREDIT UNION,<br><br>　　　　　　　　Defendant. | Case No.: 18cv967-GPC(MSB)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO RE-TAX COSTS**<br><br>**[Dkt. No. 371.]** |

　　　Before the Court is Defendant's motion to re-tax bill of costs. (Dkt. No. 371.) Plaintiff filed an opposition and Defendant replied. (Dkt. Nos. 382, 383.) For the reasons stated below, the Court GRANTS in part Defendant's motion.

**Background**

　　　On May 16, 2018, Plaintiff San Diego County Credit Union ("SDCCU") filed a complaint against Defendant Citizens Equity First Credit Union ("CEFCU") alleging eight causes of action: 1) declaratory judgment of non-infringement of federally registered trademark for "CEFCU. NOT A BANK. BETTER."; 2) declaratory judgment of non-infringement of common law mark "NOT A BANK. BETTER."; 3) declaratory judgment for invalidity of federally registered trademark for "CEFCU. NOT A BANK.

BETTER."; 4) declaratory judgment for invalidity of common law mark "NOT A BANK. BETTER."; 5) false or fraudulent trademark registration under 15 U.S.C. § 1120; 6) unfair competition under 15 U.S.C. § 1125; 7) unfair competition under California Business and Professions Code sections 17200 *et seq;* and 8) unfair competition under California common law.  (Dkt. No. 1. Compl.)  Defendant filed a counterclaim for cancellation of SDCCU's registered trademark.  (Dkt. Nos. 56, 74.)

The case was vigorously litigated.  There were three motions to dismiss, a motion for judgment on the pleadings, cross motions for summary judgment, as well as *Daubert* motions and a bench trial.  On SDCCU's original complaint, summary judgment was entered in favor of Plaintiff on the first two causes of action, the third cause of action was jointly dismissed, judgment pursuant to a bench Memorandum Decision was entered in favor of Plaintiff on the fourth cause of action, summary judgment was entered in favor of Defendant on the fifth cause of action, the sixth cause of action was dismissed for failure to state a claim, and the seventh and eighth causes of action were dismissed as unopposed.  (Dkt. Nos. 39, 47, 55, 134, 256, 259, 277, 353.)  The Court *sua sponte* dismissed the counterclaim for lack of subject matter jurisdiction.  (Dkt. No. 259.)

On June 8, 2021, Plaintiff filed a motion for attorneys' fees arguing this is an exceptional case under 15 U.S.C. § 1117.  (Dkt. No. 357.)  After full briefing, the Court granted in part SDCCU's motion.  (Dkt. No. 381.)  In the order, the Court found that SDCCU is the prevailing party and concluded that the case is exceptional as to CEFCU's repeated litigation of personal jurisdiction and subject matter jurisdiction throughout this case.  (*Id*. at 7-10, 13-16.)

On June 8, 2021, Plaintiff also submitted its bill of costs in the amount of $41,286.58.  (Dkt. No. 356.)  Defendant filed an objection on June 24, 2021.  (Dkt. No. 367.)  A hearing before the Clerk of Court was held on June 29, 2021.  (*See* Dkt. No. 369.)  On July 13, 2021, the Clerk of Court issued an order taxing costs in favor of SDCCU in the amount of $40,536.58.  (Dkt. No. 369.)  On July 20, 2021, CEFCU timely filed its motion to re-tax costs which is fully briefed.  (Dkt. Nos. 371, 382, 383.)

**Discussion**

CEFCU asks the Court to exercise its discretion and vacate the Clerk's order granting SDCCU's bill of costs and require each party to bear its own costs. (Dkt. No. 371.) SDCCU opposes arguing that it is the prevailing party, as the Court concluded in the order on attorneys' fees, and is entitled to costs. (Dkt. No. 382.)

Federal Rule of Civil Procedure ("Rule") 54(d)(1) provides that unless "a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). While "[t]he clerk may tax costs on 14 days' notice[,] . . . [o]n motion served within the next 7 days, the court may review the clerk's action." *Id.*

Rule 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. California,* 231 F.3d 572, 591 (9th Cir. 2000) (*en banc*). Proper grounds for denying costs include "(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) 'the chilling effect of imposing . . . high costs on future civil rights litigants,' " as well as (4) whether "the issues in the case were close and difficult"; (5) whether "the prevailing party's recovery was nominal or partial"; (6) whether "the losing party litigated in good faith"; and (7) whether "the case presented a landmark issue of national importance." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (citing *Ass'n of Mexican-American Educators*, 231 F.3d at 592 & n. 15). "In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996); *see also Tubbs v. Sacramento Cnty. Jail*, 258 F.R.D. 657, 659 (E.D. Cal. 2009); *Endurance Am. Specialty Ins. Co. v. Lance–Kashian & Co.,* Civ. No. 1:10–1284 LJO DLB, 2011 WL 6012213, at *2 (E.D. Cal. Dec. 1, 2011) ("Given the mixed judgment and good faith dispute over difficult issues, an award of costs is unwarranted and each side is to bear its respective costs."); *Postx Corp.v. Secure Data In Motion, Inc.,* No. C 02–04483 SI, 2006 WL 2067080, *2

(N.D. Cal. July 24, 2006) (denying Plaintiff's bill of cost where the plaintiff only prevailed on one of the four claims and both parties should bear own costs).

Here, while the Court found that SDCCU was the prevailing party for purposes of the attorneys' fee award under 15 U.S.C. § 1117, it did not prevail on several claims; therefore, the judgment was mixed with both sides prevailing on certain issues. Further, the issues in the case were complex and difficult. However, the Court found that the case was exceptional under 15 U.S.C. § 1117 due to CEFCU's repeated attempts to re-litigate the issue of personal jurisdiction and subject matter jurisdiction; therefore, CEFCU did not litigate in good faith. Accordingly, the Court exercises its discretion and partially grants Defendant's motion to re-tax costs in favor of SDCCU in the amount of $10,134.145.

## Conclusion

Based on the above, the Court GRANTS in part Defendant's motion to re-tax costs in favor of SDCCU in the amount of $10,134.145. The hearing set on September 17, 2021 shall be **vacated**.

IT IS SO ORDERED.

Dated: September 9, 2021

Hon. Gonzalo P. Curiel
United States District Judge