UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COUNTY CREDIT UNION,<br><br>                             Plaintiff,<br><br>v.<br><br>CITIZENS EQUITY FIRST CREDIT UNION,<br><br>                             Defendant. | Case No.:  18cv967-GPC(RBB)<br><br>**ORDER DIRECTING SDCCU TO PROVIDE SECOND SUPPLEMENTAL DECLARATION** |

In the supplemental briefing on SDCCU's motion for attorneys' fees, CEFCU objects to the declaration of Jesse Salen arguing he has no personal knowledge of what amount of time each attorney devoted to the tasks identified in the billing record and no evidence to support the apportionment for certain entries.  (Dkt. No. 386 at 9-10, 16.) SDCCU responds that it has provided admissible evidence based on its billing records. (Dkt. No. 390 at 4 (citing *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) ("[T]o determine whether attorneys for the prevailing party could have reasonably billed the hours they claim to their private clients, the district court should begin with the billing records the prevailing party has submitted.").)

Mr. Salen provides a declaration stating that he has attached a redacted copy of the invoices for professional services charged to SDCCU, (Dkt. No. 385-2, Salen Decl. ¶ 6), yet provides no foundation or admissibility for the underlying invoices or billing records. *See Padgett v. Loventhal*, No. C 04-03946 JW, 2007 WL 3071031, at *1 (N.D. Cal. Oct. 19, 2007) ("bills and invoices from an attorney are business records within the meaning [of Federal] Rule [of Evidence] 803(6) and are admissible by a party to prove that party's attorney fees.") (*citing MRT Const. Inc. v. Hardrives, Inc.,* 158 F.3d 478 (9th Cir. 1998)). To the extent that SDCCU can provide such information, it shall file a supplemental declaration on or before **December 2, 2021**.

IT IS SO ORDERED.

Dated: November 30, 2021

Hon. Gonzalo P. Curiel
United States District Judge