UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COUNTY CREDIT UNION,<br><br>                           Plaintiff,<br>v.<br>CITIZENS EQUITY FIRST CREDIT UNION,<br><br>                          Defendant. | Case No.:  18cv967-GPC(MSB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES**<br><br>**[Dkt. Nos. 413, 414.]** |

On April 21, 2023, the Ninth Circuit affirmed in part, vacated in part and remanded the case with instructions for further proceedings.[1] *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1037 (9th Cir. 2023). In part, the Ninth Circuit vacated the Court's bench order on the fourth count for declaratory judgment of invalidity of Defendant's common law mark for lack of Article III subject matter jurisdiction. *Id.* On November 3, 2023, pursuant to the Ninth Circuit directive,

---

[1] A petition for a writ of certiorari was filed with the United States Supreme Court on July 20, 2023. (Dkt. No. 417.) On October 2, 2023, the Supreme Court denied the petition for a writ of certiorari. (Dkt. No. 425.)

1

the Court dismissed the fourth count of the second amended complaint and an amended Clerk's Judgment was filed. (Dkt. Nos. 426, 427.)

Because this Court's decision to award attorneys' fees under 15 U.S.C. § 1117 was due, in part, to Plaintiff's success on the fourth count, which has been vacated and dismissed, the Ninth Circuit remanded the case for the Court to "reassess its exceptional-case and prevailing-party determinations, and if necessary, revisit the amount of its fee award." *San Diego Cnty. Credit Union*, 65 F.4th at 1037.

On remand, Plaintiff as well as Defendant filed motions for attorneys' fees pursuant to the Lanham Act, 15 U.S.C. § 1117. (Dkt. Nos. 413, 414.) Oppositions and replies were filed. (Dkt. Nos. 415, 416, 421, 422.) The Court finds that the matter is appropriate for decision without oral argument pursuant to Local Civ. R. 7.1(d)(1). Based on the reasoning below, the Court DENIES both parties' motions for attorneys' fees.

## Background

On May 16, 2018, Plaintiff San Diego County Credit Union ("SDCCU") filed a complaint against Defendant Citizens Equity First Credit Union ("CEFCU") alleging eight causes of action for: 1) declaratory judgment of non-infringement of federally registered trademark for "CEFCU. NOT A BANK. BETTER."; 2) declaratory judgment of non-infringement of common law mark "NOT A BANK. BETTER."; 3) declaratory judgment for invalidity of federally registered trademark for "CEFCU. NOT A BANK. BETTER."; 4) declaratory judgment for invalidity of common law mark "NOT A BANK. BETTER."; 5) false or fraudulent trademark registration under 15 U.S.C. § 1120; 6) unfair competition under 15 U.S.C. § 1125; 7) unfair competition under California Business and Professions Code sections 17200 *et seq;* and 8) unfair competition under California common law. (Dkt. No. 1. Compl.)

On June 21, 2018, Defendant filed a motion for dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), which the Court denied on July 31, 2018. (Dkt. Nos. 29, 39.) On August 13, 2018, Defendant filed

a second motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) on the first four causes of action for declaratory relief and for failure to state a claim under Rule 12(b)(6) on the remaining four causes of action.  (Dkt. No. 40.)  On October 2, 2018, the Court denied the motion to dismiss for lack of subject matter jurisdiction, granted the motion to dismiss the fifth and sixth causes of action with leave to amend and granted dismissal of the seventh and eight causes of action as unopposed.  (Dkt. No. 47.)

On October 12, 2018, Plaintiff filed a first amended complaint ("FAC") alleging the same initial six causes of action with additional factual allegations.  (Dkt. No. 48.)  On October 26, 2018, Defendant filed a third motion to dismiss the first four causes of action for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim on the fifth and sixth causes of action under Rule 12(b)(6).  (Dkt. No. 49.)  On February 5, 2019, the Court denied Defendant's motion to dismiss for lack of subject matter jurisdiction relying on its prior ruling of October 2, 2018, (Dkt. No. 47), denied Defendant's motion to dismiss the fifth cause of action for false/fraudulent registration of trademark under 15 U.S.C. § 1120 and granted dismissal of the sixth cause of action for unfair competition under 15 U.S.C. § 1125 for failure to state a claim.  (Dkt. No. 55.)  Defendant filed its answer on February 19, 2019, and a counterclaim for cancellation of SDCCU's '596 trademark registration.  (Dkt. No. 56.)  Pursuant to an unopposed motion, Defendant filed an amended answer and counterclaim on August 6, 2019.  (Dkt. No. 74.)

On February 28, 2020, Defendant filed a motion for judgment on the pleadings under Rule 12(c) seeking to dismiss the fifth cause of action as barred by the three-year statute of limitations.  (Dkt. No. 118.)  On April 14, 2020, the Court granted Defendant's motion for judgment on the pleadings with leave to amend.  (Dkt. No. 134.)  On April 23, 2020, Plaintiff filed the operative second amended complaint ("SAC") alleging the same initial five causes of action.  (Dkt. No. 139.)  On May 7, 2020, Defendant filed its answer and counterclaim.  (Dkt. No. 141.)  The counterclaims sought cancellation of SDCCU's

'596 registration of its trademark. (*Id.* at 11-14.[2]) On May 28, 2020, Plaintiff filed its answer to the counterclaim. (Dkt. No. 174.)

On May 18, 2020, Defendant filed a motion for summary judgment on the fifth cause of action and Plaintiff filed its motion for summary judgment on the first and second causes of action for declaratory judgment of non-infringement of Defendant's registered trademark, CEFCU. NOT A BANK. BETTER, and common law mark, NOT A BANK. BETTER as well as on CEFCU's counterclaim for cancellation of SDCCU's registered Mark.[3] (Dkt. Nos. 152, 161.) On September 29, 2020, the Court granted Defendant's motion for summary judgment on the fifth cause of action for false or fraudulent trademark registration pursuant to 15 U.S.C. § 1120 and granted Plaintiff's motion for summary judgment on the first and second causes of action for declaratory judgment on non-infringement as unopposed and sua sponte dismissed CEFCU's counterclaim for lack of subject matter jurisdiction. (Dkt. Nos. 256, 259.) On January 5, 2021, the Court granted the parties' joint motion to dismiss the third cause of action with prejudice because it was premised on the fifth cause of action. (Dkt. Nos. 276, 277.) The fourth cause of action was the remaining claim left at the bench trial.

A bench trial was held, via Zoom, on March 30, 2021, and April 1, 2021 on the fourth cause of action for declaratory judgment of invalidity of CEFCU's common law mark, NOT A BANK. BETTER. (Dkt. Nos. 348, 349.) On May 25, 2021, the Court issued its Memorandum Decision and Order for Entry of Judgment in favor of Plaintiff SDCCU and against CEFCU on the fourth count for declaratory judgment seeking invalidity of CEFCU's common law mark, NOT A BANK. BETTER. (Dkt. No. 353.)

On August 26, 2021, the Court granted in part SDCCU's motion for attorney's fees concluding that, under 15 U.S.C. § 1117, SDCCU was the prevailing party because there was a material alteration in the legal relationship of the parties when it prevailed on its

---

[2] Page numbers are based on the CM/ECF pagination.
[3] Neither party moved for summary judgment on the third and fourth causes of action.

claims for declaratory judgment of non-infringement of CEFCU's registered mark and common law mark as well as declaratory judgment of invalidity of CEFCU's common law mark.  (Dkt. No. 381 at 8.)  The Court also concluded that the case was exceptional due to CEFCU's repeated attempts to re-litigate personal jurisdiction and subject matter jurisdiction throughout the litigation.  (*Id.* at 19.)  After receiving supplemental briefing on the amount of SDCCU's attorneys' fees, on December 2, 2021, the Court awarded $126,524.01 in attorneys' fees to SDCCU.  (Dkt. No. 397.)

On April 21, 2023, the Ninth Circuit held that at the pleading stage and at summary judgment, SDCCU had standing to pursue its declaratory judgment claims.  *San Diego Cnty. Credit Union*, 65 F.4th at 1025, 1028.  However, after the Court granted summary judgment on the first and second claims in favor of Plaintiff on declaratory relief of non-infringement of CEFCU's trademarks, it did not retain Article III standing to invalidate that mark.  *Id.* at 1030-32.  As such, the Ninth Circuit vacated the Court's judgment and remanded with instructions to dismiss count four of SDCCU's complaint for lack of Article III jurisdiction and "reassess its exceptional-case and prevailing-party determinations and, if necessary, revisit the amount of its fee award." *Id.* at 1037.  On November 3, 2023, the Court dismissed the fourth count of the second amended complaint for lack of Article III subject matter jurisdiction.  (Dkt. No. 426.)  The Court now reassesses the attorneys' fees issue based on both parties' motions for attorneys' fees.

## Discussion

### A.  Attorneys' Fees under 15 U.S.C. § 1117

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a).  The Court must determine whether SDCCU or CEFCU is a prevailing party and whether this is an exceptional case.  *See id.*; *see also Yeager v. Airbus Grp. SE,* Case No. 8:19-cv-01793-JLS-ADS, 2021 WL 3260624, at *3 (C.D. Cal. July 1, 2021) ("an award of fees under the Lanham Act requires a determination that the party seeking fees is the "prevailing

party"); *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd*., 839 F.3d 1179, 1181 (9th Cir. 2016) (courts must examine the "totality of the circumstances" in assessing if the case is exceptional).

      **1.     Prevailing Party**

In the prior attorneys' fees order, the Court held that SDCCU was the prevailing party because it had obtained court judgments in its favor on the first two causes of action for declaratory judgment of non-infringement of CEFCU's registered trademark and common law mark and on the fourth claim for declaratory judgment of invalidity of CEFCU's common law mark. (Dkt. No. 381 at 8.) The Court concluded that SDCCU achieved actual relief and a material alteration in the legal relationship that was "judicially sanctioned." (*Id.*)

On remand, SDCCU argues the Ninth Circuit's decision does not change the Court's prior finding that it was the prevailing party. (Dkt. No. 413-1 at 12-13.) It explains that the Ninth Circuit merely held the Court lacked Article III standing to proceed to trial on the invalidity claim because it was unnecessary or mooted since SDCCU had already prevailed with a judgment of non-infringement at summary judgment. (Dkt. No. 413-1 at 12-13.) SDCCU contends that the favorable summary judgment ruling of declarations of non-infringement of CEFCU's registered and common law trademarks resulted in a material alteration in the legal relationship because before the litigation, it had an apprehension of fear that it may be subject to litigation for infringement of CEFCU's trademarks and now it is no longer fearful because CEFCU can no longer sue for infringement.[4] (*Id.* at 14.)

---

[4] Alternatively, SDCCU summarily argues, in one sentence, that if the Court concludes it is no longer the prevailing party, the Court should grant its motion for attorneys' fees pursuant to the Court's inherent powers to impose sanctions due to CEFCU's "bad faith" and "frivolous" re-litigation of jurisdictional issues. (Dkt. No. 413-1 at 15-16.) CEFCU does not address this in its opposition and SDCCU does not raise it in the reply. The Court denies SDCCU's motion. First, SDCCU has not shown that the legal standard for imposing sanctions under the Court's inherent powers is the same or similar to demonstrating an exceptional case under the Lanham Act. *Compare SunEarth, Inc*. 829 F.3d

CEFCU maintains and responds that it is the prevailing party because it "won dismissal on the merits, with prejudice" on six[5] of SDCCU's claims against it concerning "unlawful," "unfair," or "fraudulent" conduct, final judgment on the third cause of action as well as prevailing on certain "Prayer[s] For Relief" sought in the second amended complaint.[6] (Dkt. No. 414-1 at 18-19; Dkt. No. 416 at 7-8.)

"Prevailing party" is defined as "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). "Prevailing party" in varying fee-shifting statutes are interpreted consistently. *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016) ("Congress has included the term 'prevailing party' in various fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner."); *Klamath Siskiyou Wildlands Ctr. v. United States Bureau of Land Mgmt.,* 589 F.3d 1027, 1030 (9th Cir. 2009) ("The term 'prevailing party,' in this as in other statutes, is a term of art that courts must interpret consistently throughout the United States Code."); *Breaking Code Silence v. Papciak*, Case No. 21-cv-00918-BAS-DEB, 2022 WL 4241733, at *2 n. 2 (S.D. Cal. Sept. 13, 2022) (applying *Buckhannon* to attorneys' fee motion under Lanham Act trademark infringement case).

A party prevails when it has achieved (1) a "material alteration in the legal relationship of the parties" that is (2) "judicially sanctioned." *Buckhannon Bd.*, 532 U.S.

---

at 1180) (exceptional case determination under the Lanham Act requires the Court to look at the substantive strength of a party's litigating position or the unreasonable manner in which the case was litigated) with *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 n. 10 (1991) (court may impose attorneys' fee sanctions under its inherent powers when a party has acted in bad faith, acted vexatiously, wantonly, or for oppressive reasons, delayed or disrupted litigation, or taken actions in the litigation for an improper purpose). Moreover, SDCCU has not demonstrated that the legal standard under the court's inherent powers have been met. *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (before awarding such sanctions, the court must make an express finding that the sanctioned party's behavior "constituted or was tantamount to bad faith.").

[5] CEFCU exaggerates stating that it prevailed on six counts by including re-pleaded counts five and six that were dismissed from prior complaints.

[6] In order to demonstrate CEFCU won on many fronts, it adds in the prayers for relief in the SAC as additional ways it prevailed. CEFCU has not provided any legal support for such an analysis.

at 604-05; *Klamath Siskiyou Wildlands Ctr..,* 589 F.3d at 1030 ("The material alteration and the judicial sanction are two separate requirements."). First, a "material alteration in the legal relationship" is prevailing in some of the relief, whatever its form, that the prevailing party sought. *Klamath Siskiyou Wildlands Ctr.,* 589 F.3d at 1030. Actual relief may be legal or equitable relief, including declaratory relief. *Id.* at 1031 & n. 3. Second, a party must secure either a judgment on the merits or a court-ordered consent decree. *Buckhannon Bd.*, 532 U.S. at 604-05 (noting requirement of "judicial imprimatur"); *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002) (two judicial outcomes for "prevailing party" status include (1) an enforceable judgment on the merits or (2) a court-ordered consent decree.).

Fifteen years later, the Supreme Court, addressing when a defendant may be considered a prevailing party, clarified "that a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." *CRST Van Expedited, Inc.,* 578 U.S. at 421 (reversing Eight Circuit ruling that denied attorneys' fees because the defendant did not win "on the merits"). The Ninth Circuit has also recognized that "a litigant can 'prevail' for the purposes of awarding attorney's fees as a result of judicial action other than a judgment on the merits or a consent decree (provided that such action has sufficient 'judicial imprimatur')." *Carbonell v. I.N.S.*, 429 F.3d 894, 899 (9th Cir. 2005). For instance, "a defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court." *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009). Whether a party is a "prevailing party" is a question of law. *San Diego Cnty. Credit Union*, 65 F.4th at 1033-34.

Further, the Ninth Circuit has applied the *Buckhannon* "prevailing party" standard to Rule 54's "prevailing party" analysis for costs. *Miles v. State of Cal.*, 320 F.3d 986, 989 (9th Cir. 2003) (applying *Buckhannon*'s material alteration test in assessing prevailing party status under Rule 54(d)); *see also Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101-02 (2d Cir. 2006) (stating that "a litigant who is a prevailing party for

purposes of attorney's fees is also the prevailing party for purposes of costs" and noting that several courts, including *Miles*, have applied *Buckhannon* to Rule 54(d) motions for costs).

In this case, the original complaint alleged eight causes of action seeking 1) declaratory judgment of non-infringement of CEFCU. NOT A BANK. BETTER.; 2) declaratory judgment of non-infringement of NOT A BANK. BETTER.; 3) declaratory judgment for invalidity of CEFCU. NOT A BANK. BETTER.; 4) declaratory judgment for invalidity of NOT A BANK. BETTER.; 5) false or fraudulent trademark registration under 15 U.S.C. § 1120; 6) unfair competition under 15 U.S.C. § 1125; 7) unfair competition under California Business & Professions Code section 17200 *et seq.*; and 8) unfair competition under common law. (Dkt. No. 1, Compl.) CEFCU also asserted a counterclaim seeking cancellation of SDCCU's '596 trademark registration. (Dkt. No. 141.)

On the first two causes of action, SDCCU prevailed on summary judgment. On the other hand, CEFCU prevailed on the third cause of action for invalidity of CEFCU's federally registered trademark as it was jointly dismissed with prejudice, *see Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997) (*abrogated on other grounds by Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572 (9th Cir. 2000) (voluntary dismissal with prejudice "sufficient to confer prevailing party status on the . . . defendants for those claims . . . [b]ecause a dismissal with prejudice is tantamount to a judgment on the merits"), and on the related fifth cause of action for false or fraudulent trademark registration as it was dismissed in favor of CEFCU on summary judgment, (Dkt. No. 256).

On the fourth count for declaratory judgment of invalidity of CEFCU's common law mark, CEFCU prevailed.

The Court in *CRST* explained,

> Plaintiffs and defendants come to court with different objectives. A plaintiff seeks a material alteration in the legal relationship between the parties. A

> defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor. The defendant, of course, might prefer a judgment vindicating its position regarding the substantive merits of the plaintiff's allegations. The defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason.

*CRST Van Expedited, Inc.*, 578 U.S. at 431.

The Ninth Circuit in *Amphastar Pharm., Inc. v. Aventis Pharma SA*, 856 F.3d 696, 710 (9th Cir. 2017), *superseded on other ground as stated in Silbersher v. Valeant Pharms. Int'l, Inc.*, 76 F.4th 843 (9th Cir. 2023), overruled its earlier holding in *Branson v. Nott,* 62 F.3d 287 (9th Cir. 1995) that "when a defendant wins because the action is dismissed for lack of subject matter jurisdiction he is never a prevailing party." *Id.*  In *Amphastar*, even though the defendant in the action did not win on the "merits," it had spent significant time, eight years, and resources, such as money and energy, fighting the lawsuit, and fees were awarded to deter future frivolous filings. *Id.*  In other words, "[c]ommon sense says that [the defendant] has won a significant victory and permanently changed the 'legal relationship of the parties.'" *Id.* (quoting *CRST*, 136 S. Ct. at 1646).

Similarly, in this case, CEFCU won a victory on appeal resulting in dismissal of the fourth count seeking invalidity of its common law mark for lack of subject matter jurisdiction.  As such, it prevailed by rebuffing Plaintiff's challenge to the validity of its common law mark.

Next, the Court concludes that CEFCU prevailed on the sixth claim for unfair competition under the Lanham Act because it was dismissed from the first amended complaint under Rule 12(b)(6).  (Dkt. No. 55 at 22).  Even though the Court did not explicitly dismiss with prejudice, it essentially barred Plaintiff from re-litigating the claim concluding that Plaintiff had failed to allege the ® symbol used in connection with CEFCU's common law mark concerned the "the nature, characteristics, qualities, or geographic origin" of CEFCU's credit union services, a required element to state a claim

for unfair competition under 15 U.S.C. § 1125. (*Id.* at 22.) Moreover, the Court concluded that SDCCU's claim that the use of the ® symbol with the CEFCU Mark presents a false advertising claim because it was fraudulently obtained was not proper but, instead, could be raised as a claim for false or fraudulent registration of a mark under 15 U.S.C. § 1120. (*Id.* at 20.) Plaintiff did not re-plead the sixth claim in the operative second amended complaint presumably because it could not, even with amendment, cure the deficiencies.

Further, CEFCU did not prevail on the seventh and eighth causes of action because SDCCU voluntary dismissed them without prejudice, (Dkt. No. 47). Because the dismissal was without prejudice, CEFCU may be subject to the risk of refiling on the seventh and eighth counts and there was no ruling on the merits; therefore, there was no alteration in the legal relationship of the parties. *See Cadkin,* 569 F.3d at 1149 (a district court's dismissal without prejudice and a party's voluntary dismissal of the claim without prejudice not sufficient to confer prevailing party status because there is no material alteration of the legal relationship of the parties because the plaintiff is not judicially precluded from refiling the claim); *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981-82 (9th Cir. 2008) (holding "dismissal without prejudice did not confer prevailing party status upon the defendant" as "dismissal without prejudice does not alter the legal relationship of the parties because the defendant remains subject to the risk of re-filing").

Finally, the Court sua sponte dismissed the counterclaim for lack of statutory standing, (Dkt. No. 259); therefore, SDCCU prevailed on this claim. *See Cadkin v. Bluestone*, 290 Fed. App'x 58, 59 (9th Cir. 2008) (granting award of fees under Copyright Act to defendant where the "Plaintiff did not have standing to bring the claim and he *knew* he did not have standing, yet brought the claim anyway.") (emphasis in original); *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 885, 889 (9th Cir. 1996) (affirming district court's conclusion that MPI did not have standing to pursue copyright claims and awarding attorneys' fees); *Alternative Pet. Techs. Holding*

1 *Corp. v. Grimes,* Case No. 3:20-cv-00040-MMD-CLB, 2022 WL 3718863, at *5 (D. Nev. July 25, 2022) (defendant was the prevailing party under Patent Act attorneys' fee provision based on dismissal for lack of standing). Therefore, SDCCU is deemed to have prevailed on the dismissal of the counterclaim for lack of statutory standing.

Ultimately, because both parties obtained significant victories in judicial decisions in each of their favors, the Court concludes that neither SDCCU or CEFCU is a prevailing party in this mixed judgment case. *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) (in the event of a mixed judgment, "it is within the discretion of a district court to require each party to bear its own costs"); *see also Univ. Accounting Serv., LLC v. Schulton*, Case No. 3:18-cv-1486-SI, 2020 WL 4053499, at *2 (D. Or. July 20, 2020) (denying costs where "it is unclear who is the 'prevailing party' as between UAS and ScholarChip," as "[b]oth won a portion of this lawsuit, and both lost a portion"); *Royal Palm Props., LLC v. Pink Palm Props., LLC,* 38 F.4th 1372, 1380 (11th Cir. 2022) (district court may find no prevailing party for purposes of costs and fees where there has been a split-judgment); *but see Shum v. Intel Corp*., 629 F.3d 1360, 1367 (Fed. Cir. 2010) ("For the purposes of costs and fees, there can be only one winner. A court must choose one, and only one, 'prevailing party' to receive any costs award.").

Both parties prevailed on substantive claims that affected the material legal relationship between the parties. SDCCU, who once had a reasonable apprehension of being sued for infringement is no longer fearful while CEFCU can now be rest assured that no claims can be raised as to whether it falsely or fraudulently registered its trademark and its trademark cannot be subject to being declared invalid for that reason. CEFCU also successfully rebutted SDCCU's unfair competition claim under the Lanham Act.

Further, both parties prevailed on judgments for lack of jurisdiction. CEFCU succeeded on the dismissal of the fourth count seeking declaration of invalidity of CEFCU's common law mark for lack of Article III subject matter jurisdiction while SDCCU won on the Court's sua sponte dismissal of the counterclaim seeking to cancel

its '596 trademark registration for lack of statutory jurisdiction. Therefore, because both parties achieved successes and failures, the Court concludes neither party is a prevailing party, and each party shall bear its own attorneys' fees. *See Amarel,* 102 F.3d at 1523; *see also East. Iowa Plastics, Inc.*, 832 F.3d at 907 ("Where the parties achieve a dead heat, we don't see how either can be declared the 'prevailing party.'").

Because neither party is a prevailing party, the Court need not address whether this is an exceptional case. *See Certified Nutraceuticals, Inc. v. Clorox Co.,* Case No.: 18-cv-00744 W (KSC), 2020 WL 818894, at *2 (S.D. Cal. Feb. 19, 2020) ("Because we have concluded the Individual Defendants are not the prevailing party, we need not discuss whether this case is an exceptional one pursuant to the Lanham Act."); *Diem LLC v. Bigcommerce, Inc.*, Case No. 18-cv-05978-SI, 2019 WL 1003356, at *3 (N.D. Cal. Mar. 1, 2019) ("Because BigCommerce is not the prevailing party, the Court need not reach whether the case is exceptional."). Therefore, the Court DENIES Plaintiff's and Defendant's motions for attorneys' fees.

## Conclusion

Based on the above, the Court DENIES both parties' motion for attorneys' fees under the Lanham Act, 15 U.S.C. § 1117.

IT IS SO ORDERED.

Dated:  November 14, 2023

Hon. Gonzalo P. Curiel
United States District Judge